# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAMERON GAMBLE** | * | **CIVIL ACTION NO.:** |
| | * | |
| Plaintiff, | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| | * | |
| **RENAISSANCE GROUP;** | * | |
| **RENAISSANCE GROUP, INC.;** | * | **MAGISTRATE JUDGE:** |
| **RENAISSANCE, INC.;** | * | |
| **CHARLIE LUSCO;** | * | |
| **JONAS ROBERTSON;** | * | |
| **PETER TRAIGLE;** | * | |
| **LANE FRANKS; AND** | * | |
| **RICHARD HOFFMAN** | * | |
| | * | |
| Defendants. | * | |

_____

## NOTICE OF REMOVAL
_____

**PLEASE TAKE NOTICE** that defendant, Charlie Lusco ("Lusco"), appearing through

undersigned counsel for the limited purpose of filing this Notice of Removal and with a full

reservation of all rights, including all defenses permitted by Fed. R. Civ. Proc. Rule 12 and all

other jurisdictional, procedural, service, and venue defenses as well as defenses to the merits of

this action, respectfully states as follows in support of removal:

1.      On April 17, 2019, plaintiff, Cameron Gamble ("Gamble"), filed the instant civil

action in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana,

entitled "*Cameron Gamble v. Renaissance Group, Renaissance Group, Inc., Renaissance, Inc.,*

*Charlie Lusco, Jonas Robertson, Peter Traigle, Lane Franks, and Richard Hoffman*," Docket

No. 2019-0001190, Division D ("State Court Proceeding").  A copy of the complete state court

1

record, including all process, pleadings, and discovery issued with the petition is attached in accordance with 28 U.S.C. § 1446(a) as Exhibit "A" (*in globo*) hereto.

2.      The state court petition names eight defendants: (1) Renaissance Group; (2) Renaissance Group, Inc.; (3) Renaissance, Inc. (collectively, the "Renaissance Entities"); (4) Charlie Lusco; (5) Jonas Robertson ("Robertson"); (6) Peter Traigle ("Traigle"); (7) Lane Franks ("Franks"); and (8) Richard Hoffman ("Hoffman").

3.      On April 23, 2019, Lusco and Robertson were served with the petition.[1]  Lusco was served in his individual capacity only.[2]  Robertson was served in his individual capacity[3] and as a purported corporate representative of the Renaissance Entities.[4]  Service has not been made on Peter Traigle (attempted service three times but failed[5]), Lane Franks (via long-arm service; no affidavit of service in the record[6]), nor Richard Hoffman (via long-arm service; no affidavit of service in the record[7]) as of the date of this filing.  Attached hereto are the consents to removal by Robertson (1) in his individual capacity and (2) as the purported officer of the Renaissance Entities (said consents are submitted without waiver of any defenses by Robertson to service, venue, jurisdiction or any other defense as permitted by law) as Exhibit "B" (*in globo*).

4.      This Notice of Removal is timely because it is being filed within 30 days of Lusco being served with the petition in the State Court Proceeding, as required by 28 U.S.C. §1446(b)(1).  This matter is removable on the face of the petition, for the reasons set forth below.

---

[1] *See* State Court Proceeding, Exhibit "A" at pp. 17-19 (Lusco) and 20 (Robertson).
[2] Exhibit A at pp. 17-19.
[3] Exhibit A at p. 20.
[4] *See* Exhibit A at pp. 12 (Renaissance Group), 14 (Renaissance Group, Inc.), 16 (Renaissance Inc.) and 20 (Robertson). Out of an abundance of caution, Robertson and Lusco hereby reserve all defenses relating to jurisdiction, service of process, venue, and any other defenses that may be available to them pursuant to the Louisiana Code of Civil Procedure and/or the Federal Rules of Civil Procedure. As described further in Paragraph 8 below, none of the Renaissance Entities were formed or organized in the State of Louisiana. Upon information and belief, these entities were organized and formed in Liberia, West Africa. The Louisiana Secretary of State's website does not show any of the defendant-Renaissance Entities as formed or registered to do business in Louisiana.
[5] Exhibit A at p. 22.
[6] Exhibit A at p. 23.
[7] Exhibit A at p. 24.

5.      The basis for removal is appropriate pursuant to 28 U.S.C. 1332(a)(2) because (1) the plaintiff and defendants are citizens of different states and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.

### DIVERSITY JURISDICTION: DIVERSITY EXISTS

6.      Plaintiff, Cameron Gamble, states in his petition that he is a citizen of the United States and a resident of Wilmington, North Carolina.[8]

7.      None of the named defendants are a citizen of North Carolina, including any of the alleged Renaissance Entities.[9]

8.      The petition alleges that defendants--the Renaissance Entities--are purported partnerships or, in the case of "Renaissance Group, Inc." and "Renaissance, Inc." are corporations, that transact business in the State of Louisiana, but that is not the case. [10]

(a) "Renaissance Inc." is an entity formed and doing business in Liberia, Africa.  Its principal place of business is Liberia.  It does not exist on the Louisiana Secretary of State's database.[11]

(b) "Renaissance Group, Inc." is an entity formed and doing business in Liberia, Africa. Its principal place of business is Liberia.  It does not exist on the Louisiana Secretary of State's database.[12]

---

[8] Exhibit A at p. 1.
[9] *See*  Exhibit A at pp. 1-2; *see also infra.* n. 16.
[10] Attached as Exhibit "C" (*in globo*) are printouts from the La. Secretary of State's website showing that none of these entities exist in Louisiana as alleged in the petition.  Additionally, the printouts show that Jonas Robertson is not affiliated with any Renaissance Entities as identified in the petition.  Thus, as noted above, and out of an abundance of caution, Robertson hereby reserves all defenses and arguments relating to proper service, personal jurisdiction and procedural issues as permitted by law.  *See also* Exhibit A at p. 1.
[11] *See* Exhibit C.
[12] *See id.*

3

(c) "Renaissance Group" is an entity formed and doing business in Liberia, Africa. Its principal place of business is Liberia.  It does not exist on the Louisiana Secretary of State's database.[13]

Despite the allegations in the petition, a search of the Louisiana Secretary of State's website shows that none of the Renaissance Entities were formed in Louisiana nor is any registered to do business in Louisiana.[14]  Additionally, the Louisiana Secretary of State's website does not show that Jonas Robertson is an officer, or any other kind of corporate representative, of any of the alleged Renaissance Entities.[15]  A search of the North Carolina Secretary of State's website also demonstrates that none of the Renaissance Entities, as identified in the petition with a purported affiliation to Jonas Robertson, was formed in the State of North Carolina (plaintiff's domicile) nor are any of the Renaissance Entities registered to do business in North Carolina.[16]

9.      Defendant, Charlie Lusco, is a citizen of the United States and a resident State of Louisiana.[17]

10.     Defendant, Jonas Robertson, is a citizen of the United States and a resident of the State of Louisiana.[18]

11.     Defendant, Peter Traigle, is a citizen of the United States and a resident of the State of Louisiana.[19]

---

[13] *Id.*
[14] *See generally* Exhibit A at p. 1 and Exhibit C.
[15] *See* Exhibit C.
[16] A search of the North Carolina Secretary of State's website at https://www.sosnc.gov/online_services/search/Business_Registration_Results was conducted on May 23, 2019. None of the Renaissance Entities as identified in the petition were located on that website.  Further, a search for "Jonas Robertson" as the alleged representative of the Renaissance Entities on the same website resulted in zero (0) search results.
[17] Exhibit A at p. 1.
[18] *Id.*
[19] *Id.* at p. 2.

12.     Defendant, Lane Franks, is a citizen of the United States is a resident of the State of Arizona.[20]

13.     Defendant, Richard Hoffman, is a citizen of the United States and is a resident of the State of Arizona.[21]

14.     In sum, plaintiff alleges that he is a citizen of North Carolina and, as noted above, none of the defendants are a citizen of North Carolina nor were any of the alleged Renaissance Entities formed or organized in North Carolina.[22]  Accordingly, pursuant to Section 1332 of Title 28 of the United States Code, complete diversity of citizenship exists, and complete diversity existed when plaintiff filed the State Court Proceeding.

## DIVERSITY JURISDICTION: AMOUNT IN CONTROVERSY EXCEEDS $75,000

15.     This Court has original jurisdiction over this action and the case may be properly removed to this Court, pursuant to 28 U.S.C. § 1441, if it is a "civil action where the matter exceeds the sum or value of $75,000 exclusive of interests and costs . . . is among citizens of different States . . . ." *See* 28 U.S.C. § 1332(a)(1).

16.     Although Lusco denies any and all liability in connection with this lawsuit, the case meets the amount in controversy requirement because it exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332(a).  The petition does not allege a specific amount of money damages, but from the face of the petition, it is clear that plaintiff seeks recovery of monies in excess of $75,000 for the following alleged claims (all of which claims are denied by defendants): (1) payment for Gamble's purported ownership interest in Renaissance, Inc., (2) defendants alleged breach of fiduciary duties, (3) defendants alleged wrongful termination of Gamble's employment/ownership interest, (4) alleged oppression, (5) unjust enrichment, (6)

---

[20] *Id.*
[21] *Id.*
[22] *See* n. 16 above.

Louisiana Unfair Trade Practices Act ("LUTPA") violations (which has the potential to carry with it treble damages), (7) mental anguish damages and penalties and attorney's fees, and (8) refusal to pay plaintiff's corporate proportionate share of corporate profits, together with judicial interest.

17.     The LUTPA claim alone could meet the amount in controversy because that statute (La. R.S. § 51:1409 *et seq*.) permits potential treble damages and recovery of attorney's fees.  Louisiana Revised Statute 51:1409(A) specifically states " . . . the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs." Treble damages plus reasonable attorney fees and costs in this case would exceed $75,000.

18.     While plaintiff does not allege a specific amount in his prayer for relief, plaintiff fails to allege that his claims are for less than the requisite amount to establish diversity jurisdiction before this Court, as contemplated by Art. 893 of the Louisiana Code of Civil Procedure.  La. Code of Civ. Proc. art. 893(a)(1).

19.     Thus, as set forth above, taking the allegations at face value as pled in the petition, plaintiff's petition states a claim exceeding $75,000.  The amount in controversy required for diversity of citizenship is, thus, satisfied.

20.     Should the Court not agree from the face of the petition that this matter meets the amount in controversy, Lusco hereby requests that he be provided an opportunity to conduct any discovery necessary to determine the amount of damages sought by plaintiff.

## ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE OTHERWISE SATISFIED

21.     Charlie Lusco, as shown in the citation included as part of the State Court Proceeding attached as Exhibit "A," received service through the Jefferson Parish Sheriff's

Office on April 23, 2019.[23]  In accordance with 28 U.S.C. §§1441 and 1446, this Notice of Removal is timely, as it has been filed no more than thirty (30) days after service on Lusco and within one year of the initial filing of the lawsuit.

22.     The U.S. District Court for the Eastern District of Louisiana embraces the Parish of Tangipahoa, the parish in which the State Court Proceeding was originally filed.  Therefore, this District Court is the proper court to remove this case to pursuant to 28 U.S.C. § 1441(a).

23.     Additionally, Lusco has provided notice to the Clerk of Court for the Twenty First Judicial District Court, Parish of Tangipahoa, through the filing of this Notice of  Removal and a Notice of Filing of the Notice of Removal into the record of the State Court Proceeding and has further notified Plaintiff by delivery of same to his counsel of record.  The Notice of Filing of the Notice of Removal is attached hereto as Exhibit "D."

24.     Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in this Court and the filing of same with the state court serves immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to this action.

25.     Lusco specifically reserves his right to amend or to supplement this Notice of Removal.

**WHEREFORE**, this Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 on grounds of diversity because of the amount in controversy exceeds $75,000.00 and the parties are citizens of different states, Lusco hereby removes this matter to the U.S. District Court for the Eastern District of Louisiana for further proceedings.

---

[23] *See* Exhibit A at pp. 17-19.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ**

_____/s/ Colleen C. Jarrott_____
MATTHEW S. CHESTER (La. Bar No. 36411)
COLLEEN C. JARROTT (La. Bar No. 30839)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
cjarrott@bakerdonelson.com
mchester@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT,
CHARLIE LUSCO**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing pleading has been forwarded to all counsel of record by depositing a copy of same in the United States Mail, properly addressed, and first-class postage prepaid and/or via electronic mail on this 23rd day of May, 2019.

_____/s/ Colleen C. Jarrott_____
COLLEEN C. JARROTT