FILED April 17, 2017

DY. CLERK OF COURT

**D**

CIVIL DOCKET NO. 2019-0001190

CAMERON GAMBLE

VERSUS

RENAISSANCE GROUP;
RENAISSANCE GROUP, INC.;   21ST JUDICIAL DISTRICT COURT
RENAISSANCE, INC.;
CHARLIE LUSCO;
JONAS ROBERTSON;
PETER TRAIGLE;
LANE FRANKS; and
RICHARD HOFFMAN;   TANGIPAHOA PARISH, LOUISIANA

---

### PETITION FOR DAMAGES AND TO
### INSPECT PARTNERSHIP/CORPORATE RECORDS

---

Plaintiff, **Cameron Gamble (Gamble)**, files this Original Petition against

defendants, Renaissance Group; Renaissance Group, Inc.; Renaissance, Inc.; Charlie

Lusco; Jonas Robertson; Peter Traigle; Lane Franks and Richard Hoffman (collectively

"Defendants") and in support thereof respectfully show the Court as follows:

#### PARTIES

1.

The parties in this matter are:

a.   Plaintiff is a resident of Wilmington, North Carolina.

b.   **Renaissance Group** is a Louisiana Partnership who may be served with
     process through Jonas Robertson at 2301 Par 3 Drive, Harvey, Louisiana
     70058;

c.   **Renaissance Group, Inc.,** a corporation and/or partnership who transacts
     business in the State of Louisiana, who may be served with process by
     serving its director, Jonas Robertson at 2301 Par 3 Drive, Harvey, Louisiana
     70058;

d.   **Renaissance, Inc.** is a foreign corporation who transacts business in the State
     of Louisiana who may be served with process by serving its director, Jonas
     Robertson, at 2301 Par 3 Drive, Harvey, Louisiana 70058

e.   **Charlie Lusco,** a person of the full age of majority and a citizen of the State
     of Louisiana who may be served at 1820 L&A Road, Metairie, Louisiana
     70001;

f.   **Jonas Robertson,** a person of the full age of majority and a domiciliary of
     Jefferson Parish, Louisiana and Chairman of the Board (COB) of
     Renaissance Group, Inc., who may be served at 2301 Par 3 Drive, Harvey,
     Louisiana 70058;



MORROW, MORROW,
RYAN, BASSETT & HAIK

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

**EXHIBIT**

**A**

SCANNED
VEB

g.   **Peter Traigle**, a person of the full age of majority and a citizen of the State of Louisiana who may be served at 111 Doctor Bowen Street, Belle Chase, Louisiana 70037;

h.   **Lane Franks**, a person of the full age of majority and a resident of Phoenix, Arizona who may be served through the Long Arm Statute at 10851 North Black Canyon Highway, Suite 540, Phoenix, Arizona 85029;

i.   **Richard Hoffman**, a person of the full age of majority who may be served at 1941 E. Crocus Dr., Phoenix, Arizona 85022-4513

who are justly and truly indebted unto your petitioner for such amount as is reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings for the following reasons, to-wit:

## VENUE AND JURISDICTION

2.

Venue is proper because defendants, Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. all conduct business at their headquarters located at 42235 Happywoods Road, Hammond, Louisiana.  This Court has both personal and general jurisdiction.  The causes of actions asserted herein arise out of transactions and decisions made in the State of Louisiana.  Defendants have a corporate headquarters located at 42235 Happywoods Road, Hammond, Louisiana and conduct business in Louisiana from this location through its employees.  Directors and employees of defendants have contacts with Louisiana that are continuous and systematic.

## FACTS

3.

Plaintiff first became familiar with defendants in the fall of 2017.  Plaintiff is a former member of the United States Military with extensive training in security procedures. In the fall of 2017, plaintiff did a security assessment for defendants on mining concessions in Liberia.

4.

Defendants were pleased with the security assessment done by plaintiff and asked plaintiff if he had any background in the timber industry since defendants had a number of timber concessions in Liberia.  Plaintiff informed defendants that he and his extended family had extensive experience in the timber industry for many years.



MORROW, MORROW, RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Abbeville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

2

5.

Upon learning that plaintiff had extensive experience in the timber industry, defendants hired plaintiff to find buyers for the Liberian timber concessions. At defendants' request, plaintiff prepared a cost analysis for logging operations in Liberia.

6.

In addition to doing the cost analysis, plaintiff performed other important work for defendants. Plaintiff:

a. Brought timber concessions to important companies and obtained necessary certifications. He researched the world markets for different types of timber. He secured buyers for timber in the European and South Asian markets.

b. Met with shipping companies to determine pricing, scheduling and routes of shipments.

c. Plaintiff established relationships to unionize all Liberian workers to comply with international labor laws.

d. Plaintiff determined the necessary equipment for timber operations and road building.

e. Plaintiff secured experienced mill workers to train potential Liberian mill workers to establish and operate a proposed sawmill.

7.

On December 7, 2017, plaintiff proposed that he be made a long-term partner and owners with defendants. In exchange for a full ownership interest with the defendant entities, plaintiff proposed being the boots on the ground and the Director of Operations in Liberia.

8.

Defendants, Charlie Lusco, Jonas Robertson, Peter Traigle, Lane Franks and Richard Hoffman, are partners in Renaissance Group and are directors, officers and shareholders in Renaissance Group, Inc. and Renaissance, Inc.

9.

On December 18, 2017, defendants agreed to make plaintiff a full partner and equity owner in the defendant entities. Defendants filed Articles of Incorporation in Liberia listing plaintiff as an equity owner. Based on these agreements, plaintiff undertook efforts to make defendants' operations in Liberia both profitable and successful. As a result of



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

3

work done by plaintiff, defendants' operations have been brought to a position of profitability.

10.

Since fulfilling his commitment to become an equity owner in defendants' entities, defendants have taken actions to deprive plaintiff of his rights as a partner and/or shareholder in these entities. Defendants have informed plaintiff that he is not a partner and/or shareholder in any of the defendant entities. Defendants have refused to provide partnership records and corporate records to plaintiff. Defendants have denied that a partnership ever existed despite documents exchanged by the parties to the contrary.

## CAUSES OF ACTION

## THE ACTIONS OF DEFENDANTS ARE IN
## VIOLATION OF LOUISIANA PARTNERSHIP LAWS

11.

Defendants are liable for the following acts and/or omissions by defendants:

a.   Wrongfully terminating plaintiff's ownership interest in the partnership and re-allocating plaintiff's ownership interest to themselves;

b.   Breaching their fiduciary duties by failing to act fairly and in utmost good faith in their dealings with plaintiff, including attempting to shutout plaintiff from the Renaissance business operations. This conduct also violates defendants' fiduciary duties to plaintiff, including the duty of good faith, fair dealing and refraining from self-dealing;

c.   Wrongfully denying the existence of a partnership; and

d.   Failing to permit plaintiff to inspect the partnership books and records of the partnership.

12.

Plaintiff is entitled to the fair value of his interest in the partnership due to the wrongful termination of his ownership interest by defendants.

## THE ACTIONS OF DEFENDANTS ARE IN
## VIOLATION OF APPLICABLE LAW ON CORPORATIONS

13.

Defendants are liable for the following acts or omissions:

a.   Wrongfully terminating plaintiff's ownership interest in defendants' corporate entities and re-allocating plaintiff's ownership interest to themselves;



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LAW CORPORATION | MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

4

b.      Breach of fiduciary duties including the duty of good faith, fair dealing and to refrain from self-dealing;

c.      The breach of fiduciary duties by the defendant directors, officers and shareholders has resulted in direct damages to plaintiff and not the corporation;

d.      The breach of fiduciary duties by the defendants caused a direct material adverse impact on plaintiff and not the corporation and shareholders;

e.      Wrongful termination of plaintiff's employment;

f.      Denial of access to information;

g.      Refusal to pay plaintiff's proportionate share of corporate profits.

14.

Plaintiff is entitled to the fair value of his ownership interest in the defendant corporate entities due to the wrongful termination of his interest by defendants.

15.

Alternatively and only in the event that it is found that defendants did not wrongfully terminate plaintiff's interest in the defendant corporate entities, then plaintiff hereby withdraws from the defendant corporate entities on the ground of oppression. The acts of oppression are set forth above. Additionally, defendants have wrongfully and maliciously accused plaintiff of embezzlement and misuse of company funds.

16.

As a withdrawing shareholder, plaintiff is entitled to the fair value of his interests in the defendant corporate entities due to the forced withdrawal caused by the oppressive actions of defendants.

### LOUISIANA UNFAIR TRADE PRACTICES ACT
### AND UNJUST ENRICHMENT

17.

The egregious acts described above also render the defendants liable for violations of the Louisiana Unfair Trade Practices Act (LUTPA) and unjust enrichment.

18.

Plaintiff further seeks damages for mental anguish and damages that are just and reasonable in the premises; penalties and attorneys fees; legal interest for all sums from



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LAW CORPORATION | A LIMITED LIABILITY LAW PARTNERSHIP

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

5

date of judicial demand until paid in full; all costs of these proceedings; and any other relief to which plaintiff may be entitled.

19.

Plaintiff is entitled to and hereby requests trial by jury.

**WHEREFORE, PLAINTIFF, CAMERON GAMBLE, PRAYS:**

1.      That the defendants, **Renaissance Group, Renaissance Group, Inc., Renaissance, Inc., Charlie Lusco, Jonas Robertson, Peter Traigle, Lane Franks and Richard Hoffman,** be served with a copy of this petition and duly cited to answer same, and that after all legal delays and due proceedings had, there be judgment herein in favor of plaintiff, **Cameron Gamble,** and against the defendants, **Renaissance Group, Renaissance Group, Inc., Renaissance, Inc., Charlie Lusco, Jonas Robertson, Peter Traigle, Lane Franks and Richard Hoffman,** for damages that are reasonable in the premises, together with legal interest from date of judicial demand, all penalties and attorney fees as provided by law, as well as all costs of these proceedings.

2.      For any and all general and equitable relief that may be afforded by this Honorable Court and the laws of the State of Louisiana.

3.      For trial by jury.

RESPECTFULLY SUBMITTED:

MORROW, MORROW, RYAN, BASSETT & HAIK

JAMES P. RYAN (#11560)
P. CRAIG MORROW (#23536)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com


**ANDERSON, BOUTWELL, TRAYLOR**
J. THOMAS ANDERSON (#2464)
607 W. Morris Avenue
Hammond, LA 70403
Telephone: (985) 796-2245
tom@abjustice.com



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrblawoffice.com

6

**EDWARDS & STEVENS**
BRADLEY A. STEVENS (#30076)
Post Office Box 974
Amite, LA  70422
Telephone:  (985) 747-1088
Fax:  (985-747-1086
brad@edwardsandstevens.com

Attorneys for plaintiff, **Cameron Gamble**

**PLEASE SERVE:**

**RENAISSANCE GROUP**
Through Jonas Robertson
2301 Par 3 Drive
Harvey, Louisiana  70058

**RENAISSANCE GROUP, Inc.**
Through Jonas Robertson
2301 Par 3 Drive
Harvey, Louisiana  70058

**RENAISSANCE, INC.**
Through Jonas Robertson
2301 Par 3 Drive
Harvey, Louisiana  70058

**CHARLIE LUSCO**
1820 L&A Road
Metairie, Louisiana  70001

**JONAS ROBERTSON**
2301 Par 3 Drive
Harvey, Louisiana  70058

**PETER TRAIGLE**
111 Doctor Bowen Street
Belle Chase, Louisiana  70037

**LANE FRANKS**
Through the Long Arm Statute
10851 North Black Canyon Highway, Ste. 540
Phoenix, AZ  85029

**RICHARD HOFFMAN**
Through the Long Arm Statute
1941 E. Crocus Dr.
Phoenix, AZ  85022-4513



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

7

CAMERON GAMBLE      CIVIL DOCKET NO. 2019-0001190

VERSUS

RENAISSANCE GROUP;
RENAISSANCE GROUP, INC.;     **21ST JUDICIAL DISTRICT COURT**
RENAISSANCE, INC.;
CHARLIE LUSCO;
JONAS ROBERTSON;
PETER TRAIGLE;
LANE FRANKS; and
RICHARD HOFFMAN;      **TANGIPAHOA PARISH, LOUISIANA**

---

### REQUEST FOR NOTICE OF DATE OF TRIAL, ETC.

---

TO THE CLERK OF COURT of the Twenty-First (21st) Judicial District Court in and for the Parish of Tangipahoa, Louisiana;

PLEASE TAKE NOTICE that MORROW, MORROW, RYAN, BASSETT & HAIK, Attorneys for Plaintiff, do hereby request written notice of the date of trial of the above matter, as well as notice of hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of Court, as provided in Louisiana Code of Civil Procedure, of 1960, particularly Articles 1572, 1913 and 1914.

RESPECTFULLY SUBMITTED:

MORROW, MORROW, RYAN, BASSETT & HAIK

JAMES P. RYAN (#11560)
P. CRAIG MORROW (#23536)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com

**ANDERSON, BOUTWELL, TRAYLOR**
J. THOMAS ANDERSON (#2464)
607 W. Morris Avenue
Hammond, LA 70403
Telephone: (985) 796-2245
tom@abjustice.com

MORROW, MORROW,
RYAN, BASSETT & HAIK
*PERSONAL INJURY & MARITIME LAW*
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrblawoffice.com

8

**EDWARDS & STEVENS**
BRADLEY A. STEVENS (#30076)
Post Office Box 974
Amite, LA  70422
Telephone:  (985) 747-1088
Fax:  (985) 747-1086
brad@edwardsandstevens.com



MORROW, MORROW,
RYAN, BASSETT & HAIK
*PERSONAL INJURY / MARITIME LAW*
324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

9

PATRICK C. MORROW
J. MICHAEL MORROW (1946-1983)
JAMES P. RYAN
JEFFREY M. BASSETT
P. CRAIG MORROW
RICHARD T. HAIK, JR.
TAYLOR J. BASSETT
KATHLEEN E. RYAN
WILLIAM L. RYAN

RICHARD T. HAIK, SR., OF COUNSEL
FORMER FEDERAL AND STATE JUDGE

## MORROW, MORROW, RYAN, BASSETT & HAIK
### PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483

LAFAYETTE 337-806-9125
NEW IBERIA 337-256-8562
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
WWW.MMRBHLAW.COM

April 16, 2019

*Via Federal Express*
*8113 0550 2197*

Bradley A. Stevens
Edwards & Stevens Law Firm
P. O. Box 974
Amite, LA 70422

      RE:   Cameron Gamble

Dear Brad:

      I have enclosed the documents for filing in the Cameron Gamble matter, as follows:

1. Petition for Damages and to Inspect Partnership/Corporate Records to be filed, along with service copies;

2. Discovery to each defendant to be served with the Petition;

3. Appropriate checks for filing/service;

4. Extra copy of the Petition and Discovery to be filed stamped and returned to me.

Should you have any questions or concerns, please do not hesitate to contact me.

Thanking you and with kind regards, we are

      Sincerely yours,

      MORROW, MORROW, RYAN, BASSETT & HAIK

      P. Craig Morrow

PCM:kn
Enclosure

## CITATION

CAMERON GAMBLE

*Versus*

RENAISSANCE GROUP, ET AL



Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

VFB

To:   RENAISSANCE GROUP
      THRU JONAS ROBERTSON
      2301 PAR 3 DRIVE
      HARVEY, LA  70058


      Parish of JEFFERSON

   **YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

 This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.

<u>Pleading Served</u>

PETITION FOR DAMAGES AND/RO INSPECT PARTNERSHIP/CORPORATE RECORDS/PLATINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT RENAISSANCE GROUP

*Vana Baile*
_____
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

_____

### Service Information

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE**: _____.

Returned:
Parish of _____ this _____ day of _____, 20____.

Service        $_____

Mileage        $_____          By: _____
                                         Deputy Sheriff

Total          $_____

FOOTERAREA

CITATION

CAMERON GAMBLE

Versus

RENAISSANCE GROUP, ET AL



Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

VFB

To: RENAISSANCE GROUP
THRU JONAS ROBERTSON
2301 PAR 3 DRIVE
HARVEY, LA 70058

**OUTSIDE PARISH**

Amt. Paid for Service $ 30.00

Jefferson Parish Sheriff's Office

Parish of JEFFERSON

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.

Pleading Served

PETITION FOR DAMAGES AND/RO INSPECT PARTNERSHIP/CORPORATE RECORDS/PLATINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT RENAISSANCE GROUP

Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

**Service Information**

Received on the _____ day of ___APR 2 3 2019___ 20___ and on the _____ day _____

___APR 2 3 2019___ , 20____ served the above named party as follows:

Personal Service on the party herein named ___JONAS ROBERTSON___

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____

Returned:
Parish of ___JEFFERSON___ this _____ day of ___APR 2 3 2019___ , 20 ___

Service    $ _____

Mileage    $ _____          By: _____
                                        Deputy Sheriff

Total      $ _____

**PREPAID**

SCANNED
MW

[ ORIGINAL ]

## CITATION

| | | |
|---|---|---|
| CAMERON GAMBLE | | Case: 2019-0001190 |
| | | Division: D |
| Versus |  | 21st Judicial District Court |
| | | Parish of Tangipahoa |
| RENAISSANCE GROUP, ET AL | | State of Louisiana |

VFB

To:  RENAISSANCE GROUP INC
     THRU JONAS ROBERTSON
     2301 PAR 3 DRIVE
     HARVEY, LA  70058


     Parish of JEFFERSON

   **YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

 This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.

<u>Pleading Served</u>

PETITION FOR DAMAGES AND/RO INSPECT PARTNERSHIP/CORPORATE RECORDS/PLATINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT RENAISSANCE GROUP INC

_____
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

---

### Service Information

Received on the _____ day of _____, 20 ____ and on the _____ day of _____, 20 ____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE**: _____.

Returned:
Parish of _____ this _____ day of _____, 20 ____.

Service     $_____

Mileage     $_____         By: _____
                                     Deputy Sheriff

Total       $_____

FOOTERAREA

## CITATION

CAMERON GAMBLE

Versus

RENAISSANCE GROUP, ET AL



Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

VFB

To:  RENAISSANCE GROUP INC
     THRU JONAS ROBERTSON
     2301 PAR 3 DRIVE
     HARVEY, LA 70058

**OUTSIDE PARISH**
Amt. Paid for Service $ 30.00
Jefferson Parish Sheriff's Office

Parish of JEFFERSON

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.

Pleading Served

PETITION FOR DAMAGES AND/RO INSPECT PARTNERSHIP/CORPORATE RECORDS/PLATINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT RENAISSANCE GROUP INC

_Vana Baily_
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

Tangipahoa Parish
Clerk of Court
2019 APR 29 AM 8:36

_____

**Service Information**

Received on the _____ day of ___APR 23 2019___, 20 _____ and on the _____ day of ___APR 23 2019___, 20 _____ served the above named party as follows:

(Personal Service) on the party herein named ___JONAS ROBERTSON___

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____

Returned:
Parish of ___JEFFERSON___ this _____ day of ___APR 23 2019___ 20 _____

Service    $ _____

Mileage    $ _____          By: _____ 11662?
                                      Deputy Sheriff

Total      $ _____

**PREPAID**

SCANNED
MW

[ ORIGINAL ]

## CITATION

| | | |
|---|---|---|
| CAMERON GAMBLE |  | Case: 2019-0001190 |
| Versus | | Division: D |
| | | 21st Judicial District Court |
| RENAISSANCE GROUP, ET AL | | Parish of Tangipahoa |
| | | State of Louisiana |

VFB

To: RENAISSANCE INC
    THRU JONAS ROBERTSON
    2301 PAR 3 DRIVE
    HARVEY, LA 70058

    Parish of JEFFERSON

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.

<u>Pleading Served</u>

PETITION FOR DAMAGES AND/RO INSPECT PARTNERSHIP/CORPORATE RECORDS/PLATINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT RENAISSANCE INC

_Vana Baile_
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

---

### Service Information

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____.

Returned:
Parish of _____ this _____ day of _____, 20____.

Service     $_____

Mileage    $_____      By: _____
                                  Deputy Sheriff

Total       $_____

## CITATION



*CAMERON GAMBLE*

*Versus*

*RENAISSANCE GROUP, ET AL*

*Case: 2019-0001190*
*Division: D*
*21st Judicial District Court*
*Parish of Tangipahoa*
*State of Louisiana*

*VFB*

To: RENAISSANCE INC
THRU JONAS ROBERTSON
2301 PAR 3 DRIVE
HARVEY, LA 70058

**OUTSIDE PARISH**

Amt. Paid for Service $ 30.00

Jefferson Parish Sheriff's Office

Parish of JEFFERSON

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.*

*This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.*

<u>Pleading Served</u>

*PETITION FOR DAMAGES AND/RO INSPECT PARTNERSHIP/CORPORATE RECORDS/PLATINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT RENAISSANCE INC*

*Vana Baily*

Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

Tangipahoa Parish
CLERK OF COURT
2019 APR 29 AM 8:30

---

**Service Information**

Received on the _____ day of _____APR 23 2019____, 20____ and on the _____ day of _____ APR 23 2019 , 20____ served the above named party as follows:

(Personal Service) on the party herein named ___JONAS ROBERTSON___

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____

Returned:
Parish of ___JEFFERSON___ this _____ day of ____APR 23 2019____, 20____

Service        $_____

Mileage      $_____              By: _____
                                                      Deputy Sheriff

Total           $_____

**PREPAID**

**SCANNED**
**MW**                    [ ORIGINAL ]

## CITATION



CAMERON GAMBLE

Versus

RENAISSANCE GROUP, ET AL

Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

VFB

To:   CHARLIE  LUSCO
      1820 L&A ROAD
      METAIRIE, LA  70001


      Parish of JEFFERSON

   **YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

 This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.

<u>Pleading Served</u>

PETITION FOR DAMAGES AND/RO INSPECT PARTNERSHIP/CORPORATE  RECORDS/PLATINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT CHARLIE LUSCO


_____
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

_____

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE**: _____.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service      $_____

                           By: _____
Mileage     $_____              Deputy Sheriff

Total          $_____


FOOTERAREA

# CITATION



| | | |
|---|---|---|
| CAMERON GAMBLE | | Case: 2019-0001190 |
| | | Division: D |
| Versus | | 21st Judicial District Court |
| | | Parish of Tangipahoa |
| RENAISSANCE GROUP, ET AL | | State of Louisiana |

*VFB*

To:  CHARLIE LUSCO
    1820 L&A ROAD
    METAIRIE, LA 70001

**OUTSIDE PARISH**

Amt. Paid for Service $ 30.00

Jefferson Parish Sheriff's Office

    Parish of JEFFERSON

    **YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

    This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.

<u>Pleading Served</u>

PETITION FOR DAMAGES AND/RO INSPECT PARTNERSHIP/CORPORATE RECORDS/PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT CHARLIE LUSCO

*Vana Bailey*

Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

*2019 APR 29  AM 8:30   Tangipahoa Parish Clerk of Court*

---

## Service Information

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE**: _____

Returned:
Parish of _____ this _____ day of _____, 20____

Service    $_____

Mileage   $_____    By: _____
                                 Deputy Sheriff

Total      $_____

**PREPAID**

**SCANNED MW**   [ ORIGINAL ]

DATE REC'D. 4-23-19 _____ DATE RETD. 4-23-19
_____ DATE SERVED _____ 4-23-19
SERVICE AFFECTED OR REASON UNSERVED:
____ PERSONAL - - - -DOMICILARY THRU_____
____ THRU / OTHER _____
____ NOT AT THIS ADDRESS PER -_____
____ UNABLE TO SERVE AFTER MAKING ____ ATTEMPTS
_____ # 109217
Deputy Sheriff of Jefferson Parish

## CITATION



CAMERON GAMBLE

Versus

RENAISSANCE GROUP, ET AL

Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

**OUTSIDE PARISH** *VFB*

To:  JONAS ROBERTSON
2301 PAR 3 DRIVE
HARVEY, LA 70058

Amt. Paid for Service $ 30.00

Jefferson Parish Sheriff's Office

Parish of JEFFERSON

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.

Pleading Served

PETITION FOR DAMAGES AND/RO INSPECT PARTNERSHIP/CORPORATE RECORDS/PLATINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT JONAS ROBERTSON

2019 APR 29 AM 8:30
Tangipahoa Parish
Clerk of Court

Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

---

### Service Information

Received on the _____ day of ___ APR 23 2019 ___, 20 ___ and on the _____ day of
___ APR 23 2019 ___, 20 ___ served the above named party as follows:

Personal Service on the party herein named ___ JONAS ROBERTSON ___

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____

Returned:
Parish of ___ JEFFERSON ___ this _____ day of ___ APR 23 2019 ___, 20 ___

Service   $ _____

Mileage   $ _____      By: _____
                              Deputy Sheriff

Total     $ _____

**PREPAID**

SCANNED
MW              [ ORIGINAL ]

## CITATION

| | | |
|---|---|---|
| *CAMERON GAMBLE* | | Case: 2019-0001190 |
| | | Division: D |
| *Versus* |  | *21ˢᵗ Judicial District Court* |
| | | *Parish of Tangipahoa* |
| *RENAISSANCE GROUP, ET AL* | | *State of Louisiana* |

*VFB*

To:   *PETER  TRAIGLE*
      *111 DOCTOR BOWEN STREET*
      *BELLE CHASE, LA  70037*


      Parish of PLAQUEMINES

   **YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.*

 *This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.*

<u>Pleading Served</u>

*PETITION FOR DAMAGES AND/RO INSPECT PARTNERSHIP/CORPORATE  RECORDS/PLATINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT PETER TRAIGLE*


*Vana Baile*
_____
*Deputy Clerk of Court for*
*Gary T. Stanga, Clerk of Court*

_____

### Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*

**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:**_____.

*Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

*Service*      $_____

*Mileage*      $_____        *By: _____*
                                    *Deputy Sheriff*

*Total*        $_____


FOOTERAREA

**RETURN**

*CITATION*



CAMERON GAMBLE

*Versus*

RENAISSANCE GROUP, ET AL

Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

VFB

To: PETER TRAIGLE
111 DOCTOR BOWEN STREET
BELLE CHASE LA 70037

Parish of PLAQUEMINES

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.

Pleading Served

PETITION FOR DAMAGES AND/RO INSPECT PARTNERSHIP/CORPORATE RECORDS/PLATINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT PETER TRAIGLE

*Vana Bailey*

Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

### Service Information

Received on the _____ day of _____, 20 _____ and on the _____ day of _____, 20 _____ served the above named party as follows:

**Personal Service** on the party herein named _____

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____

Returned:
Parish of _____ this _____ day of _____, 20 _____

Service $ _____

Mileage $ _____

SCANNED
MW

By: _____

ATTEMPT FOR SERVICE

Suit: 20190001190
PETER TRAIGLE
111 DR BOWEN ST
BC LA
Person Served: *No contact*
Received: 04/23/2019
Deputy: LEDET

Cost:

Served:04/25/2019  10:48am
Miles:   0.00  Type: 3ATT

| | DATE | TIME |
|---|---|---|
| 1ST ATTEMPT | 4-23-19 | 1135 |
| 2ND ATTEMPT | 4-24-19 | 1100 |
| 3RD ATTEMPT | 4-25-19 | 10:14 AM |

Return after 3rd attempt of service

PAID-CHECK # 69516

PREPAID

## CITATION – LONG ARM

*CAMERON GAMBLE*

*Versus*

*RENAISSANCE GROUP, ET AL*



*Case:* 2019-0001190
*Division:* D
21st *Judicial District Court*
*Parish of Tangipahoa*
*State of Louisiana*

VFB

To: *LANE FRANKS*
*THRU LOUISIANA LONG ARM STATUTE*
*10851 NORTH BLACK CANYON HIGHWAY, STE 540*
*PHOENIX, AZ 85029*

*Parish of*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-first Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within 30 days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" hereof, under penalty of default.*

*This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.*

<u>Pleading Served</u>
*PETITION FOR DAMAGES AND TO INSPECT PARTNERSHIP/CORPORATE RECORDS/PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT, PETER TRAIGLE*

*Diana Bailey*

*Deputy Clerk of Court for*
*Gary T. Stanga, Clerk of Court*

### Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*

**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

**DUE & DILIGENT UNABLE TO SERVE BECAUSE**: _____.

*Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

*Service     $_____*

*Mileage     $_____*          By: _____
                                        *Deputy Sheriff*

*Total       $_____*

FOOTERAREA

## CITATION – LONG ARM

CAMERON GAMBLE

Versus

RENAISSANCE GROUP, ET AL



Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

VFB

To: RICHARD HOFFMAN
THRU LOUISIANA LONG ARM STATUTE
1941 W CROCUS DR
PHOENIX, AZ 85022-4513

Parish of

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-first Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within 30 days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" hereof, under penalty of default.

This service was ordered by attorney P CRAIG MORROW and was issued by the Clerk of Court on April 17, 2019.

<u>Pleading Served</u>
PETITION FOR DAMAGES AND TO INSPECT PARTNERSHIP/CORPORATE RECORDS/PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT, RICHARD HOFFMAN

*Dana Baile*

Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE**: _____.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service      $_____

Mileage      $_____          By: _____
                                      Deputy Sheriff

Total        $_____

FOOTERAREA

CAMERON GAMBLE

CIVIL DOCKET NO. 2019-0001190

VERSUS

RENAISSANCE GROUP;
RENAISSANCE GROUP, INC.;        21ST JUDICIAL DISTRICT COURT
RENAISSANCE, INC.;
CHARLIE LUSCO;
JONAS ROBERTSON;
PETER TRAIGLE;
LANE FRANKS; and
RICHARD HOFFMAN;                TANGIPAHOA PARISH, LOUISIANA

---

## PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT, RENAISSANCE GROUP

---

**TO:   RENAISSANCE GROUP**
Through Jonas Robertson
2301 Par 3 Drive
Harvey, Louisiana 70058

NOW INTO COURT, through undersigned counsel, comes plaintiff, **Cameron Gamble,** who propounds the following First Set of Written Discovery to defendant, **Renaissance Group.**

Please take notice that you are herein notified and required to answer separately, fully, in writing, and under oath the following First Set of Written Discovery served on you and to serve your answers thereto to the undersigned counsel within fifteen (15) days from the date of service thereof in accordance with the provisions of the Louisiana Code of Civil Procedure.

## PRELIMINARY STATEMENT

A.    In answering this First Set of Written Discovery, you are required to furnish such information as is available to you, including information in the possession of your investigators, employees, agents, representatives, guardians, attorneys, investigators for your attorney and any other person or persons acting on your behalf.

B.    If you cannot answer any of the following First Set of Written Discovery in full, after exercising due diligence to secure the information to do so, so state and answer

**MORROW, MORROW, RYAN, BASSETT & HAIK**
*PERSONAL INJURY / MARITIME LAW*

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

1

to the extent possible specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.     Each Interrogatory and/or Request is intended to and does request that each and every part be answered with the same force and effect as if such part were the subject of and were asked by a separate Interrogatory and/or Request.

D.     Each interrogatory hereinafter set forth not only calls for the knowledge of the defendant, but also for the knowledge that is available to each of the said defendants by reasonable inquiry, including inquiry of their representatives and attorneys.

E.     Please follow these instruction when responding to this First Set of Written Discovery:

1.     If the defendant lacks information with respect to any Interrogatory or sub-part thereof, please state the fact and answer that Interrogatory to the best of their knowledge and belief.

2.     These Interrogatories are continuing in character, so as to require defendant to file immediate supplemental answers if defendant obtains further or different information.

3.     All supplemental answers shall be filed in accordance with the Louisiana Code of Civil Procedure and shall be rendered due upon the occurrence of an event, happening, or discovery of such.

4.     **"You"**, **"your"**, **"Renaissance"** or **"Defendant"** - shall refer to Defendant, **Renaissance Group**, unless specifically noted, and all parties acting on its behalf, including but not limited to, employees, officers, managers, directors, parent corporations, subsidiaries, affiliated entities, associates, consultants, investigators, secretaries, assistants, agents, brokers, claims adjusters, independent claims adjusters, or attorneys and any Related Parties as defined in Paragraph 5.

5.     **"Related Parties"** - Shall mean any person, firm or entity considered a related party by the Statement of Financial Accounting Standards (SFAS 57) of the Financial Accounting Standards (FASB), including: (a) any party that directly or indirectly has the power to direct or cause the direction of management and policies of you by virtue of ownership, contract or any other means (hereafter "controlling party"); (b) any party that either directly or indirectly controls, is controlled by, or is under common control of a company (hereafter "affiliate"); (c) principal owners of the company; (d) management of the company; (e) members of the immediate family of principal owners or management; (f) any party with which the company may do business if either party does or can control or significantly influence the management or operating policies of the other party to an extent that either party might be prevented from pursuing its own interests; (g) any party that can significantly influence the management or operating policies of other parties to a transaction, or that has an equity interest in one of the transacting parties and can significantly influence the other party to an extent that either of the transacting parties might be prevented from pursuant its own interests; and (h) subsidiaries of any of the above.



MORROW, MORROW,
RYAN, BASSETT & HAIK

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

2

6.  When used with respect to an individual, the word **"identify"** and the word **"describe"** mean to state the full name and present or last known address of each person, the present of last known position and the business affiliation of each person, including a job or position title or brief job or position description for each person at the present time and at all times during the period of these interrogatories.

7.  When used with respect to a business entity or association, the word **"identify"** or **"describe"** means to state the full business name, place of incorporation, if applicable, principal place of business, and the general nature of the business conducted.

8.  When used with respect to an oral communication, the word **"identify"** or **"describe"** means to state exactly what was said, including but not limited to where it was said, when it was said, by whom it was said, to whom it was said, and including the name of each person present or having direct knowledge of the communication.

9.  When used with respect to a meeting, conference, contract, conversation, discussion, or a negotiation, the word **"identify"** or **"describe"** means to state the place and date of the meeting or conference, the individuals present, including their business affiliations, and positions or job titles, the subject matter discussed, and to identify any documents mentioning, referring or relating to said meeting or conference.

10.  When used with respect to an agreement or contract, **"identify"** or **"describe"** means to state exactly what was agreed to or contracted for, orally or written, directly or indirectly, assertively or through omission, as well as dates, locations, the parties thereto, the duration, and to identify the documents constituting the agreement or contract.  Further, when referring to an agreement or contract, the subject matter shall include all drafts, discussions, or proposals.

11.  When used with respect to an event, occurrence or instance, **"identify"** or **"describe"** means to state the date, the place, the parties present, the subject matter discussed, the reasons for the occurrence, event or instance, and the effects thereof.

12.  "**And**" means both the conjunctive "and" and the disjunctive "or" and the words "and/or.

13.  "**He**", "**him**" or "**his**" when referring to any person shall be deemed to include all other genders and the singular shall be deemed to include the plural.

14.  If you lack information with respect to any Request for Production of Documents or any sub-part thereof, please state that fact and answer the Request for Production of Documents to the best of your knowledge and belief.

15.  These Request for Production of Documents are continuing in character so as to require you to file supplemental responses immediately if they or any of their agents, representatives, attorney or employees obtain further or different documentation subsequent to your original responses.


MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

3

16.    If any requested document has been lost or destroyed, provide a statement regarding the circumstances relating to the loss or destruction of said document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.

17.    If you claim any type of privilege as to any documents requested, identify such documents in your written responses, giving the following information: (a) date of document; (b) author of document; (c) addressee of document; (d) nature of document, such as memorandum, letter, etc.; (e) anyone who has received a copy of the document; (f) the general subject matter of the document; (g) basis of claim of privilege (e.g. attorney-client, work product, etc.)

18.    The term **"document"** or **"documentation"** shall, unless otherwise indicated, mean all written or printed matter of any kind in your possession, custody or control, which is either known to you or can be located or discovered by diligent effort, including the originals and all non-identical copies whether different from the original by reason of any notation made upon such copies or otherwise. This includes without limitation, all contracts, correspondence, memoranda, notes, letters, telegrams, facsimile transmittals, telefax, diaries, communications, e-mails, messages of any kind, minutes of meetings, estimates, appraisals, studies, reports, instructions, requests, checks, statements, receipts, returns, summaries, inter and intra-office communications, offers, invoices, worksheets, calendars, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, or representations of any kind. This further includes, without limitation, phonorecords, photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, cassettes, computer disks, recordings and computer printouts, and any other data compilations.

19.    *Please be advised that any and all electronic documents, files or data which is requested herein must be provided to the Plaintiffs in the native format. This requires that you provide the originally created data in the format utilized by the software originally used to create the data. For example, if the data was originally recorded or drafted using Microsoft Word, please provide us with the Word formatted document, otherwise indicated as a "*.doc" file. If a document is requested that was originally drafted, sent and/or otherwise existing in an electronic format, we request that the document be provided to us in the native electronic format.*

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please state the classification of the entity, Renaissance Group (i.e. is it a sole proprietorship, joint venture, general partnership, limited partnership, limited liability partnership, limited liability company or corporation?) Identify and describe all documents which support your answer.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

4

**INTERROGATORY NO. 2:**

Please identify all entities and/or individuals who currently have, or have ever had, an ownership interest, or any other financial interest, in Renaissance Group, and describe that entity or person's role and percentage owned, whether as an owner, investor, subsidiary, partner, related party or any other financial interest or arrangement from the date of its formation through the present date.

**INTERROGATORY NO. 3:**

Please identify all entities and/or individuals which held any managerial responsibility of the Renaissance Group, including but not limited to entities and/or individuals with an ownership interest, legal interest, financial interest, regulatory interest, management contracts or partnership agreements from the date of formation through the present date.

**INTERROGATORY NO. 4:**

Please identify and describe any actions taken by Renaissance Group and/or its affiliates, owners, investors, subsidiaries, related parties or partners with regard to any negotiations, agreements or proposals to buy out Cameron Gamble's ownership interest in Renaissance Group from the date of its formation through the present date.

**INTERROGATORY NO. 5:**

Please state the name, address, dates of ownership and percentage of ownership for each person or entity that owns or has ever owned any percentage of the Renaissance Group from the date of formation through the present date.

**INTERROGATORY NO. 6:**

Please summarize and briefly describe the nature and operation of the Renaissance Group, including in your answer the reason or purpose for its creation from the date of formation through the present date.

**INTERROGATORY NO. 7:**

Please identify (by title, date, and signatories) all Articles of Incorporation (including any amendments), written instruments, contracts, MOUs, or agreements that



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL GROUP OF LIMITED LIABILITY COMPANIES

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

relate to the creation, ownership and overall business operations of the Renaissance Group from the date of formation through the present date.

**INTERROGATORY NO. 8**:

Please state whether the Renaissance Group has ever operated under any other name from the date of its formation through the present date. If so, for each such entity and/or individual, please state the dates and places wherein said names were used. Also, please state whether or not the Renaissance Group was ever registered as an "assumed name" or d/b/a in any city, county, parish, state, or foreign country. If so, for each registration, please set forth the assumed name or d/b/a, the date and place of registration and the name of the entities and/or individuals who signed and filed said registrations from the date of formation through the present date.

**INTERROGATORY NO. 9**:

Please state the name and address of the current President, CEO, COO, CFO, Vice-President, Treasurer, Director of Operations and Secretary of the Renaissance Group from the date of its formation through the present date.

**INTERROGATORY NO. 10**:

Please identify all agreements, charters or written instruments under which the Renaissance Group entity operates and any amendments thereto, and indicate its date; also, please identify every governmental department or agency (both domestic and foreign) with whom said agreements, charters or written instruments were filed from the date of formation through the present date.

**INTERROGATORY NO. 11**:

Please identify each state or foreign country with whom the Renaissance Group is registered to conduct business and the date of each such registration.

**INTERROGATORY NO. 12**:

Please provide the address and telephone number of the Renaissance Group's principal place of business. Also, please state each address wherein the Renaissance Group has ever had an office or conducted any business from the date of its formation through the present date.

MMM
RBH
MORROW, MORROW,
RYAN, BASSETT & HAIK
[FINANCIAL AGENCY / MARITIME LAW]

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

6

**INTERROGATORY NO. 13**:

Please describe in detail the role, job duties and services Cameron Gamble has performed by or on behalf of Renaissance Group from the date of its formation through the present date.

**INTERROGATORY NO. 14**:

Describe the business relationship between Renaissance Group and Cameron Gamble. Specifically, please state all job titles held by Cameron Gamble; the nature and types of services he provided to Renaissance Group; the manner in which he was paid including any amounts withheld from his gross pay; and describe in detail all written documents that include any information, discussion or agreements with respect to Cameron Gamble's ownership interest and any work performed by him on behalf of Renaissance Group.

**INTERROGATORY NO. 15**:

Have the original Articles of Incorporation of Renaissance Group ever been suspended, revoked, dissolved, amended or canceled? If your answer is anything other than an unqualified "No", please set forth the details with respect to each such action. Your answer should include, but not be limited to, the dates and reasons for each such action and the person, persons, entities or agencies who initiated said actions.

**INTERROGATORY NO. 16**:

Please describe all reasons for your contention that Cameron Gamble is neither a partner nor shareholder in Renaissance Group. Identify each document which supports your contention.

**INTERROGATORY NO. 17**:

Please describe all reasons why Cameron Gamble is no longer performing work for Renaissance Group. Identify each document that supports your contention.

**INTERROGATORY NO. 18**:

Please describe in detail the roles and services provided by Jonas Robertson, Charlie Lusco, Peter Traigle, Richard Hoffman, Lane Franks and Aaron George to or on behalf of Renaissance Group from the date of formation through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY | MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

7

**INTERROGATORY NO. 19:**

With respect to the business known as Renaissance Group, please set forth the following information:

    a.    Set forth the state and country of formation, the registered name as it appears in the original Articles of Partnership, and date of partnership;

    b.    Set for the address and telephone number of the partnership's registered office and the address and telephone number of its principal place of business;

    c.    Describe the names and percentages of ownership in the partnership;

    d.    Set forth the name and address of each officer and/or managing partner of the partnership;

    e.    Set for the name and address of the current President, Vice-President, Treasurer and Secretary of the partnership; and

    f.    Summarize and briefly describe the nature and business of the Renaissance Group.

**INTERROGATORY NO. 20:**

Please identify all evidence, exhibits or any other documents that you plan to introduce at the trial of this matter.

**INTERROGATORY NO. 21:**

Please identify each person whom you "may call" or "will call" as an expert witness at trial, their educational background, their area of expertise, the subject matter about which expert is expected to testify and a summary of the grounds of each opinion.

**INTERROGATORY NO. 22:**

Please identify each and every witness that you "may call" or "will call" as a witness at the trial of this matter.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

8

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:

      Please produce copies of any and all agreements between Renaissance Group and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 2**:

      Please produce copies of any and all agreements between Renaissance Group and Charlie Lusco from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 3**:

      Please produce copies of any and all agreements between Renaissance Group and Jonas Robertson from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 4**:

      Please produce copies of any and all agreements between Renaissance Group and Peter Traigle from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 5**:

      Please produce copies of any and all agreements between Renaissance Group and Lane Franks from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 6**:

      Please produce copies of any and all agreements between Renaissance Group and Richard Hoffman from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 7**:

      Please produce copies of any and all agreements between Renaissance Group and Aaron George from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 8**:

      Please produce copies of any and all records showing any accounts receivable owed to Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 9**:

      Please produce copies of any and all records showing any accounts payable owed by Renaissance Group to anyone from July, 2017 through the present date.

MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY & MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

9

**REQUEST FOR PRODUCTION NO. 10**:

Please produce copies of any and all records showing any income received by Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 11**:

Please produce copies of any and all records showing any funds paid out by Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce copies of any and all records showing any loans made to Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 13**:

Please produce copies of any and all records showing any loans made by Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 14**:

Please produce copies of any and all records showing any capital contributions made into Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 15**:

Please produce copies of any and all records of any dividends and/or profit distributions made by Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 16**:

Please produce copies of any and all records showing any transfer of funds from Renaissance Group to Charlie Lusco, Jonas Robertson, Peter Traigle, Lane Franks, Richard Hoffman and Aaron George.

**REQUEST FOR PRODUCTION NO. 17**:

Please produce copies of all corporate financial statements of Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 18**:

Please produce copies of all annual balance sheets and/or yearend accounting statements for Renaissance Group from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
ATTORNEYS / COUNSELORS AT LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ABBEVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

10

**REQUEST FOR PRODUCTION NO. 19**:

Please produce copies of any and all profit and loss statements for Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 20**:

Please produce copies of any sales of any interest in Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 21**:

Please produce copies of any and all records of any sales and/or transfer of any assets of Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 22**:

Please produce copies of any records showing any orders, purchases and/or sales of timber between Renaissance Group and any person or entity from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 23**:

Please produce copies of any real estate leases entered into by Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 24**:

Please produce a complete up-to-date list showing all assets of Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 25**:

Please produce a complete up-to-date list of all equipment owned and/or leased by or on behalf of Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 26**:

Please produce all documents showing the full name and current address of each entity or individuals having any ownership interest in Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 27**:

Please produce all written and electronic documents, spreadsheets and ledgers showing the nature of the business relationships between Renaissance Group and/or any of



MORROW, MORROW,
RYAN, BASSETT &HAIK
*A PROFESSIONAL COMPANY OF MARITIME LAW*

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

11

its affiliates, partners, officers, directors, members, shareholders and employees from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 28**:

Please produce copies of all records of Renaissance Group which would enable a partner or shareholder to determine the relative voting rights and percentages of ownership of each partner or shareholder from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 29**:

Please produce a copy of the original Articles of Partnership of Renaissance Group, including all predecessor companies or corporations, together with any amendments thereto from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 30**:

Please produce a copy of the original By-Laws of Renaissance Group, including all predecessor companies or corporations, together with any amendments thereto from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 31**:

Please produce copies of any and all minutes of meetings of Renaissance Group, including all predecessor companies or corporations, together with any amendments thereto from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 32**:

Please produce any agreements between Renaissance Group and each of its partners, members, directors, officers, affiliates, related business entities and shareholders, including all predecessor companies or corporations, LLCs, together with any amendments thereto from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 33**:

Please produce copies of all records of Renaissance Group showing the general ledger; cash journals of all receipts; cash journal of all disbursements; quarterly financial statements; the audited financial statements reflecting its overall standing on a semi-annual and annual basis; balance sheets, records of initial capitalization, accounts receivable,

MM
MM
RBH
MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

12

accounts payable, ownership registry book, from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 34**:

Please produce a copy of the Renaissance Group's income tax returns for each year from the date of its formation through the present date.

**REQUEST FOR PRODUCTION NO. 35**:

Please produce copies of any records of Renaissance Group that identify recipients of all distributions, the amount of each distribution, the date of each distribution, and the business purpose of each distribution through the present date.

**REQUEST FOR PRODUCTION NO. 36**:

Please produce all appraisals showing the financial condition of Renaissance Group conducted at any time, regardless of who commissioned the appraisal or the purpose of same from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 37**:

Please produce copies of all financial statements provided by the Renaissance Group to any bank, credit union, financial institution, or lender of any kind since the date of its formation through the present date.

**REQUEST FOR PRODUCTION NO. 38**:

Please produce copies of any records showing all Timber Sales Agreements and/or timber concessions that Renaissance Group has had an ownership interest in from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 39**:

Please produce copies of any records relating to all 43-101 reports on the mines that the Renaissance Group has secured either wholly or partially from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 40**:

Please produce copies of the minutes of any board meetings held by or on behalf of the Renaissance Group from the date of its inception through the present date.

MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

13

**REQUEST FOR PRODUCTION NO. 41**:

Please produce copies of any documents, certificates or writings of any kind that shows the ownership percentage interest of all entities and individuals in Renaissance Group, including all amendments thereto, from the date of its formation through the present date.

**REQUEST FOR PRODUCTIO NO. 42**:

Attached is an email dated November 5, 2018 sent by Charlie Lusco to Cameron Gamble.  The email sent by Charlie Lusco references a document dated January 8, 2018 purportedly stating that Charlie Lusco is the 6th of 7 partners in Renaissance Group and all of its assets.  Please produce the January 8, 2018 document referenced above.

**REQUEST FOR PRODUCTION NO. 43**:

Please produce copies of all documents, agreements of contracts authorizing Terry Joe Bael to perform work for Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 44**:

Please produce copies of all payroll records generated by or on behalf of Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 45**:

Please produce a list of all employees, independent contractors and any other entity or individuals, including name, address, telephone number and job title, who performed any work for or on behalf of Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 46**:

Please produce copies of any records of Renaissance Group showing all timber concession agreements, social agreements and community agreements between any person or entity.  This includes, but is not limited to all agreements to conduct timber harvesting operations in the Tarpeh Forest, Rivercess Forest, Geetroh Forest (a.k.a. Middle of the Night), Sappo Forest and the Compound One Forest located in Liberia, Africa.

MMM
RBH
MORROW, MORROW,
RYAN, BASSETT & HAIK
A LIMITED LIABILITY PARTNERSHIP

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ABBEVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

14

**REQUEST FOR PRODUCTION NO. 47**:

Please produce copies of any and all licenses related to the mining of gold, diamonds, ore or any other minerals, precious metals or natural resources obtained by or on behalf of Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 48**:

Please produce a complete and up-to-date listing of the names of each forest owned or leased by Renaissance Group and the total amount of acres and cubes that have been logged, cut, harvested and/or sold to any entity or individuals by or on behalf of Renaissance Group from the date of its formation through the present date.

**REQUEST FOR PRODUCTION NO. 49**:

Please produce all documents showing a complete and up-to-date list, maps and surveys of all forests, boundaries, acreage including the estimated value of each forest Renaissance Group has had or currently has an ownership interest in from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 50**:

Please produce any and all documents showing the total amount of gross revenue that has been generated by or on behalf of Renaissance Group from timber harvesting operations from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 51**:

Please produce any and all documents showing the total amount of expenses that have been generated by or on behalf of Renaissance Group and/or its shareholders, officers or affiliates from the date of its formation through the present date.

**REQUEST FOR PRODUCTION NO. 52**:

Please produce all photographs relating to the equipment used by Renaissance Group in all timber harvesting operations in Liberia from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 53**:

Please produce all emails, text messages, correspondence and any other records from any entity or individual having an ownership interest in Renaissance Group that



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

discusses or references the percentages of Cameron Gamble's ownership interest in Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 54**:

Please produce all emails, text messages, correspondence and any other records from any entity or individual having an ownership interest in Renaissance Group that discusses or references the percentages of anyone's ownership interest in Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 55**:

Please produce all Liberia Forest Development Authority documents relating to any aspect of the Renaissance Group's timber harvesting operations from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 56**:

Please produce copies of all checks, payments, ledgers, wire transfers and spreadsheets that have been paid to Cameron Gamble from the date of Renaissance Group's formation through the present date.

**REQUEST FOR PRODUCTION NO. 57**:

Please produce all written and electronic records involving the Republic of Liberia Ministry of Lands, Mines and Energy and Renaissance Group conducting business operations in Liberia from the date of formation through the present date. This includes but is not limited to, all application forms, Certificates of Business Registrations and Bureau of Mine Clearances.

**REQUEST FOR PRODUCTION NO. 58**:

Please produce copies of all policies of insurance which may provide coverage to Renaissance Group and its officers, directors, partners, shareholders, related businesses, affiliates, subsidiaries or individuals, against financial loss as a result of liability of the general and/or specific types of allegations alleged in this matter. Your response should include the name and address of the insurance companies, the policy number and the effective dates thereof, and the nature of the coverage and the limits of liability.

MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

**REQUEST FOR PRODUCTION NO. 59**:

Please produce all agreements, documents, reports, emails, text messages and any other records, whether in the form of paper documents or electronic data, that relate in any way to the work performed by Cameron Gamble for Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 60**:

Please provide all agreements between Bob Vaughn and Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 61**:

Please provide all agreements between Albert Andry and Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 62**:

Please provide all agreements between Blake Whittle and Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 63**:

Please provide all agreements between Bob Whittle and Renaissance Group from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 64**:

Please produce all communications, emails, WhatsApp secure text messages and text messages between and among Renaissance Group, its officers and directors, and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 65**:

Please produce all documents which support your allegation that Cameron Gamble embezzled funds from the Renaissance Group.

**REQUEST FOR PRODUCTION NO. 66**:

Please produce all documents which support your contention that Cameron Gamble is neither a partner nor a shareholder in Renaissance Group.


MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY | MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

17

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

_____
JAMES P. RYAN (#11560)
P. CRAIG MORROW (#23536)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com


**ANDERSON, BOUTWELL, TRAYLOR**
J. THOMAS ANDERSON (#2464)
607 W. Morris Avenue
Hammond, LA  70403
Telephone:  (985) 796-2245
tom@abjustice.com


**EDWARDS & STEVENS**
BRADLEY A. STEVENS (#30076)
Post Office Box 974
Amite, LA  70422
Telephone:  (985) 747-1088
Fax:  (985-747-1086
brad@edwardsandstevens.com



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY & MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrblawoffice.com

18

**From:** Charlie Lusco <charlie@luscoandlusco.com>
**Date:** November 5, 2018 at 6:03:13 PM EST
**To:** Cameron Gamble <cameron1gamble@gmail.com>
**Subject: Re: Renaissance Group Questions**

2:00PM CST Tomorrow works for me

On Mon, Nov 5, 2018 at 4:51 PM Cameron Gamble <cameron1gamble@gmail.com> wrote:

Thanks for the reply Charlie. I think we just need to jump on a video call ASAP. You and I are both very strong and passionate people who want the same thing. Email just doesn't allow for us to convey our full emotion or message. Face to face is the only way. How does your tomorrow look?

On Nov 5, 2018, at 4:17 PM, Charlie Lusco <charlie@luscoandlusco.com> wrote:

Cameron,

It's almost impossible to address all of the items you mentioned as this email is extensive and covers every imaginable item for the past year. I'll try touching on as many points as I can but these are issues that could have been brought to me directly and many of which I was hoping to cover during our meeting.

I have a document dated 1/8/2018 stating that I was the 6th of 7 partners in Renaissance Group and all of their assets. Not sure why this wouldn't have been shared with you. When I first became involved, my points of contact for Renaissance Group were Pete Traigle and Jonas Robertson. I was never involved in any decision-making when it came to acquisitions of additional forests or mines but the money I contributed had been used to make acquisitions and operate. My opinion is that you never should have been expected to make every decision in such a large operation covering so much space because it is physically impossible to be effective, especially given the rate that new forests were being acquired. This is the whole reason for establishing everyone's role in this company moving forward. I don't know what your initial agreement was regarding your position, responsibilities, and expectations in Liberia for Renaissance Group and have never seen a document stating anything. My assumption is that it was all discussed verbally. Each of the partners made investments with the Company, mostly in the form of capital contributions. My understanding has always been that your investment was your time, for 5 years, ensuring this operation was successful. I understand the sacrifice anyone would make to be in Liberia but that was a sacrifice that you accepted in exchange for being involved in a billion dollar operation. Based on the email you sent, I want to make sure that is still an investment you feel comfortable making. What do

1

you feel you agreed to in terms of time spent in Liberia?  I want to make sure I have a clear understanding moving forward of what everyone's obligations are in the group.

I have an extremely close relationship to my family as do all of the members to my knowledge and being transparent about taking time off would never have been criticized by anyone including Pete or myself.  You have to realize that people become misinformed and start guessing and formulating their own opinions when communication is non-existent.  There have been multiple times you were unresponsive to me and most of the members of the group for days at a time.  Most recently, it was over a week.  Throughout the past few months, you have never reached out to me with information, only to request more money.  Anytime I've requested backup, receipts, etc. I was not given anything.  This is all changing as you know.

To your comment about your sacrifices being made so that others can be made wealthier, I need you to understand that NO ONE in this group has made $1 off of this investment.  No one knows at this point when or if we will ever make a dollar.  The opportunity is absolutely real but nothing is going to get accomplished at this rate.  We have spent an unbelievable amount of time going back and forth between people spreading misinformation and drama without getting anything accomplished and it's affecting our reputation on a global scale.  I do not operate this way.  I set forth expectations and only ask that the people on my team deliver.

Based on your comments about Joe and his crew, I do not believe we will be successful with having Joe go to Liberia.  With that being said, I do not think we will be successful sending any crews moving forward unless we can come to an agreement between you and I on how these crews will operate.  I sent Joe and his crew with money out of my pocket, not money from Renaissance Group.  I can also assure you they were not paid what you think they were paid.  They came back stating that they were met with resistance and I heard this from multiple sources.  This cannot happen if we get them back to Liberia with their crews and equipment.  There is a lot of work to do and Joe's crew is supposed to be one of many.   Joe understands his expectations and they are spelled out in writing in his contract.  If he is working to remove the 30,000 cubes from our current forest, Renaissance's agreement with Joe is that he will be in charge of timber operations and crews in the bush.  He will have to be in charge of all personnel in the bush including providing funds to pay workers.

I think the reason you have not been successful in Liberia is not because you aren't capable but because you are trying to do everything alone.  You will need to give up some responsibilities and it may be painful to your ego but that is what we need to be successful on a larger scale.  I am not asking you to be an administrator for Renaissance Group.  You are continuing to be the COO and I am the CEO.  We will work together directly on a daily basis.  Your position is to offer support to Joe and any other crews we send to Africa.  It would not be realistic to have 4-5 crews operating simultaneously in different forests while having you micro-manage their day-to-day activity.  All the while, we are sending buyers to meet you as a partner and representative of Renaissance Group

while you are tied up in the bush. We have to develop a process where things do not fall apart the moment you are away. That is the goal.

I think you should be with your family on a more regular basis and do not see any reason why you would not be able to leave for 1 week a month to visit them in the US. In order for that to happen, we have to put this system in place. If you realistically want this to happen, you will be 100% in support of these changes. There is a much bigger picture here that we have to see as a Company.

I don't want to spend anymore time on the past. There is far too much to accomplish in the immediate future and I need you and I to be on the same page. I don't mince words. You don't have to like Joe but he is coming to Africa with equipment to cut trees. You need to do everything in your power to ensure he is successful. If he is successful, I will send more crews and equipment, you will be able to see your family more often, and the Renaissance Group can begin to make a profit while helping thousands of people that have entrusted us to bring them some prosperity. That is the reality.

What are your current plans for returning to Liberia? Your well-being is important so I need a realistic timeline for you to heal and return to Liberia 100% healthy. Joe and his crew are leaving this week to head there. They will be limited as to what they can do when they get there until their equipment arrives but they have been asked to begin fixing any broken equipment and using the existing equipment to begin moving as many logs as possible. Joe and his crew will need transportation from the airport and for the first few days until he is able to purchase a vehicle. Can you assist with this?

We need to have a weekly call or video conference from now on. If you are busy, we will find the time.

Let's start moving forward.

Thanks,
Charlie

CAMERON GAMBLE                          CIVIL DOCKET NO. 2019-0001190

VERSUS

RENAISSANCE GROUP;
RENAISSANCE GROUP, INC.;          21ST JUDICIAL DISTRICT COURT
RENAISSANCE, INC.;
CHARLIE LUSCO;
JONAS ROBERTSON;
PETER TRAIGLE;
LANE FRANKS; and
RICHARD HOFFMAN;                   TANGIPAHOA PARISH, LOUISIANA

---

### PLAINTIFF'S FIRST SET OF WRITTEN
### DISCOVERY TO DEFENDANT,
### RENAISSANCE GROUP, INC.

---

**TO:   RENAISSANCE GROUP, INC.**
Through Jonas Robertson
2301 Par 3 Drive
Harvey, Louisiana 70058

NOW INTO COURT, through undersigned counsel, comes plaintiff, **Cameron Gamble,** who propounds the following First Set of Written Discovery to defendant, **Renaissance Group, Inc.**

Please take notice that you are herein notified and required to answer separately, fully, in writing, and under oath the following First Set of Written Discovery served on you and to serve your answers thereto to the undersigned counsel within fifteen (15) days from the date of service thereof in accordance with the provisions of the Louisiana Code of Civil Procedure.

### PRELIMINARY STATEMENT

A.    In answering this First Set of Written Discovery, you are required to furnish such information as is available to you, including information in the possession of your investigators, employees, agents, representatives, guardians, attorneys, investigators for your attorney and any other person or persons acting on your behalf.

B.    If you cannot answer any of the following First Set of Written Discovery in full, after exercising due diligence to secure the information to do so, so state and answer

MORROW, MORROW,
RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

1

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 15 Page Sequence: 1

to the extent possible specifying your inability to answer the remainder and stating

whatever information or knowledge you have concerning the unanswered portion.

C.      Each Interrogatory and/or Request is intended to and does request that each

and every part be answered with the same force and effect as if such part were the subject

of and were asked by a separate Interrogatory and/or Request.

D.      Each interrogatory hereinafter set forth not only calls for the knowledge of

the defendant, but also for the knowledge that is available to each of the said defendants

by reasonable inquiry, including inquiry of their representatives and attorneys.

E.      Please follow these instruction when responding to this First Set of Written

Discovery:

1.      If the defendant lacks information with respect to any Interrogatory or sub-
part thereof, please state the fact and answer that Interrogatory to the best of
their knowledge and belief.

2.      These Interrogatories are continuing in character, so as to require defendant
to file immediate supplemental answers if defendant obtains further or
different information.

3.      All supplemental answers shall be filed in accordance with the Louisiana
Code of Civil Procedure and shall be rendered due upon the occurrence of an
event, happening, or discovery of such.

4.      **"You"**, **"your"**, **"Renaissance"** or **"Defendant"** - shall refer to Defendant,
**Renaissance Group, Inc.**, unless specifically noted, and all parties acting on
its behalf, including but not limited to, employees, officers, managers,
directors, parent corporations, subsidiaries, affiliated entities, associates,
consultants, investigators, secretaries, assistants, agents, brokers, claims
adjusters, independent claims adjusters, or attorneys and any Related Parties
as defined in Paragraph 5.

5.      **"Related Parties"** - Shall mean any person, firm or entity considered a
related party by the Statement of Financial Accounting Standards (SFAS 57)
of the Financial Accounting Standards (FASB), including: (a) any party that
directly or indirectly has the power to direct or cause the direction of
management and policies of you by virtue of ownership, contract or any other
means (hereafter "controlling party"); (b) any party that either directly or
indirectly controls, is controlled by, or is under common control of a
company (hereafter "affiliate"); (c) principal owners of the company; (d)
management of the company; (e) members of the immediate family of
principal owners or management; (f) any party with which the company may
do business if either party does or can control or significantly influence the
management or operating policies of the other party to an extent that either
party might be prevented from pursuing its own interests; (g) any party that
can significantly influence the management or operating policies of other
parties to a transaction, or that has an equity interest in one of the transacting
parties and can significantly influence the other party to an extent that either
of the transacting parties might be prevented from pursuant its own interests;
and (h) subsidiaries of any of the above.



MORROW, MORROW,
RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Abbeville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

2

6.   When used with respect to an individual, the word "**identify**" and the word "**describe**" mean to state the full name and present or last known address of each person, the present of last known position and the business affiliation of each person, including a job or position title or brief job or position description for each person at the present time and at all times during the period of these interrogatories.

7.   When used with respect to a business entity or association, the word "**identify**" or "**describe**" means to state the full business name, place of incorporation, if applicable, principal place of business, and the general nature of the business conducted.

8.   When used with respect to an oral communication, the word "**identify**" or "**describe**" means to state exactly what was said, including but not limited to where it was said, when it was said, by whom it was said, to whom it was said, and including the name of each person present or having direct knowledge of the communication.

9.   When used with respect to a meeting, conference, contract, conversation, discussion, or a negotiation, the word "**identify**" or "**describe**" means to state the place and date of the meeting or conference, the individuals present, including their business affiliations, and positions or job titles, the subject matter discussed, and to identify any documents mentioning, referring or relating to said meeting or conference.

10.  When used with respect to an agreement or contract, "**identify**" or "**describe**" means to state exactly what was agreed to or contracted for, orally or written, directly or indirectly, assertively or through omission, as well as dates, locations, the parties thereto, the duration, and to identify the documents constituting the agreement or contract.  Further, when referring to an agreement or contract, the subject matter shall include all drafts, discussions, or proposals.

11.  When used with respect to an event, occurrence or instance, "**identify**" or "**describe**" means to state the date, the place, the parties present, the subject matter discussed, the reasons for the occurrence, event or instance, and the effects thereof.

12.  "**And**" means both the conjunctive "and" and the disjunctive "or" and the words "and/or.

13.  "**He**", "**him**" or "**his**" when referring to any person shall be deemed to include all other genders and the singular shall be deemed to include the plural.

14.  If you lack information with respect to any Request for Production of Documents or any sub-part thereof, please state that fact and answer the Request for Production of Documents to the best of your knowledge and belief.

15.  These Request for Production of Documents are continuing in character so as to require you to file supplemental responses immediately if they or any of their agents, representatives, attorney or employees obtain further or different documentation subsequent to your original responses.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY FIGHTERS AT LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

3

16. If any requested document has been lost or destroyed, provide a statement regarding the circumstances relating to the loss or destruction of said document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.

17. If you claim any type of privilege as to any documents requested, identify such documents in your written responses, giving the following information: (a) date of document; (b) author of document; (c) addressee of document; (d) nature of document, such as memorandum, letter, etc.; (e) anyone who has received a copy of the document; (f) the general subject matter of the document; (g) basis of claim of privilege (e.g. attorney-client, work product, etc.)

18. The term **"document"** or **"documentation"** shall, unless otherwise indicated, mean all written or printed matter of any kind in your possession, custody or control, which is either known to you or can be located or discovered by diligent effort, including the originals and all non-identical copies whether different from the original by reason of any notation made upon such copies or otherwise. This includes without limitation, all contracts, correspondence, memoranda, notes, letters, telegrams, facsimile transmittals, telefax, diaries, communications, e-mails, messages of any kind, minutes of meetings, estimates, appraisals, studies, reports, instructions, requests, checks, statements, receipts, returns, summaries, inter and intra-office communications, offers, invoices, worksheets, calendars, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, or representations of any kind. This further includes, without limitation, phonorecords, photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, cassettes, computer disks, recordings and computer printouts, and any other data compilations.

19. *Please be advised that any and all electronic documents, files or data which is requested herein must be provided to the Plaintiffs in the native format. This requires that you provide the originally created data in the format utilized by the software originally used to create the data. For example, if the data was originally recorded or drafted using Microsoft Word, please provide us with the Word formatted document, otherwise indicated as a "*.doc" file. If a document is requested that was originally drafted, sent and/or otherwise existing in an electronic format, we request that the document be provided to us in the native electronic format.*

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please state the classification of the entity, Renaissance Group, Inc. (i.e. is it a sole proprietorship, joint venture, general partnership, limited partnership, limited liability partnership, limited liability company or corporation?) Identify and describe all documents which support your answer.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY & MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbblawoffice.com

4

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 15 Page Sequence: 4

**INTERROGATORY NO. 2**:

Please identify all entities and/or individuals who currently have, or have ever had, an ownership interest, or any other financial interest, in Renaissance Group, Inc., and describe that entity or person's role and percentage owned, whether as an owner, investor, subsidiary, partner, related party or any other financial interest or arrangement from the date of its formation through the present date.

**INTERROGATORY NO. 3**:

Please identify all entities and/or individuals which held any managerial responsibility of Renaissance Group, Inc., including but not limited to entities and/or individuals with an ownership interest, legal interest, financial interest, regulatory interest, management contracts or partnership agreements from the date of formation through the present date.

**INTERROGATORY NO. 4**:

Please identify and describe any actions taken by Renaissance Group, Inc. and/or its affiliates, owners, investors, subsidiaries, related parties or partners with regard to any negotiations, agreements or proposals to buy out Cameron Gamble's ownership interest in Renaissance Group, Inc. from the date of its formation through the present date.

**INTERROGATORY NO. 5**:

Please state the name, address, dates of ownership and percentage of ownership for each person or entity that owns or has ever owned any percentage of Renaissance Group, Inc. from the date of formation through the present date.

**INTERROGATORY NO. 6**:

Please summarize and briefly describe the nature and operation of Renaissance Group, Inc., including in your answer the reason or purpose for its creation from the date of formation through the present date.

**INTERROGATORY NO. 7**:

Please identify (by title, date, and signatories) all Articles of Incorporation (including any amendments), written instruments, contracts, MOUs, or agreements that



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY | MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

5

relate to the creation, ownership and overall business operations of Renaissance Group, Inc. from the date of formation through the present date.

## INTERROGATORY NO. 8:

Please state whether Renaissance Group, Inc. has ever operated under any other name from the date of its formation through the present date. If so, for each such entity and/or individual, please state the dates and places wherein said names were used. Also, please state whether or not Renaissance Group, Inc. was ever registered as an "assumed name" or d/b/a in any city, county, parish, state, or foreign country. If so, for each registration, please set forth the assumed name or d/b/a, the date and place of registration and the name of the entities and/or individuals who signed and filed said registrations from the date of formation through the present date.

## INTERROGATORY NO. 9:

Please state the name and address of the current President, CEO, COO, CFO, Vice-President, Treasurer, Director of Operations and Secretary of Renaissance Group, Inc. from the date of its formation through the present date.

## INTERROGATORY NO. 10:

Please identify all agreements, charters or written instruments under which Renaissance Group, Inc. entity operates and any amendments thereto, and indicate its date; also, please identify every governmental department or agency (both domestic and foreign) with whom said agreements, charters or written instruments were filed from the date of formation through the present date.

## INTERROGATORY NO. 11:

Please identify each state or foreign country with whom Renaissance Group, Inc. is registered to conduct business and the date of each such registration.

## INTERROGATORY NO. 12:

Please provide the address and telephone number of Renaissance Group, Inc.'s principal place of business. Also, please state each address wherein Renaissance Group, Inc. has ever had an office or conducted any business from the date of its formation through the present date.



MORROW, MORROW, RYAN, BASSETT & HAIK
PERSONAL INJURY ATTORNEYS

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

6

**INTERROGATORY NO. 13**:

Please describe in detail the role, job duties and services Cameron Gamble has performed by or on behalf of Renaissance Group, Inc. from the date of its formation through the present date.

**INTERROGATORY NO. 14**:

Describe the business relationship between Renaissance Group, Inc. and Cameron Gamble.  Specifically, please state all job titles held by Cameron Gamble; the nature and types of services he provided to Renaissance Group, Inc.; the manner in which he was paid including any amounts withheld from his gross pay; and describe in detail all written documents that include any information, discussion or agreements with respect to Cameron Gamble's ownership interest and any work performed by him on behalf of Renaissance Group, Inc..

**INTERROGATORY NO. 15**:

Have the original Articles of Incorporation of Renaissance Group, Inc. ever been suspended, revoked, dissolved, amended or canceled?  If your answer is anything other than an unqualified "No", please set forth the details with respect to each such action.  Your answer should include, but not be limited to, the dates and reasons for each such action and the person, persons, entities or agencies who initiated said actions.

**INTERROGATORY NO. 16**:

Please describe all reasons for your contention that Cameron Gamble is neither a partner nor shareholder in Renaissance Group, Inc.  Identify each document which supports your contention.

**INTERROGATORY NO. 17**:

Please describe all reasons why Cameron Gamble is no longer performing work for Renaissance Group, Inc.  Identify each document that supports your contention.

**INTERROGATORY NO. 18**:

Please describe in detail the roles and services provided by Jonas Robertson, Charlie Lusco, Peter Traigle, Richard Hoffman, Lane Franks and Aaron George to or on behalf of Renaissance Group, Inc. from the date of formation through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

7

**INTERROGATORY NO. 19**:

With respect to the business known as Renaissance Group, Inc., please set forth the following information:

    a.    Set forth the state and country of incorporation, the registered name as it appears in the original Articles of Incorporation, and date of incorporation;

    b.    Set forth the address and telephone number of the corporation's registered office and the address and telephone number of its principal place of business;

    c.    Describe each class of stock and, for each such class, set forth the total number of shares authorized, the total number of shares issued and the total number of shares outstanding;

    d.    Set forth the name and address of each member of the Board of Directors and specify the number of shares of each class of stock owned by each director. Also indicate which director is the Chairman of the Board;

    e.    Set forth the name and address of the current President, Vice-President, Treasurer and Secretary; and to the extent that you have not already done so, specify the number of shares of each class of stock owned by each officer; and

    f.    Summarize and briefly describe the nature and business of the Renaissance Group.

**INTERROGATORY NO. 20**:

Please identify all evidence, exhibits or any other documents that you plan to introduce at the trial of this matter.

**INTERROGATORY NO. 21**:

Please identify each person whom you "may call" or "will call" as an expert witness at trial, their educational background, their area of expertise, the subject matter about which expert is expected to testify and a summary of the grounds of each opinion.

**INTERROGATORY NO. 22**:

Please identify each and every witness that you "may call" or "will call" as a witness at the trial of this matter.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

8

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:

Please produce copies of any and all agreements between Renaissance Group, Inc. and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 2**:

Please produce copies of any and all agreements between Renaissance Group, Inc. and Charlie Lusco from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 3**:

Please produce copies of any and all agreements between Renaissance Group, Inc. and Jonas Robertson from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 4**:

Please produce copies of any and all agreements between Renaissance Group, Inc. and Peter Traigle from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 5**:

Please produce copies of any and all agreements between Renaissance Group, Inc. and Lane Franks from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 6**:

Please produce copies of any and all agreements between Renaissance Group, Inc. and Richard Hoffman from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 7**:

Please produce copies of any and all agreements between Renaissance Group, Inc. and Aaron George from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 8**:

Please produce copies of any and all records showing any accounts receivable owed to Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 9**:

Please produce copies of any and all records showing any accounts payable owed by Renaissance Group, Inc. to anyone from July, 2017 through the present date.

MORROW, MORROW,
RYAN, BASSETT & HAIK
324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

9

**REQUEST FOR PRODUCTION NO. 10**:

Please produce copies of any and all records showing any income received by Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 11**:

Please produce copies of any and all records showing any funds paid out by Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce copies of any and all records showing any loans made to Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 13**:

Please produce copies of any and all records showing any loans made by Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 14**:

Please produce copies of any and all records showing any capital contributions made into Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 15**:

Please produce copies of any and all records of any dividends and/or profit distributions made by Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 16**:

Please produce copies of any and all records showing any transfer of funds from Renaissance Group, Inc. to Charlie Lusco, Jonas Robertson, Peter Traigle, Lane Franks, Richard Hoffman and Aaron George.

**REQUEST FOR PRODUCTION NO. 17**:

Please produce copies of all corporate financial statements of Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 18**:

Please produce copies of all annual balance sheets and/or yearend accounting statements for Renaissance Group, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 15 Page Sequence: 10

**REQUEST FOR PRODUCTION NO. 19**:

Please produce copies of any and all profit and loss statements for Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 20**:

Please produce copies of any all stock sales of stock of Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 21**:

Please produce copies of any and all records of any sales and/or transfer of any assets of Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 22**:

Please produce copies of any records showing any orders, purchases and/or sales of timber between Renaissance Group, Inc. and any person or entity from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 23**:

Please produce copies of any real estate leases entered into by Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 24**:

Please produce a complete up-to-date list showing all assets of Renaissance Group, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 25**:

Please produce a complete up-to-date list of all equipment owned and/or leased by or on behalf of Renaissance Group, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 26**:

Please produce all documents showing the full name and current address of each entity or individuals having any ownership interest in Renaissance Group, Inc. from the date of formation through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY | MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Armaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

11

**REQUEST FOR PRODUCTION NO. 27**:

Please produce all written and electronic documents, spreadsheets and ledgers showing the nature of the business relationships between Renaissance Group, Inc. and/or any of its affiliates, partners, officers, directors, members, shareholders and employees from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 28**:

Please produce copies of all records of Renaissance Group, Inc. which would enable a partner or shareholder to determine the relative voting rights and percentages of ownership of each partner or shareholder from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 29**:

Please produce a copy of the original Articles of Organization of Renaissance Group, Inc., including all predecessor companies or corporations, together with any amendments thereto from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 30**:

Please produce a copy of the original By-Laws of Renaissance Group, Inc., including all predecessor companies or corporations, together with any amendments thereto from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 31**:

Please produce copies of any minutes of meetings of Renaissance Group, Inc., including all predecessor companies or corporations, together with any amendments thereto from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 32**:

Please produce any agreements between Renaissance Group, Inc. and each of its partners, members, directors, officers, affiliates, related business entities and shareholders, including all predecessor companies or corporations, LLCs, together with any amendments thereto from the date of formation through the present date.

MML
RBH
MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

12

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 15 Page Sequence: 12

**REQUEST FOR PRODUCTION NO. 33**:

Please produce copies of all records of Renaissance Group, Inc. showing the general ledger; cash journals of all receipts; cash journal of all disbursements; quarterly financial statements; the audited financial statements reflecting its overall standing on a semi-annual and annual basis; balance sheets, records of initial capitalization, accounts receivable, accounts payable, ownership registry book, from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 34**:

Please produce a copy of the Renaissance Group, Inc.'s income tax returns for each year from the date of its formation through the present date.

**REQUEST FOR PRODUCTION NO. 35**:

Please produce copies of any records of Renaissance Group, Inc. that identify recipients of all distributions, the amount of each distribution, the date of each distribution, and the business purpose of each distribution through the present date.

**REQUEST FOR PRODUCTION NO. 36**:

Please produce all appraisals showing the financial condition of Renaissance Group, Inc. conducted at any time, regardless of who commissioned the appraisal or the purpose of same from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 37**:

Please produce copies of all financial statements provided by the Renaissance Group, Inc. to any bank, credit union, financial institution, or lender of any kind since the date of its formation through the present date.

**REQUEST FOR PRODUCTION NO. 38**:

Please produce copies of any records showing all Timber Sales Agreements and/or timber concessions that Renaissance Group, Inc. has had an ownership interest in from the date of formation through the present date.


MORROW, MORROW,
RYAN, BASSETT & HAIK
— PROFESSIONAL LAW CORPORATION —

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

13

**REQUEST FOR PRODUCTION NO. 39**:

Please produce copies of any records relating to all 43-101 reports on the mines that Renaissance Group, Inc. has secured either wholly or partially from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 40**:

Please produce copies of the minutes of any board meetings held by or on behalf of Renaissance Group, Inc. from the date of its inception through the present date.

**REQUEST FOR PRODUCTION NO. 41**:

Please produce copies of any documents, certificates or writings of any kind that shows the ownership percentage interest of all entities and individuals in Renaissance Group, Inc., including all amendments thereto, from the date of its formation through the present date.

**REQUEST FOR PRODUCTIO NO. 42**:

Attached is an email dated November 5, 2018 sent by Charlie Lusco to Cameron Gamble. The email sent by Charlie Lusco references a document dated January 8, 2018 purportedly stating that Charlie Lusco is the 6th of 7 partners in Renaissance Group, Inc. and all of its assets. Please produce the January 8, 2018 document referenced above.

**REQUEST FOR PRODUCTION NO. 43**:

Please produce copies of all documents, agreements of contracts authorizing Terry Joe Bael to perform work for Renaissance Group, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 44**:

Please produce copies of all payroll records generated by or on behalf of Renaissance Group, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 45**:

Please produce a list of all employees, independent contractors and any other entity or individuals, including name, address, telephone number and job title, who performed any work for or on behalf of Renaissance Group, Inc. from the date of formation through the present date.



MORROW, MORROW, RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ABBEVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

14

**REQUEST FOR PRODUCTION NO. 46**:

Please produce copies of any records of Renaissance Group, Inc. showing all timber concession agreements, social agreements and community agreements between any person or entity. This includes, but is not limited to all agreements to conduct timber harvesting operations in the Tarpeh Forest, Rivercess Forest, Geetroh Forest (a.k.a. Middle of the Night), Sappo Forest and the Compound One Forest located in Liberia, Africa.

**REQUEST FOR PRODUCTION NO. 47**:

Please produce copies of any and all licenses related to the mining of gold, diamonds, ore or any other minerals, precious metals or natural resources obtained by or on behalf of Renaissance Group, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 48**:

Please produce a complete and up-to-date listing of the names of each forest owned or leased by Renaissance Group, Inc. and the total amount of acres and cubes that have been logged, cut, harvested and/or sold to any entity or individuals by or on behalf of Renaissance Group, Inc. from the date of its formation through the present date.

**REQUEST FOR PRODUCTION NO. 49**:

Please produce all documents showing a complete and up-to-date list, maps and surveys of all forests, boundaries, acreage including the estimated value of each forest Renaissance Group, Inc. has had or currently has an ownership interest in from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 50**:

Please produce any and all documents showing the total amount of gross revenue that has been generated by or on behalf of Renaissance Group, Inc. from timber harvesting operations from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 51**:

Please produce any and all documents showing the total amount of expenses that have been generated by or on behalf of Renaissance Group, Inc. and/or its shareholders, officers or affiliates from the date of its formation through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LAW CORPORATION

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

**REQUEST FOR PRODUCTION NO. 52**:

Please produce all photographs relating to the equipment used by Renaissance Group, Inc. in all timber harvesting operations in Liberia from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 53**:

Please produce all emails, text messages, correspondence and any other records from any entity or individual having an ownership interest in Renaissance Group, Inc. that discusses or references the percentages of Cameron Gamble's ownership interest in Renaissance Group, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 54**:

Please produce all emails, text messages, correspondence and any other records from any entity or individual having an ownership interest in Renaissance Group, Inc. that discusses or references the percentages of anyone's ownership interest in Renaissance Group, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 55**:

Please produce all Liberia Forest Development Authority documents relating to any aspect of Renaissance Group, Inc.'s timber harvesting operations from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 56**:

Please produce copies of all checks, payments, ledgers, wire transfers and spreadsheets that have been paid to Cameron Gamble from the date of Renaissance Group, Inc.'s formation through the present date.

**REQUEST FOR PRODUCTION NO. 57**:

Please produce all written and electronic records involving the Republic of Liberia Ministry of Lands, Mines and Energy and Renaissance Group, Inc. conducting business operations in Liberia from the date of formation through the present date. This includes but is not limited to, all application forms, Certificates of Business Registrations and Bureau of Mine Clearances.



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LIABILITY LAW PARTNERSHIP

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

16

**REQUEST FOR PRODUCTION NO. 58**:

Please produce copies of all policies of insurance which may provide coverage to Renaissance Group, Inc. and its officers, directors, partners, shareholders, related businesses, affiliates, subsidiaries or individuals, against financial loss as a result of liability of the general and/or specific types of allegations alleged in this matter. Your response should include the name and address of the insurance companies, the policy number and the effective dates thereof, and the nature of the coverage and the limits of liability.

**REQUEST FOR PRODUCTION NO. 59**:

Please produce all agreements, documents, reports, emails, text messages and any other records, whether in the form of paper documents or electronic data, that relate in any way to the work performed by Cameron Gamble for Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 60**:

Please provide all agreements between Bob Vaughn and Renaissance Group, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 61**:

Please provide all agreements between Albert Andry and Renaissance Group, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 62**:

Please provide all agreements between Blake Whittle and Renaissance Group, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 63**:

Please provide all agreements between Bob Whittle and Renaissance Group, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 64**:

Please produce all communications, emails, WhatsApp secure text messages and text messages between and among Renaissance Group, Inc., its officers and directors, and Cameron Gamble from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PROFESSIONAL SERVICE / LIABILITY LAW
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

17

**REQUEST FOR PRODUCTION NO. 66**:

Please produce all documents which support your allegation that Cameron Gamble embezzled funds from Renaissance Group, Inc.

**REQUEST FOR PRODUCTION NO. 66**:

Please produce all documents which support your contention that Cameron Gamble is neither a partner nor a shareholder in Renaissance Group, Inc.

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

JAMES P. RYAN (#11560)
P. CRAIG MORROW (#23536)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com

**ANDERSON, BOUTWELL, TRAYLOR**
J. THOMAS ANDERSON (#2464)
607 W. Morris Avenue
Hammond, LA 70403
Telephone: (985) 796-2245
tom@abjustice.com

**EDWARDS & STEVENS**
BRADLEY A. STEVENS (#30076)
Post Office Box 974
Amite, LA 70422
Telephone: (985) 747-1088
Fax: (985-747-1086
brad@edwardsandstevens.com



MORROW, MORROW,
RYAN, BASSETT & HAIK
PROFESSIONAL GROUP / A LAW CORPORATION

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARMAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

18

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 15 Page Sequence: 18

**From:** Charlie Lusco <charlie@luscoandlusco.com>
**Date:** November 5, 2018 at 6:03:13 PM EST
**To:** Cameron Gamble <cameron1gamble@gmail.com>
**Subject: Re: Renaissance Group Questions**

2:00PM CST Tomorrow works for me

On Mon, Nov 5, 2018 at 4:51 PM Cameron Gamble <cameron1gamble@gmail.com> wrote:

Thanks for the reply Charlie. I think we just need to jump on a video call ASAP. You and I are both very strong and passionate people who want the same thing. Email just doesn't allow for us to convey our full emotion or message. Face to face is the only way. How does your tomorrow look?

On Nov 5, 2018, at 4:17 PM, Charlie Lusco <charlie@luscoandlusco.com> wrote:

Cameron,

It's almost impossible to address all of the items you mentioned as this email is extensive and covers every imaginable item for the past year. I'll try touching on as many points as I can but these are issues that could have been brought to me directly and many of which I was hoping to cover during our meeting.

I have a document dated 1/8/2018 stating that I was the 6th of 7 partners in Renaissance Group and all of their assets. Not sure why this wouldn't have been shared with you. When I first became involved, my points of contact for Renaissance Group were Pete Traigle and Jonas Robertson. I was never involved in any decision-making when it came to acquisitions of additional forests or mines but the money I contributed had been used to make acquisitions and operate. My opinion is that you never should have been expected to make every decision in such a large operation covering so much space because it is physically impossible to be effective, especially given the rate that new forests were being acquired. This is the whole reason for establishing everyone's role in this company moving forward. I don't know what your initial agreement was regarding your position, responsibilities, and expectations in Liberia for Renaissance Group and have never seen a document stating anything. My assumption is that it was all discussed verbally. Each of the partners made investments with the Company, mostly in the form of capital contributions. My understanding has always been that your investment was your time, for 5 years, ensuring this operation was successful. I understand the sacrifice anyone would make to be in Liberia but that was a sacrifice that you accepted in exchange for being involved in a billion dollar operation. Based on the email you sent, I want to make sure that is still an investment you feel comfortable making. What do

1

you feel you agreed to in terms of time spent in Liberia?  I want to make sure I have a clear understanding moving forward of what everyone's obligations are in the group.

I have an extremely close relationship to my family as do all of the members to my knowledge and being transparent about taking time off would never have been criticized by anyone including Pete or myself.  You have to realize that people become misinformed and start guessing and formulating their own opinions when communication is non-existent.  There have been multiple times you were unresponsive to me and most of the members of the group for days at a time.  Most recently, it was over a week.  Throughout the past few months, you have never reached out to me with information, only to request more money.  Anytime I've requested backup, receipts, etc. I was not given anything.  This is all changing as you know.

To your comment about your sacrifices being made so that others can be made wealthier, I need you to understand that NO ONE in this group has made $1 off of this investment.  No one knows at this point when or if we will ever make a dollar.  The opportunity is absolutely real but nothing is going to get accomplished at this rate.  We have spent an unbelievable amount of time going back and forth between people spreading misinformation and drama without getting anything accomplished and it's affecting our reputation on a global scale.  I do not operate this way.  I set forth expectations and only ask that the people on my team deliver.

Based on your comments about Joe and his crew, I do not believe we will be successful with having Joe go to Liberia.  With that being said, I do not think we will be successful sending any crews moving forward unless we can come to an agreement between you and I on how these crews will operate.  I sent Joe and his crew with money out of my pocket, not money from Renaissance Group.  I can also assure you they were not paid what you think they were paid.  They came back stating that they were met with resistance and I heard this from multiple sources.  This cannot happen if we get them back to Liberia with their crews and equipment.  There is a lot of work to do and Joe's crew is supposed to be one of many.   Joe understands his expectations and they are spelled out in writing in his contract.  If he is working to remove the 30,000 cubes from our current forest, Renaissance's agreement with Joe is that he will be in charge of timber operations and crews in the bush.  He will have to be in charge of all personnel in the bush including providing funds to pay workers.

I think the reason you have not been successful in Liberia is not because you aren't capable but because you are trying to do everything alone.  You will need to give up some responsibilities and it may be painful to your ego but that is what we need to be successful on a larger scale.  I am not asking you to be an administrator for Renaissance Group.  You are continuing to be the COO and I am the CEO.  We will work together directly on a daily basis.  Your position is to offer support to Joe and any other crews we send to Africa.  It would not be realistic to have 4-5 crews operating simultaneously in different forests while having you micro-manage their day-to-day activity.  All the while, we are sending buyers to meet you as a partner and representative of Renaissance Group

2

while you are tied up in the bush. We have to develop a process where things do not fall apart the moment you are away. That is the goal.

I think you should be with your family on a more regular basis and do not see any reason why you would not be able to leave for 1 week a month to visit them in the US. In order for that to happen, we have to put this system in place. If you realistically want this to happen, you will be 100% in support of these changes. There is a much bigger picture here that we have to see as a Company.

I don't want to spend anymore time on the past. There is far too much to accomplish in the immediate future and I need you and I to be on the same page. I don't mince words. You don't have to like Joe but he is coming to Africa with equipment to cut trees. You need to do everything in your power to ensure he is successful. If he is successful, I will send more crews and equipment, you will be able to see your family more often, and the Renaissance Group can begin to make a profit while helping thousands of people that have entrusted us to bring them some prosperity. That is the reality.

What are your current plans for returning to Liberia? Your well-being is important so I need a realistic timeline for you to heal and return to Liberia 100% healthy. Joe and his crew are leaving this week to head there. They will be limited as to what they can do when they get there until their equipment arrives but they have been asked to begin fixing any broken equipment and using the existing equipment to begin moving as many logs as possible. Joe and his crew will need transportation from the airport and for the first few days until he is able to purchase a vehicle. Can you assist with this?

We need to have a weekly call or video conference from now on. If you are busy, we will find the time.

Let's start moving forward.

Thanks,
Charlie

FILED _____

_Anna Bailey_

DY. CLERK OF COURT

CAMERON GAMBLE

CIVIL DOCKET NO. 2019-0001190

VERSUS

RENAISSANCE GROUP;
RENAISSANCE GROUP, INC.;      21ST JUDICIAL DISTRICT COURT
RENAISSANCE, INC.;
CHARLIE LUSCO;
JONAS ROBERTSON;
PETER TRAIGLE;
LANE FRANKS; and
RICHARD HOFFMAN;             TANGIPAHOA PARISH, LOUISIANA

---

**PLAINTIFF'S FIRST SET OF WRITTEN
DISCOVERY TO DEFENDANT,
RENAISSANCE, INC.**

---

**TO:  RENAISSANCE, INC.**
Through Jonas Robertson
2301 Par 3 Drive
Harvey, Louisiana 70058

NOW INTO COURT, through undersigned counsel, comes plaintiff, **Cameron Gamble,** who propounds the following First Set of Written Discovery to defendant, **Renaissance, Inc.**

Please take notice that you are herein notified and required to answer separately, fully, in writing, and under oath the following First Set of Written Discovery served on you and to serve your answers thereto to the undersigned counsel within fifteen (15) days from the date of service thereof in accordance with the provisions of the Louisiana Code of Civil Procedure.

**PRELIMINARY STATEMENT**

A.    In answering this First Set of Written Discovery, you are required to furnish such information as is available to you, including information in the possession of your investigators, employees, agents, representatives, guardians, attorneys, investigators for your attorney and any other person or persons acting on your behalf.

B.    If you cannot answer any of the following First Set of Written Discovery in full, after exercising due diligence to secure the information to do so, so state and answer



MORROW, MORROW,
RYAN, BASSETT & HAIK

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARMAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

1

to the extent possible specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.     Each Interrogatory and/or Request is intended to and does request that each and every part be answered with the same force and effect as if such part were the subject of and were asked by a separate Interrogatory and/or Request.

D.     Each interrogatory hereinafter set forth not only calls for the knowledge of the defendant, but also for the knowledge that is available to each of the said defendants by reasonable inquiry, including inquiry of their representatives and attorneys.

E.     Please follow these instruction when responding to this First Set of Written Discovery:

1.     If the defendant lacks information with respect to any Interrogatory or sub-part thereof, please state the fact and answer that Interrogatory to the best of their knowledge and belief.

2.     These Interrogatories are continuing in character, so as to require defendant to file immediate supplemental answers if defendant obtains further or different information.

3.     All supplemental answers shall be filed in accordance with the Louisiana Code of Civil Procedure and shall be rendered due upon the occurrence of an event, happening, or discovery of such.

4.     **"You"**, **"your"**, **"Renaissance"** or **"Defendant"** - shall refer to Defendant, **Renaissance, Inc.**, unless specifically noted, and all parties acting on its behalf, including but not limited to, employees, officers, managers, directors, parent corporations, subsidiaries, affiliated entities, associates, consultants, investigators, secretaries, assistants, agents, brokers, claims adjusters, independent claims adjusters, or attorneys and any Related Parties as defined in Paragraph 5.

5.     **"Related Parties"** - Shall mean any person, firm or entity considered a related party by the Statement of Financial Accounting Standards (SFAS 57) of the Financial Accounting Standards (FASB), including: (a) any party that directly or indirectly has the power to direct or cause the direction of management and policies of you by virtue of ownership, contract or any other means (hereafter "controlling party"); (b) any party that either directly or indirectly controls, is controlled by, or is under common control of a company (hereafter "affiliate"); (c) principal owners of the company; (d) management of the company; (e) members of the immediate family of principal owners or management; (f) any party with which the company may do business if either party does or can control or significantly influence the management or operating policies of the other party to an extent that either party might be prevented from pursuing its own interests; (g) any party that can significantly influence the management or operating policies of other parties to a transaction, or that has an equity interest in one of the transacting parties and can significantly influence the other party to an extent that either of the transacting parties might be prevented from pursuant its own interests; and (h) subsidiaries of any of the above.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PRINCIPAL SOURCE MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Abramsville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

2

6.  When used with respect to an individual, the word **"identify"** and the word **"describe"** mean to state the full name and present or last known address of each person, the present of last known position and the business affiliation of each person, including a job or position title or brief job or position description for each person at the present time and at all times during the period of these interrogatories.

7.  When used with respect to a business entity or association, the word **"identify"** or **"describe"** means to state the full business name, place of incorporation, if applicable, principal place of business, and the general nature of the business conducted.

8.  When used with respect to an oral communication, the word **"identify"** or **"describe"** means to state exactly what was said, including but not limited to where it was said, when it was said, by whom it was said, to whom it was said, and including the name of each person present or having direct knowledge of the communication.

9.  When used with respect to a meeting, conference, contract, conversation, discussion, or a negotiation, the word **"identify"** or **"describe"** means to state the place and date of the meeting or conference, the individuals present, including their business affiliations, and positions or job titles, the subject matter discussed, and to identify any documents mentioning, referring or relating to said meeting or conference.

10. When used with respect to an agreement or contract, **"identify"** or **"describe"** means to state exactly what was agreed to or contracted for, orally or written, directly or indirectly, assertively or through omission, as well as dates, locations, the parties thereto, the duration, and to identify the documents constituting the agreement or contract. Further, when referring to an agreement or contract, the subject matter shall include all drafts, discussions, or proposals.

11. When used with respect to an event, occurrence or instance, **"identify"** or **"describe"** means to state the date, the place, the parties present, the subject matter discussed, the reasons for the occurrence, event or instance, and the effects thereof.

12. **"And"** means both the conjunctive "and" and the disjunctive "or" and the words "and/or.

13. **"He"**, **"him"** or **"his"** when referring to any person shall be deemed to include all other genders and the singular shall be deemed to include the plural.

14. If you lack information with respect to any Request for Production of Documents or any sub-part thereof, please state that fact and answer the Request for Production of Documents to the best of your knowledge and belief.

15. These Request for Production of Documents are continuing in character so as to require you to file supplemental responses immediately if they or any of their agents, representatives, attorney or employees obtain further or different documentation subsequent to your original responses.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

3

16.     If any requested document has been lost or destroyed, provide a statement regarding the circumstances relating to the loss or destruction of said document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.

17.     If you claim any type of privilege as to any documents requested, identify such documents in your written responses, giving the following information: (a) date of document; (b) author of document; (c) addressee of document; (d) nature of document, such as memorandum, letter, etc.; (e) anyone who has received a copy of the document; (f) the general subject matter of the document; (g) basis of claim of privilege (e.g. attorney-client, work product, etc.)

18.     The term **"document"** or **"documentation"** shall, unless otherwise indicated, mean all written or printed matter of any kind in your possession, custody or control, which is either known to you or can be located or discovered by diligent effort, including the originals and all non-identical copies whether different from the original by reason of any notation made upon such copies or otherwise. This includes without limitation, all contracts, correspondence, memoranda, notes, letters, telegrams, facsimile transmittals, telefax, diaries, communications, e-mails, messages of any kind, minutes of meetings, estimates, appraisals, studies, reports, instructions, requests, checks, statements, receipts, returns, summaries, inter and intra-office communications, offers, invoices, worksheets, calendars, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, or representations of any kind. This further includes, without limitation, phonorecords, photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, cassettes, computer disks, recordings and computer printouts, and any other data compilations.

19.     *Please be advised that any and all electronic documents, files or data which is requested herein must be provided to the Plaintiffs in the native format. This requires that you provide the originally created data in the format utilized by the software originally used to create the data. For example, if the data was originally recorded or drafted using Microsoft Word, please provide us with the Word formatted document, otherwise indicated as a "*.doc" file. If a document is requested that was originally drafted, sent and/or otherwise existing in an electronic format, we request that the document be provided to us in the native electronic format.*

---

## INTERROGATORIES

---

## <u>INTERROGATORY NO. 1</u>:

Please state the classification of the entity, Renaissance, Inc. (i.e. is it a sole proprietorship, joint venture, general partnership, limited partnership, limited liability partnership, limited liability company or corporation?) Identify and describe all documents which support your answer.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Abbeville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

4

**INTERROGATORY NO. 2:**

Please identify all entities and/or individuals who currently have, or have ever had, an ownership interest, or any other financial interest, in Renaissance, Inc., and describe that entity or person's role and percentage owned, whether as an owner, investor, subsidiary, partner, related party or any other financial interest or arrangement from the date of its formation through the present date.

**INTERROGATORY NO. 3:**

Please identify all entities and/or individuals which held any managerial responsibility of Renaissance, Inc., including but not limited to entities and/or individuals with an ownership interest, legal interest, financial interest, regulatory interest, management contracts or partnership agreements from the date of formation through the present date.

**INTERROGATORY NO. 4:**

Please identify and describe any actions taken by Renaissance, Inc. and/or its affiliates, owners, investors, subsidiaries, related parties or partners with regard to any negotiations, agreements or proposals to buy out Cameron Gamble's ownership interest in Renaissance, Inc. from the date of its formation through the present date.

**INTERROGATORY NO. 5:**

Please state the name, address, dates of ownership and percentage of ownership for each person or entity that owns or has ever owned any percentage of Renaissance, Inc. from the date of formation through the present date.

**INTERROGATORY NO. 6:**

Please summarize and briefly describe the nature and operation of Renaissance, Inc., including in your answer the reason or purpose for its creation from the date of formation through the present date.

**INTERROGATORY NO. 7:**

Please identify (by title, date, and signatories) all Articles of Incorporation (including any amendments), written instruments, contracts, MOUs, or agreements that

MMM
RBH
MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL SERVICE / HARD TRIAL LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ABBEVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbblawoffice.com

5

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 14 Page Sequence: 5

relate to the creation, ownership and overall business operations of Renaissance, Inc. from the date of formation through the present date.

**INTERROGATORY NO. 8**:

Please state whether Renaissance, Inc. has ever operated under any other name from the date of its formation through the present date. If so, for each such entity and/or individual, please state the dates and places wherein said names were used. Also, please state whether or not Renaissance, Inc. was ever registered as an "assumed name" or d/b/a in any city, county, parish, state, or foreign country. If so, for each registration, please set forth the assumed name or d/b/a, the date and place of registration and the name of the entities and/or individuals who signed and filed said registrations from the date of formation through the present date.

**INTERROGATORY NO. 9**:

Please state the name and address of the current President, CEO, COO, CFO, Vice-President, Treasurer, Director of Operations and Secretary of Renaissance, Inc. from the date of its formation through the present date.

**INTERROGATORY NO. 10**:

Please identify all agreements, charters or written instruments under which Renaissance, Inc. entity operates and any amendments thereto, and indicate its date; also, please identify every governmental department or agency (both domestic and foreign) with whom said agreements, charters or written instruments were filed from the date of formation through the present date.

**INTERROGATORY NO. 11**:

Please identify each state or foreign country with whom Renaissance, Inc. is registered to conduct business and the date of each such registration.

**INTERROGATORY NO. 12**:

Please provide the address and telephone number of Renaissance, Inc.'s principal place of business. Also, please state each address wherein Renaissance, Inc. has ever had an office or conducted any business from the date of its formation through the present date.

MMM
RBH
MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL AGENCY | A MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

6

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 14 Page Sequence: 6

**INTERROGATORY NO. 13**:

Please describe in detail the role, job duties and services Cameron Gamble has performed by or on behalf of Renaissance, Inc. from the date of its formation through the present date.

**INTERROGATORY NO. 14**:

Describe the business relationship between Renaissance, Inc. and Cameron Gamble. Specifically, please state all job titles held by Cameron Gamble; the nature and types of services he provided to Renaissance, Inc.; the manner in which he was paid including any amounts withheld from his gross pay; and describe in detail all written documents that include any information, discussion or agreements with respect to Cameron Gamble's ownership interest and any work performed by him on behalf of Renaissance, Inc..

**INTERROGATORY NO. 15**:

Have the original Articles of Incorporation of Renaissance, Inc. ever been suspended, revoked, dissolved, amended or canceled?  If your answer is anything other than an unqualified "No", please set forth the details with respect to each such action.  Your answer should include, but not be limited to, the dates and reasons for each such action and the person, persons, entities or agencies who initiated said actions.

**INTERROGATORY NO. 16**:

Please describe all reasons for your contention that Cameron Gamble is neither a partner nor shareholder in Renaissance, Inc.  Identify each document which supports your contention.

**INTERROGATORY NO. 17**:

Please describe all reasons why Cameron Gamble is no longer performing work for Renaissance, Inc.  Identify each document that supports your contention.

**INTERROGATORY NO. 18**:

Please describe in detail the roles and services provided by Jonas Robertson, Charlie Lusco, Peter Traigle, Richard Hoffman, Lane Franks and Aaron George to or on behalf of Renaissance, Inc. from the date of formation through the present date.



MORROW, MORROW, RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

**INTERROGATORY NO. 19**:

With respect to the business known as Renaissance, Inc., please set forth the following information:

a. Set forth the state and country of incorporation, the registered name as it appears in the original Articles of Incorporation, and date of incorporation;

b. Set forth the address and telephone number of the corporation's registered office and the address and telephone number of its principal place of business;

c. Describe each class of stock and, for each such class, set forth the total number of shares authorized, the total number of shares issued and the total number of shares outstanding;

d. Set forth the name and address of each member of the Board of Directors and specify the number of shares of each class of stock owned by each director. Also indicate which director is the Chairman of the Board;

e. Set forth the name and address of the current President, Vice-President, Treasurer and Secretary; and to the extent that you have not already done so, specify the number of shares of each class of stock owned by each officer; and

f. Summarize and briefly describe the nature and business of the Renaissance Group.

**INTERROGATORY NO. 20**:

Please identify all evidence, exhibits or any other documents that you plan to introduce at the trial of this matter.

**INTERROGATORY NO. 21**:

Please identify each person whom you "may call" or "will call" as an expert witness at trial, their educational background, their area of expertise, the subject matter about which expert is expected to testify and a summary of the grounds of each opinion.

**INTERROGATORY NO. 22**:

Please identify each and every witness that you "may call" or "will call" as a witness at the trial of this matter.



MORROW, MORROW,
RYAN, BASSETT & HAIK
FINANCIAL SERVICES & LITIGATION LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

8

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:

Please produce copies of any and all agreements between Renaissance, Inc. and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 2**:

Please produce copies of any and all agreements between Renaissance, Inc. and Charlie Lusco from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 3**:

Please produce copies of any and all agreements between Renaissance, Inc. and Jonas Robertson from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 4**:

Please produce copies of any and all agreements between Renaissance, Inc. and Peter Traigle from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 5**:

Please produce copies of any and all agreements between Renaissance, Inc. and Lane Franks from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 6**:

Please produce copies of any and all agreements between Renaissance, Inc. and Richard Hoffman from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 7**:

Please produce copies of any and all agreements between Renaissance, Inc. and Aaron George from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 8**:

Please produce copies of any and all records showing any accounts receivable owed to Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 9**:

Please produce copies of any and all records showing any accounts payable owed by Renaissance, Inc. to anyone from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
A LOUISIANA LIMITED LIABILITY PARTNERSHIP

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

9

**REQUEST FOR PRODUCTION NO. 10**:

Please produce copies of any and all records showing any income received by Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 11**:

Please produce copies of any and all records showing any funds paid out by Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce copies of any and all records showing any loans made to Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 13**:

Please produce copies of any and all records showing any loans made by Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 14**:

Please produce copies of any and all records showing any capital contributions made into Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 15**:

Please produce copies of any and all records of any dividends and/or profit distributions made by Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 16**:

Please produce copies of any and all records showing any transfer of funds from Renaissance, Inc. to Charlie Lusco, Jonas Robertson, Peter Traigle, Lane Franks, Richard Hoffman and Aaron George.

**REQUEST FOR PRODUCTION NO. 17**:

Please produce copies of all corporate financial statements of Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 18**:

Please produce copies of all annual balance sheets and/or yearend accounting statements for Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW, RYAN, BASSETT & HAIK
A PROFESSIONAL LAW CORPORATION

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ABBEVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrblawoffice.com

10

**REQUEST FOR PRODUCTION NO. 19**:

Please produce copies of any and all profit and loss statements for Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 20**:

Please produce copies of any all stock sales of stock of Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 21**:

Please produce copies of any and all records of any sales and/or transfer of any assets of Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 22**:

Please produce copies of any records showing any orders, purchases and/or sales of timber between Renaissance, Inc. and any person or entity from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 23**:

Please produce copies of any real estate leases entered into by Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 24**:

Please produce a complete up-to-date list showing all assets of Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 25**:

Please produce a complete up-to-date list of all equipment owned and/or leased by or on behalf of Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 26**:

Please produce all documents showing the full name and current address of each entity or individuals having any ownership interest in Renaissance, Inc. from the date of formation through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

11

**REQUEST FOR PRODUCTION NO. 27**:

Please produce all written and electronic documents, spreadsheets and ledgers showing the nature of the business relationships between Renaissance, Inc. and/or any of its affiliates, partners, officers, directors, members, shareholders and employees from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 28**:

Please produce copies of all records of Renaissance, Inc. which would enable a partner or shareholder to determine the relative voting rights and percentages of ownership of each partner or shareholder from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 29**:

Please produce a copy of the original Articles of Organization of Renaissance, Inc., including all predecessor companies or corporations, together with any amendments thereto from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 30**:

Please produce a copy of the original By-Laws of Renaissance, Inc., including all predecessor companies or corporations, together with any amendments thereto from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 31**:

Please produce copies of any minutes of meetings of Renaissance, Inc., including all predecessor companies or corporations, together with any amendments thereto from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 32**:

Please produce any agreements between Renaissance, Inc. and each of its partners, members, directors, officers, affiliates, related business entities and shareholders, including all predecessor companies or corporations, LLCs, together with any amendments thereto from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 33**:

Please produce copies of all records of Renaissance, Inc. showing the general ledger; cash journals of all receipts; cash journal of all disbursements; quarterly financial

MORROW, MORROW,
RYAN, BASSETT & HAIK
_PERSONAL INJURY PARTNERSHIP_
324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
_toll free_ 800-356-6776
_fax_ 337-942-5234
www.mmrbhlawoffice.com

12

statements; the audited financial statements reflecting its overall standing on a semi-annual and annual basis; balance sheets, records of initial capitalization, accounts receivable, accounts payable, ownership registry book, from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 34**:

Please produce a copy of Renaissance, Inc.'s income tax returns for each year from the date of its formation through the present date.

**REQUEST FOR PRODUCTION NO. 35**:

Please produce copies of any records of Renaissance, Inc. that identify recipients of all distributions, the amount of each distribution, the date of each distribution, and the business purpose of each distribution through the present date.

**REQUEST FOR PRODUCTION NO. 36**:

Please produce all appraisals showing the financial condition of Renaissance, Inc. conducted at any time, regardless of who commissioned the appraisal or the purpose of same from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 37**:

Please produce copies of all financial statements provided by Renaissance, Inc. to any bank, credit union, financial institution, or lender of any kind since the date of its formation through the present date.

**REQUEST FOR PRODUCTION NO. 38**:

Please produce copies of any records showing all Timber Sales Agreements and/or timber concessions that Renaissance, Inc. has had an ownership interest in from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 39**:

Please produce copies of any records relating to all 43-101 reports on the mines that Renaissance, Inc. has secured either wholly or partially from the date of formation through the present date.

MML
RBH
MORROW, MORROW,
RYAN, BASSETT & HAIK
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

13

**REQUEST FOR PRODUCTION NO. 40**:

Please produce copies of the minutes of any board meetings held by or on behalf of Renaissance, Inc. from the date of its inception through the present date.

**REQUEST FOR PRODUCTION NO. 41**:

Please produce copies of any documents, certificates or writings of any kind that shows the ownership percentage interest of all entities and individuals in Renaissance, Inc., including all amendments thereto, from the date of its formation through the present date.

**REQUEST FOR PRODUCTIO NO. 42**:

Attached is an email dated November 5, 2018 sent by Charlie Lusco to Cameron Gamble. The email sent by Charlie Lusco references a document dated January 8, 2018 purportedly stating that Charlie Lusco is the 6th of 7 partners in Renaissance, Inc. and all of its assets. Please produce the January 8, 2018 document referenced above.

**REQUEST FOR PRODUCTION NO. 43**:

Please produce copies of all documents, agreements of contracts authorizing Terry Joe Bael to perform work for Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 44**:

Please produce copies of all payroll records generated by or on behalf of Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 45**:

Please produce a list of all employees, independent contractors and any other entity or individuals, including name, address, telephone number and job title, who performed any work for or on behalf of Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 46**:

Please produce copies of any records of Renaissance, Inc. showing all timber concession agreements, social agreements and community agreements between any person or entity. This includes, but is not limited to all agreements to conduct timber harvesting

MORROW, MORROW,
RYAN, BASSETT & HAIK

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

14

operations in the Tarpeh Forest, Rivercess Forest, Geetroh Forest (a.k.a. Middle of the Night), Sappo Forest and the Compound One Forest located in Liberia, Africa.

**REQUEST FOR PRODUCTION NO. 47**:

Please produce copies of any and all licenses related to the mining of gold, diamonds, ore or any other minerals, precious metals or natural resources obtained by or on behalf of Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 48**:

Please produce a complete and up-to-date listing of the names of each forest owned or leased by Renaissance, Inc. and the total amount of acres and cubes that have been logged, cut, harvested and/or sold to any entity or individuals by or on behalf of Renaissance, Inc. from the date of its formation through the present date.

**REQUEST FOR PRODUCTION NO. 49**:

Please produce all documents showing a complete and up-to-date list, maps and surveys of all forests, boundaries, acreage including the estimated value of each forest Renaissance, Inc. has had or currently has an ownership interest in from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 50**:

Please produce any and all documents showing the total amount of gross revenue that has been generated by or on behalf of Renaissance, Inc. from timber harvesting operations from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 51**:

Please produce any and all documents showing the total amount of expenses that have been generated by or on behalf of Renaissance, Inc. and/or its shareholders, officers or affiliates from the date of its formation through the present date.

**REQUEST FOR PRODUCTION NO. 52**:

Please produce all photographs relating to the equipment used by Renaissance, Inc. in all timber harvesting operations in Liberia from the date of formation through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL SERVICE CHARTERS LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

15

**REQUEST FOR PRODUCTION NO. 53**:

Please produce all emails, text messages, correspondence and any other records from any entity or individual having an ownership interest in Renaissance, Inc. that discusses or references the percentages of Cameron Gamble's ownership interest in Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 54**

Please produce all emails, text messages, correspondence and any other records from any entity or individual having an ownership interest in Renaissance, Inc. that discusses or references the percentages of anyone's ownership interest in Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 55**:

Please produce all Liberia Forest Development Authority documents relating to any aspect of Renaissance, Inc.'s timber harvesting operations from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 56**:

Please produce copies of all checks, payments, ledgers, wire transfers and spreadsheets that have been paid to Cameron Gamble from the date of Renaissance, Inc.'s formation through the present date.

**REQUEST FOR PRODUCTION NO. 57**:

Please produce all written and electronic records involving the Republic of Liberia Ministry of Lands, Mines and Energy and Renaissance, Inc. conducting business operations in Liberia from the date of formation through the present date. This includes but is not limited to, all application forms, Certificates of Business Registrations and Bureau of Mine Clearances.

**REQUEST FOR PRODUCTION NO. 58**:

Please produce copies of all policies of insurance which may provide coverage to Renaissance, Inc. and its officers, directors, partners, shareholders, related businesses, affiliates, subsidiaries or individuals, against financial loss as a result of liability of the general and/or specific types of allegations alleged in this matter. Your response should

MORROW, MORROW,
RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbblawoffice.com

16

include the name and address of the insurance companies, the policy number and the effective dates thereof, and the nature of the coverage and the limits of liability.

**REQUEST FOR PRODUCTION NO. 59**:

Please produce all agreements, documents, reports, emails, text messages and any other records, whether in the form of paper documents or electronic data, that relate in any way to the work performed by Cameron Gamble for Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 60**:

Please provide all agreements between Bob Vaughn and Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 61**:

Please provide all agreements between Albert Andry and Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 62**:

Please provide all agreements between Blake Whittle and Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 63**:

Please provide all agreements between Bob Whittle and Renaissance, Inc. from the date of formation through the present date.

**REQUEST FOR PRODUCTION NO. 64**:

Please produce all communications, emails, WhatsApp secure text messages and text messages between and among Renaissance, Inc., its officers and directors, and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 65**:

Please produce all documents which support your allegation that Cameron Gamble embezzled funds from Renaissance, Inc.

**REQUEST FOR PRODUCTION NO. 66**:

Please produce all documents which support your contention that Cameron Gamble is neither a partner nor a shareholder in Renaissance, Inc.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY MATTERS ONLY

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

17

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

JAMES P. RYAN (#11560)
P. CRAIG MORROW (#23536)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com


**ANDERSON, BOUTWELL, TRAYLOR**
J. THOMAS ANDERSON (#2464)
607 W. Morris Avenue
Hammond, LA 70403
Telephone:  (985) 796-2245
tom@abjustice.com


**EDWARDS & STEVENS**
BRADLEY A. STEVENS (#30076)
Post Office Box 974
Amite, LA 70422
Telephone:  (985) 747-1088
Fax:  (985-747-1086
brad@edwardsandstevens.com



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PERSONAL SERVICE / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrblawoffice.com

18



**From:** Charlie Lusco <charlie@luscoandlusco.com>
**Date:** November 5, 2018 at 6:03:13 PM EST
**To:** Cameron Gamble <cameron1gamble@gmail.com>
**Subject: Re: Renaissance Group Questions**

2:00PM CST Tomorrow works for me

On Mon, Nov 5, 2018 at 4:51 PM Cameron Gamble <cameron1gamble@gmail.com> wrote:

Thanks for the reply Charlie. I think we just need to jump on a video call ASAP. You and I are both very strong and passionate people who want the same thing. Email just doesn't allow for us to convey our full emotion or message. Face to face is the only way. How does your tomorrow look?

On Nov 5, 2018, at 4:17 PM, Charlie Lusco <charlie@luscoandlusco.com> wrote:

Cameron,

It's almost impossible to address all of the items you mentioned as this email is extensive and covers every imaginable item for the past year. I'll try touching on as many points as I can but these are issues that could have been brought to me directly and many of which I was hoping to cover during our meeting.

I have a document dated 1/8/2018 stating that I was the 6th of 7 partners in Renaissance Group and all of their assets. Not sure why this wouldn't have been shared with you. When I first became involved, my points of contact for Renaissance Group were Pete Traigle and Jonas Robertson. I was never involved in any decision-making when it came to acquisitions of additional forests or mines but the money I contributed had been used to make acquisitions and operate. My opinion is that you never should have been expected to make every decision in such a large operation covering so much space because it is physically impossible to be effective, especially given the rate that new forests were being acquired. This is the whole reason for establishing everyone's role in this company moving forward. I don't know what your initial agreement was regarding your position, responsibilities, and expectations in Liberia for Renaissance Group and have never seen a document stating anything. My assumption is that it was all discussed verbally. Each of the partners made investments with the Company, mostly in the form of capital contributions. My understanding has always been that your investment was your time, for 5 years, ensuring this operation was successful. I understand the sacrifice anyone would make to be in Liberia but that was a sacrifice that you accepted in exchange for being involved in a billion dollar operation. Based on the email you sent, I want to make sure that is still an investment you feel comfortable making. What do

1

you feel you agreed to in terms of time spent in Liberia?  I want to make sure I have a clear understanding moving forward of what everyone's obligations are in the group.

I have an extremely close relationship to my family as do all of the members to my knowledge and being transparent about taking time off would never have been criticized by anyone including Pete or myself.  You have to realize that people become misinformed and start guessing and formulating their own opinions when communication is non-existent.  There have been multiple times you were unresponsive to me and most of the members of the group for days at a time.  Most recently, it was over a week.  Throughout the past few months, you have never reached out to me with information, only to request more money.  Anytime I've requested backup, receipts, etc. I was not given anything.  This is all changing as you know.

To your comment about your sacrifices being made so that others can be made wealthier, I need you to understand that NO ONE in this group has made $1 off of this investment.  No one knows at this point when or if we will ever make a dollar.  The opportunity is absolutely real but nothing is going to get accomplished at this rate.  We have spent an unbelievable amount of time going back and forth between people spreading misinformation and drama without getting anything accomplished and it's affecting our reputation on a global scale.  I do not operate this way.  I set forth expectations and only ask that the people on my team deliver.

Based on your comments about Joe and his crew, I do not believe we will be successful with having Joe go to Liberia.  With that being said, I do not think we will be successful sending any crews moving forward unless we can come to an agreement between you and I on how these crews will operate.  I sent Joe and his crew with money out of my pocket, not money from Renaissance Group.  I can also assure you they were not paid what you think they were paid.  They came back stating that they were met with resistance and I heard this from multiple sources.  This cannot happen if we get them back to Liberia with their crews and equipment.  There is a lot of work to do and Joe's crew is supposed to be one of many.   Joe understands his expectations and they are spelled out in writing in his contract.  If he is working to remove the 30,000 cubes from our current forest, Renaissance's agreement with Joe is that he will be in charge of timber operations and crews in the bush.  He will have to be in charge of all personnel in the bush including providing funds to pay workers.

I think the reason you have not been successful in Liberia is not because you aren't capable but because you are trying to do everything alone.  You will need to give up some responsibilities and it may be painful to your ego but that is what we need to be successful on a larger scale.  I am not asking you to be an administrator for Renaissance Group.  You are continuing to be the COO and I am the CEO.  We will work together directly on a daily basis.  Your position is to offer support to Joe and any other crews we send to Africa.  It would not be realistic to have 4-5 crews operating simultaneously in different forests while having you micro-manage their day-to-day activity.  All the while, we are sending buyers to meet you as a partner and representative of Renaissance Group

2

while you are tied up in the bush. We have to develop a process where things do not fall apart the moment you are away. That is the goal.

I think you should be with your family on a more regular basis and do not see any reason why you would not be able to leave for 1 week a month to visit them in the US. In order for that to happen, we have to put this system in place. If you realistically want this to happen, you will be 100% in support of these changes. There is a much bigger picture here that we have to see as a Company.

I don't want to spend anymore time on the past. There is far too much to accomplish in the immediate future and I need you and I to be on the same page. I don't mince words. You don't have to like Joe but he is coming to Africa with equipment to cut trees. You need to do everything in your power to ensure he is successful. If he is successful, I will send more crews and equipment, you will be able to see your family more often, and the Renaissance Group can begin to make a profit while helping thousands of people that have entrusted us to bring them some prosperity. That is the reality.

What are your current plans for returning to Liberia? Your well-being is important so I need a realistic timeline for you to heal and return to Liberia 100% healthy. Joe and his crew are leaving this week to head there. They will be limited as to what they can do when they get there until their equipment arrives but they have been asked to begin fixing any broken equipment and using the existing equipment to begin moving as many logs as possible. Joe and his crew will need transportation from the airport and for the first few days until he is able to purchase a vehicle. Can you assist with this?

We need to have a weekly call or video conference from now on. If you are busy, we will find the time.

Let's start moving forward.

Thanks,
Charlie

**CAMERON GAMBLE**

**VERSUS**

**RENAISSANCE GROUP;**
**RENAISSANCE GROUP, INC.;**
**RENAISSANCE, INC.;**
**CHARLIE LUSCO;**
**JONAS ROBERTSON;**
**PETER TRAIGLE;**
**LANE FRANKS; and**
**RICHARD HOFFMAN;**

CIVIL DOCKET NO. 2019-0001190

21ST JUDICIAL DISTRICT COURT

TANGIPAHOA PARISH, LOUISIANA

---

**PLAINTIFF'S FIRST SET OF WRITTEN**
**DISCOVERY TO DEFENDANT,**
**CHARLIE LUSCO**

---

**TO:   CHARLIE LUSCO**
        1820 L&A Road
        Metairie, Louisiana 70001

NOW INTO COURT, through undersigned counsel, comes plaintiff, **Cameron Gamble,** who propounds the following First Set of Written Discovery to defendant, **Charlie Lusco.**

Please take notice that you are herein notified and required to answer separately, fully, in writing, and under oath the following First Set of Written Discovery served on you and to serve your answers thereto to the undersigned counsel within fifteen (15) days from the date of service thereof in accordance with the provisions of the Louisiana Code of Civil Procedure.

**PRELIMINARY STATEMENT**

A.      In answering this First Set of Written Discovery, you are required to furnish such information as is available to you, including information in the possession of your investigators, employees, agents, representatives, guardians, attorneys, investigators for your attorney and any other person or persons acting on your behalf.

B.      If you cannot answer any of the following First Set of Written Discovery in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY ATTORNEYS
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

1

C.       Each Interrogatory and/or Request is intended to and does request that each and every part be answered with the same force and effect as if such part were the subject of and were asked by a separate Interrogatory and/or Request.

D.       Each interrogatory hereinafter set forth not only calls for the knowledge of the defendant, but also for the knowledge that is available to each of the said defendants by reasonable inquiry, including inquiry of their representatives and attorneys.

E.       Please follow these instruction when responding to this First Set of Written Discovery:

1.   If the defendant lacks information with respect to any Interrogatory or subpart thereof, please state the fact and answer that Interrogatory to the best of their knowledge and belief.

2.   These Interrogatories are continuing in character, so as to require defendant to file immediate supplemental answers if defendant obtains further or different information.

3.   All supplemental answers shall be filed in accordance with the Louisiana Code of Civil Procedure and shall be rendered due upon the occurrence of an event, happening, or discovery of such.

4.   "**You**", "**your**", "**Lusco**" or "**Defendant**" - shall refer to Defendant, **Charlie Lusco**, unless specifically noted, and all parties acting on its behalf, including but not limited to, employees, officers, managers, directors, parent corporations, subsidiaries, affiliated entities, associates, consultants, investigators, secretaries, assistants, agents, brokers, claims adjusters, independent claims adjusters, or attorneys and any Related Parties as defined in Paragraph 5.

5.   "**Related Parties**" - Shall mean any person, firm or entity considered a related party by the Statement of Financial Accounting Standards (SFAS 57) of the Financial Accounting Standards (FASB), including: (a) any party that directly or indirectly has the power to direct or cause the direction of management and policies of you by virtue of ownership, contract or any other means (hereafter "controlling party"); (b) any party that either directly or indirectly controls, is controlled by, or is under common control of a company (hereafter "affiliate"); (c) principal owners of the company; (d) management of the company; (e) members of the immediate family of principal owners or management; (f) any party with which the company may do business if either party does or can control or significantly influence the management or operating policies of the other party to an extent that either party might be prevented from pursuing its own interests; (g) any party that can significantly influence the management or operating policies of other parties to a transaction, or that has an equity interest in one of the transacting parties and can significantly influence the other party to an extent that either of the transacting parties might be prevented from pursuant its own interests; and (h) subsidiaries of any of the above.

6.   When used with respect to an individual, the word "**identify**" and the word "**describe**" mean to state the full name and present or last known address of each person, the present of last known position and the business affiliation



MORROW, MORROW,
RYAN, BASSETT & HAIK
PROFESSIONAL LIABILITY / ADMITTED LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

2

of each person, including a job or position title or brief job or position description for each person at the present time and at all times during the period of these interrogatories.

7.    When used with respect to a business entity or association, the word **"identify"** or **"describe"** means to state the full business name, place of incorporation, if applicable, principal place of business, and the general nature of the business conducted.

8.    When used with respect to an oral communication, the word **"identify"** or **"describe"** means to state exactly what was said, including but not limited to where it was said, when it was said, by whom it was said, to whom it was said, and including the name of each person present or having direct knowledge of the communication.

9.    When used with respect to a meeting, conference, contract, conversation, discussion, or a negotiation, the word **"identify"** or **"describe"** means to state the place and date of the meeting or conference, the individuals present, including their business affiliations, and positions or job titles, the subject matter discussed, and to identify any documents mentioning, referring or relating to said meeting or conference.

10.   When used with respect to an agreement or contract, **"identify"** or **"describe"** means to state exactly what was agreed to or contracted for, orally or written, directly or indirectly, assertively or through omission, as well as dates, locations, the parties thereto, the duration, and to identify the documents constituting the agreement or contract.  Further, when referring to an agreement or contract, the subject matter shall include all drafts, discussions, or proposals.

11.   When used with respect to an event, occurrence or instance, **"identify"** or **"describe"** means to state the date, the place, the parties present, the subject matter discussed, the reasons for the occurrence, event or instance, and the effects thereof.

12.   "**And**" means both the conjunctive "and" and the disjunctive "or" and the words "and/or.

13.   "**He**", "**him**" or "**his**" when referring to any person shall be deemed to include all other genders and the singular shall be deemed to include the plural.

14.   If you lack information with respect to any Request for Production of Documents or any sub-part thereof, please state that fact and answer the Request for Production of Documents to the best of your knowledge and belief.

15.   These Request for Production of Documents are continuing in character so as to require you to file supplemental responses immediately if they or any of their agents, representatives, attorney or employees obtain further or different documentation subsequent to your original responses.

16.   If any requested document has been lost or destroyed, provide a statement regarding the circumstances relating to the loss or destruction of said document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.



MORROW, MORROW,
RYAN, BASSETT & HAIK
◆ PERSONAL INJURY ◆ MARITIME LAW ◆

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

3

17.     If you claim any type of privilege as to any documents requested, identify such documents in your written responses, giving the following information: (a) date of document; (b) author of document; (c) addressee of document; (d) nature of document, such as memorandum, letter, etc.; (e) anyone who has received a copy of the document; (f) the general subject matter of the document; (g) basis of claim of privilege (e.g. attorney-client, work product, etc.)

18.     The term **"document"** or **"documentation"** shall, unless otherwise indicated, mean all written or printed matter of any kind in your possession, custody or control, which is either known to you or can be located or discovered by diligent effort, including the originals and all non-identical copies whether different from the original by reason of any notation made upon such copies or otherwise. This includes without limitation, all contracts, correspondence, memoranda, notes, letters, telegrams, facsimile transmittals, telefax, diaries, communications, e-mails, messages of any kind, minutes of meetings, estimates, appraisals, studies, reports, instructions, requests, checks, statements, receipts, returns, summaries, inter and intra-office communications, offers, invoices, worksheets, calendars, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, or representations of any kind. This further includes, without limitation, phonorecords, photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, cassettes, computer disks, recordings and computer printouts, and any other data compilations.

19.     *Please be advised that any and all electronic documents, files or data which is requested herein must be provided to the Plaintiffs in the native format. This requires that you provide the originally created data in the format utilized by the software originally used to create the data. For example, if the data was originally recorded or drafted using Microsoft Word, please provide us with the Word formatted document, otherwise indicated as a "*.doc" file. If a document is requested that was originally drafted, sent and/or otherwise existing in an electronic format, we request that the document provided to us in the native electronic format.*

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify the type of legal entities known as Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. (i.e. is it a sole proprietorship, joint venture, general partnership, limited partnership, limited liability partnership, limited liability company or corporation?). Identify each document that supports your answer.

### INTERROGATORY NO. 2:

Describe the relationship between Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. and Cameron Gamble. Specifically, please state all job titles held by Cameron Gamble; the nature and types of services he provided to each entity; the manner in which he was paid including any amounts withheld from his gross pay; and describe in



MORROW, MORROW,
RYAN, BASSETT & HAIK

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

detail all written or electronic documents that include any information, discussion or agreements with respect to any work performed by Cameron Gamble on behalf of these entities.

**INTERROGATORY NO. 3**:

Please describe in detail all reasons which support your allegation that Cameron Gamble allegedly embezzled corporate funds as stated in the letter sent by your lawyer on February 26, 2019 (copy attached).

**INTERROGATORY NO. 4**:

Please describe in detail the events that lead Charlie Lusco to become involved with either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. Your answer should list the names, addresses and phone numbers of all persons Charlie Lusco discussed his involvement in the Renaissance entities.

**INTERROGATORY NO. 5**:

Please describe in detail all reasons why Cameron Gamble is no longer performing work for either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. Please identify all documents which support your reasons.

**INTERROGATORY NO. 6**:

Please describe in detail what role and services you contend Cameron Gamble performed for either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**INTERROGATORY NO. 7**:

Have the original Articles of Incorporation of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. ever been suspended, revoked, dissolved, amended or canceled? If your answer is anything other than an unqualified "No", please set forth the details with respect to each such action. Your answer should include, but not be limited to, the dates and reasons for each such action and the person, persons, entities or agencies who initiated said actions and were signatories to same.

MMM
RBH
MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LAW CORPORATION

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

**INTERROGATORY NO. 8**:

With respect to the businesses known as Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc., please set forth the following information:

a.  Set forth the state and country of incorporation, the registered name as it appears in the original Articles of Incorporation, and date of incorporation;

b.  Set forth the address and telephone number of the corporation's registered office and the address and telephone number of its principle place of business;

c.  Describe each class of stock and, for each such class, set forth the total number of shares authorized, the total number of shares issued and the total number of shares outstanding;

d.  Set forth the name and address of each member of the Board of Directors and specify the number of shares of each class of stock owned by each director. Also indicate which director is the Chairman of the Board;

e.  Set forth the name and address of the current CEO/President, Vice-President, Treasurer and Secretary; and to the extent that you have not already done so, specify the number of shares of each class of stock owned by each officer; and

f.  Summarize and briefly describe the nature and business of the Renaissance entities.

**INTERROGATORY NO. 9**:

Please identify all evidence, exhibits or any other documents that you plan to introduce at the trial of this matter.

**INTERROGATORY NO. 10**:

Please describe in detail all reasons why Charlie Lusco alleges that Cameron Gamble is neither a partner nor shareholder in either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc.  Identify all documents which support your allegations.

**INTERROGATORY NO. 11**:

Please list and describe all titles, roles and services assigned to you and performed by you for or on behalf of Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LAW CORPORATION

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

6

**INTERROGATORY NO. 12:**

Please identify each person whom you "may call" or "will call" as an expert witness at trial, their educational background, their area of expertise, the subject matter about which expert is expected to testify and a summary of the grounds of each opinion.

**INTERROGATORY NO. 13:**

Please identify each and every witness that you "may call" or "will call" as a witness at the trial of this matter.

---

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce copies of any Articles of Partnership and any amendments thereto filed by or on behalf of Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce copies of any Articles for Incorporation and any amendments thereto filed by or on behalf of Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies of any By-Laws of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce copies of any minutes of meetings of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of any records showing the ownership of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce copies of any and all Federal and State income tax returns of Charlie Lusco, personally, from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbblawoffice.com

7

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 13 Page Sequence: 7

**REQUEST FOR PRODUCTION NO. 7**:

Please produce copies of all income tax returns for any entities owned or controlled by Charlie Lusco and having ownership of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 8**:

Please produce copies of any records of any sales and/or transfer of any assets of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. involving Charlie Lusco from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 9**:

Please produce copies of all emails between Charlie Lusco and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 10**:

Please produce copies of all emails between Charlie Lusco and any of the named defendants relating to Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 11**:

Please produce copies of any and all emails relating to the operation of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce copies of any agreements between Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. and Charlie Lusco from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 13**:

Please produce copies of any and all agreements between Renaissance Group and Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 14**:

Please produce copies of any and all agreements between Renaissance Group and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW, RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

8

### REQUEST FOR PRODUCTION NO. 15:

Please produce any and all agreements between Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

### REQUEST FOR PRODUCTION NO. 16:

Please produce all records showing the names and addresses of all people who were performing work for or on behalf of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

### REQUEST FOR PRODUCTION NO. 17:

Please produce copies of any records showing all accounts receivable owed to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

### REQUEST FOR PRODUCTION NO. 18:

Please produce copies of any records showing all accounts payable owed by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to any person or entity from July, 2017 through the present date.

### REQUEST FOR PRODUCTION NO. 19:

Please produce copies of all monthly bank statements for any accounts held in the names of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

### REQUEST FOR PRODUCTION NO. 20:

Please produce copies of all records showing any income received by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

### REQUEST FOR PRODUCTION NO. 21:

Please produce copies of any records showing any funds paid out by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL PRACTICE / A LIMITED LIABILITY PARTNERSHIP

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ABBEVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

9

**REQUEST FOR PRODUCTION NO. 22**:

Please produce copies of any minutes of board meetings held by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 23**:

Please produce copies of any records showing any loans made to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 24**:

Please produce copies of any records showing any loans made by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 25**:

Please produce copies of all timber concession agreements entered into by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 26**:

Please produce copies of all records of any dividends and/or profit distributions made by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to any partners and/or shareholders from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 27**:

Please produce copies of records of any capital contributions made into Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 28**:

Attached is an email dated November 5, 2018 sent by Charlie Lusco to Cameron Gamble. The email sent by Charlie Lusco references a document dated January 8, 2018 purportedly stating that Charlie Lusco is the 6th of 7 partners in Renaissance Group and all of its assets. Please produce the January 8, 2018 document referenced above.



MORROW, MORROW, RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

10

**REQUEST FOR PRODUCTION NO. 29**:

Please produce copies of any correspondence, emails and/or text messages which in any way reference Cameron Gamble's work, services and ownership interest in Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 30**:

Please produce copies of records showing any transfer of funds from Charlie Lusco, individually, and/or any business entities owned/controlled by him to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 31**:

Please produce copies of records showing any transfer of funds from Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to Charlie Lusco, individually, and/or any business entities owned/controlled by him from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 32**:

Please produce copies of all corporate financial statements of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 33**:

Please produce copies of any records showing investments made by Charlie Lusco, individually, and/or through business entities owned/controlled by him to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 34**:

Please produce copies of any and all exhibits which may be used at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 35**:

Please produce all documents, reports, emails, text messages and any other records, whether in the form of paper documents or electronic data, that reference in any way



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONALIZING w/ HABITUALLAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

11

Cameron Gamble's work, services and ownership interest in Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 36**:

Please produce copies of all annual balance sheets and/or year-end accounting statements for Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 37**:

Please produce copies of all text messages between Charlie Lusco and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 38**:

Please produce all records filed with the Liberian Government to allow either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. to conduct business in Liberia, Africa.

**REQUEST FOR PRODUCTION NO. 39**:

Please produce a copy of any documents showing the identity of the business entities owned and/or controlled by Charlie Lusco which have had ownership in either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 40**:

Please produce copies of any records showing the ownership of Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 41**:

Please produce copies of all income tax returns for any business entities owned and/or controlled by Charlie Lusco which have had an ownership interest in either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN BASSETT & HAIK
PERSONAL INJURY | MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

**REQUEST FOR PRODUCTION NO. 42**:

Please produce copies of any contracts or agreements involving Terry Joe Bael performing any type of work for or on behalf of Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 43**:

Please produce all records showing the total amount of money and/or capital contributions invested by Charlie Lusco, individually, or through companies owned and/or controlled by him for or on behalf of either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 44**:

Please produce copies of all documents supporting your allegation that Cameron Gamble embezzled corporate funds from either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc.

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

_____
JAMES P. RYAN (#11560)
P. CRAIG MORROW (#23536)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com


**ANDERSON, BOUTWELL, TRAYLOR**
J. THOMAS ANDERSON (#2464)
607 W. Morris Avenue
Hammond, LA 70403
Telephone: (985) 796-2245
tom@abjustice.com


**EDWARDS & STEVENS**
BRADLEY A. STEVENS (#30076)
Post Office Box 974
Amite, LA 70422
Telephone: (985) 747-1088
Fax: (985-747-1086
brad@edwardsandstevens.com


MORROW, MORROW,
RYAN, BASSETT & HAIK
PLANTATION COURT / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

13

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 13 Page Sequence: 13



**BAKER DONELSON**
BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA
70170

PHONE:    504.566.5200
FAX:        504.636.4000

www.bakerdonelson.com

ROBERT L. WOLLFARTH, JR., SHAREHOLDER
Direct Dial: 504.566.8623
Direct Fax: 504.585.6923
E-Mail Address: rwollfarth@bakerdonelson.com

February 26, 2019

<u>VIA E-MAIL</u>

P. Craig Morrow
craigm@mmrblaw.com

James P. Ryan
jamesr@mmrblaw.com

Re:   Renaissance Group, Inc.'s Response to Cameron Gamble's Letter
       Our File No. 2943397-000001

Gentlemen:

This letter responds to your letter dated February 7, 2019, a copy of which is attached.

You assert in your letter that there exists a Louisiana partnership called "Renaissance Group" among the individuals named in your letter. However, having spoken to our client and reviewed the relevant documents that are available to date, there is no evidence that I can find that these individuals ever contracted to form a Louisiana partnership or a partnership under any other state's (or country's) law for that matter. These individuals have never conducted any business through a partnership and are not currently conducting any business through a partnership. Therefore, they owe no duty to your client; and there are no books and records to be provided.

We do have evidence that your client was hired to provide certain services to a Liberian corporation named Renaissance Group, Inc. in connection with the startup of a timber harvesting business in Liberia but was ultimately terminated for embezzling corporate funds.

To be clear, we represent Renaissance Group, Inc. and hereby request on its behalf that your client return the stolen funds within seven (7) days of receipt of this letter or we will pursue all legal remedies against him that are available to us. In the alternative, within seven (7) days of receipt of this letter have your client provide us with his bank statements or other documents to show that all money wired to his account to fund Renaissance Group, Inc.'s operations were actually transferred by him to Renaissance Group, Inc.

4846-5446-4393v1
2943397-000001 02/26/2019

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON,

February 26, 2019
Page 2

We look forward to working with you toward an amicable resolution of this matter.

Best regards,

Robert L. Wollfarth, Jr.

RLW/ccb
cc:    Colleen Jarrott

**From:** Charlie Lusco <charlie@luscoandlusco.com>
**Date:** November 5, 2018 at 6:03:13 PM EST
**To:** Cameron Gamble <cameron1gamble@gmail.com>
**Subject: Re: Renaissance Group Questions**

2:00PM CST Tomorrow works for me

On Mon, Nov 5, 2018 at 4:51 PM Cameron Gamble <cameron1gamble@gmail.com> wrote:

Thanks for the reply Charlie. I think we just need to jump on a video call ASAP. You and I are both very strong and passionate people who want the same thing. Email just doesn't allow for us to convey our full emotion or message. Face to face is the only way. How does your tomorrow look?

On Nov 5, 2018, at 4:17 PM, Charlie Lusco <charlie@luscoandlusco.com> wrote:

Cameron,

It's almost impossible to address all of the items you mentioned as this email is extensive and covers every imaginable item for the past year. I'll try touching on as many points as I can but these are issues that could have been brought to me directly and many of which I was hoping to cover during our meeting.

I have a document dated 1/8/2018 stating that I was the 6th of 7 partners in Renaissance Group and all of their assets. Not sure why this wouldn't have been shared with you. When I first became involved, my points of contact for Renaissance Group were Pete Traigle and Jonas Robertson. I was never involved in any decision-making when it came to acquisitions of additional forests or mines but the money I contributed had been used to make acquisitions and operate. My opinion is that you never should have been expected to make every decision in such a large operation covering so much space because it is physically impossible to be effective, especially given the rate that new forests were being acquired. This is the whole reason for establishing everyone's role in this company moving forward. I don't know what your initial agreement was regarding your position, responsibilities, and expectations in Liberia for Renaissance Group and have never seen a document stating anything. My assumption is that it was all discussed verbally. Each of the partners made investments with the Company, mostly in the form of capital contributions. My understanding has always been that your investment was your time, for 5 years, ensuring this operation was successful. I understand the sacrifice anyone would make to be in Liberia but that was a sacrifice that you accepted in exchange for being involved in a billion dollar operation. Based on the email you sent, I want to make sure that is still an investment you feel comfortable making. What do

1

you feel you agreed to in terms of time spent in Liberia? I want to make sure I have a clear understanding moving forward of what everyone's obligations are in the group.

I have an extremely close relationship to my family as do all of the members to my knowledge and being transparent about taking time off would never have been criticized by anyone including Pete or myself. You have to realize that people become misinformed and start guessing and formulating their own opinions when communication is non-existent. There have been multiple times you were unresponsive to me and most of the members of the group for days at a time. Most recently, it was over a week. Throughout the past few months, you have never reached out to me with information, only to request more money. Anytime I've requested backup, receipts, etc. I was not given anything. This is all changing as you know.

To your comment about your sacrifices being made so that others can be made wealthier, I need you to understand that NO ONE in this group has made $1 off of this investment. No one knows at this point when or if we will ever make a dollar. The opportunity is absolutely real but nothing is going to get accomplished at this rate. We have spent an unbelievable amount of time going back and forth between people spreading misinformation and drama without getting anything accomplished and it's affecting our reputation on a global scale. I do not operate this way. I set forth expectations and only ask that the people on my team deliver.

Based on your comments about Joe and his crew, I do not believe we will be successful with having Joe go to Liberia. With that being said, I do not think we will be successful sending any crews moving forward unless we can come to an agreement between you and I on how these crews will operate. I sent Joe and his crew with money out of my pocket, not money from Renaissance Group. I can also assure you they were not paid what you think they were paid. They came back stating that they were met with resistance and I heard this from multiple sources. This cannot happen if we get them back to Liberia with their crews and equipment. There is a lot of work to do and Joe's crew is supposed to be one of many. Joe understands his expectations and they are spelled out in writing in his contract. If he is working to remove the 30,000 cubes from our current forest, Renaissance's agreement with Joe is that he will be in charge of timber operations and crews in the bush. He will have to be in charge of all personnel in the bush including providing funds to pay workers.

I think the reason you have not been successful in Liberia is not because you aren't capable but because you are trying to do everything alone. You will need to give up some responsibilities and it may be painful to your ego but that is what we need to be successful on a larger scale. I am not asking you to be an administrator for Renaissance Group. You are continuing to be the COO and I am the CEO. We will work together directly on a daily basis. Your position is to offer support to Joe and any other crews we send to Africa. It would not be realistic to have 4-5 crews operating simultaneously in different forests while having you micro-manage their day-to-day activity. All the while, we are sending buyers to meet you as a partner and representative of Renaissance Group

2

while you are tied up in the bush. We have to develop a process where things do not fall apart the moment you are away. That is the goal.

I think you should be with your family on a more regular basis and do not see any reason why you would not be able to leave for 1 week a month to visit them in the US. In order for that to happen, we have to put this system in place. If you realistically want this to happen, you will be 100% in support of these changes. There is a much bigger picture here that we have to see as a Company.

I don't want to spend anymore time on the past. There is far too much to accomplish in the immediate future and I need you and I to be on the same page. I don't mince words. You don't have to like Joe but he is coming to Africa with equipment to cut trees. You need to do everything in your power to ensure he is successful. If he is successful, I will send more crews and equipment, you will be able to see your family more often, and the Renaissance Group can begin to make a profit while helping thousands of people that have entrusted us to bring them some prosperity. That is the reality.

What are your current plans for returning to Liberia? Your well-being is important so I need a realistic timeline for you to heal and return to Liberia 100% healthy. Joe and his crew are leaving this week to head there. They will be limited as to what they can do when they get there until their equipment arrives but they have been asked to begin fixing any broken equipment and using the existing equipment to begin moving as many logs as possible. Joe and his crew will need transportation from the airport and for the first few days until he is able to purchase a vehicle. Can you assist with this?

We need to have a weekly call or video conference from now on. If you are busy, we will find the time.

Let's start moving forward.

Thanks,
Charlie

**CAMERON GAMBLE**                    CIVIL DOCKET NO. 2019-0001190

**VERSUS**

**RENAISSANCE GROUP;**
**RENAISSANCE GROUP, INC.;**         **21ST JUDICIAL DISTRICT COURT**
**RENAISSANCE, INC.;**
**CHARLIE LUSCO;**
**JONAS ROBERTSON;**
**PETER TRAIGLE;**
**LANE FRANKS; and**
**RICHARD HOFFMAN;**                 **TANGIPAHOA PARISH, LOUISIANA**

---

### PLAINTIFF'S FIRST SET OF WRITTEN
### DISCOVERY TO DEFENDANT,
### JONAS ROBERTSON

---

**TO:   JONAS ROBERTSON**
        2301 Par 3 Drive
        Harvey, Louisiana 70058

NOW INTO COURT, through undersigned counsel, comes plaintiff, **Cameron**

**Gamble,** who propounds the following First Set of Written Discovery to defendant, **Jonas**

**Robertson.**

Please take notice that you are herein notified and required to answer separately,

fully, in writing, and under oath the following First Set of Written Discovery served on you

and to serve your answers thereto to the undersigned counsel within fifteen (15) days from

the date of service thereof in accordance with the provisions of the Louisiana Code of Civil

Procedure.

### PRELIMINARY STATEMENT

A.      In answering this First Set of Written Discovery, you are required to furnish

such information as is available to you, including information in the possession of your

investigators, employees, agents, representatives, guardians, attorneys, investigators for

your attorney and any other person or persons acting on your behalf.

B.      If you cannot answer any of the following First Set of Written Discovery in

full, after exercising due diligence to secure the information to do so, so state and answer

to the extent possible specifying your inability to answer the remainder and stating

whatever information or knowledge you have concerning the unanswered portion.



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LIABILITY / PLAINTIFFS LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

1

C.    Each Interrogatory and/or Request is intended to and does request that each and every part be answered with the same force and effect as if such part were the subject of and were asked by a separate Interrogatory and/or Request.

D.    Each interrogatory hereinafter set forth not only calls for the knowledge of the defendant, but also for the knowledge that is available to each of the said defendants by reasonable inquiry, including inquiry of their representatives and attorneys.

E.    Please follow these instruction when responding to this First Set of Written Discovery:

1.    If the defendant lacks information with respect to any Interrogatory or sub-part thereof, please state the fact and answer that Interrogatory to the best of their knowledge and belief.

2.    These Interrogatories are continuing in character, so as to require defendant to file immediate supplemental answers if defendant obtains further or different information.

3.    All supplemental answers shall be filed in accordance with the Louisiana Code of Civil Procedure and shall be rendered due upon the occurrence of an event, happening, or discovery of such.

4.    "You", "your", "Robertson" or "Defendant" - shall refer to Defendant, Jonas Robertson, unless specifically noted, and all parties acting on its behalf, including but not limited to, employees, officers, managers, directors, parent corporations, subsidiaries, affiliated entities, associates, consultants, investigators, secretaries, assistants, agents, brokers, claims adjusters, independent claims adjusters, or attorneys and any Related Parties as defined in Paragraph 5.

5.    "Related Parties" - Shall mean any person, firm or entity considered a related party by the Statement of Financial Accounting Standards (SFAS 57) of the Financial Accounting Standards (FASB), including: (a) any party that directly or indirectly has the power to direct or cause the direction of management and policies of you by virtue of ownership, contract or any other means (hereafter "controlling party"); (b) any party that either directly or indirectly controls, is controlled by, or is under common control of a company (hereafter "affiliate"); (c) principal owners of the company; (d) management of the company; (e) members of the immediate family of principal owners or management; (f) any party with which the company may do business if either party does or can control or significantly influence the management or operating policies of the other party to an extent that either party might be prevented from pursuing its own interests; (g) any party that can significantly influence the management or operating policies of other parties to a transaction, or that has an equity interest in one of the transacting parties and can significantly influence the other party to an extent that either of the transacting parties might be prevented from pursuant its own interests; and (h) subsidiaries of any of the above.

6.    When used with respect to an individual, the word "identify" and the word "describe" mean to state the full name and present or last known address of each person, the present of last known position and the business affiliation



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

2

of each person, including a job or position title or brief job or position description for each person at the present time and at all times during the period of these interrogatories.

7.     When used with respect to a business entity or association, the word **"identify"** or **"describe"** means to state the full business name, place of incorporation, if applicable, principal place of business, and the general nature of the business conducted.

8.     When used with respect to an oral communication, the word **"identify"** or **"describe"** means to state exactly what was said, including but not limited to where it was said, when it was said, by whom it was said, to whom it was said, and including the name of each person present or having direct knowledge of the communication.

9.     When used with respect to a meeting, conference, contract, conversation, discussion, or a negotiation, the word **"identify"** or **"describe"** means to state the place and date of the meeting or conference, the individuals present, including their business affiliations, and positions or job titles, the subject matter discussed, and to identify any documents mentioning, referring or relating to said meeting or conference.

10.    When used with respect to an agreement or contract, **"identify"** or **"describe"** means to state exactly what was agreed to or contracted for, orally or written, directly or indirectly, assertively or through omission, as well as dates, locations, the parties thereto, the duration, and to identify the documents constituting the agreement or contract.  Further, when referring to an agreement or contract, the subject matter shall include all drafts, discussions, or proposals.

11.    When used with respect to an event, occurrence or instance, **"identify"** or **"describe"** means to state the date, the place, the parties present, the subject matter discussed, the reasons for the occurrence, event or instance, and the effects thereof.

12.    "**And**" means both the conjunctive "and" and the disjunctive "or" and the words "and/or.

13.    "**He**", "**him**" or "**his**" when referring to any person shall be deemed to include all other genders and the singular shall be deemed to include the plural.

14.    If you lack information with respect to any Request for Production of Documents or any sub-part thereof, please state that fact and answer the Request for Production of Documents to the best of your knowledge and belief.

15.    These Request for Production of Documents are continuing in character so as to require you to file supplemental responses immediately if they or any of their agents, representatives, attorney or employees obtain further or different documentation subsequent to your original responses.

16.    If any requested document has been lost or destroyed, provide a statement regarding the circumstances relating to the loss or destruction of said document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL CORPORATION OF ATTORNEYS AT LAW
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

3

17. If you claim any type of privilege as to any documents requested, identify such documents in your written responses, giving the following information: (a) date of document; (b) author of document; (c) addressee of document; (d) nature of document, such as memorandum, letter, etc.; (e) anyone who has received a copy of the document; (f) the general subject matter of the document; (g) basis of claim of privilege (e.g. attorney-client, work product, etc.)

18. The term **"document"** or **"documentation"** shall, unless otherwise indicated, mean all written or printed matter of any kind in your possession, custody or control, which is either known to you or can be located or discovered by diligent effort, including the originals and all non-identical copies whether different from the original by reason of any notation made upon such copies or otherwise. This includes without limitation, all contracts, correspondence, memoranda, notes, letters, telegrams, facsimile transmittals, telefax, diaries, communications, e-mails, messages of any kind, minutes of meetings, estimates, appraisals, studies, reports, instructions, requests, checks, statements, receipts, returns, summaries, inter and intra-office communications, offers, invoices, worksheets, calendars, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, or representations of any kind. This further includes, without limitation, phonorecords, photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, cassettes, computer disks, recordings and computer printouts, and any other data compilations.

19. *Please be advised that any and all electronic documents, files or data which is requested herein must be provided to the Plaintiffs in the native format. This requires that you provide the originally created data in the format utilized by the software originally used to create the data. For example, if the data was originally recorded or drafted using Microsoft Word, please provide us with the Word formatted document, otherwise indicated as a "*.doc" file. If a document is requested that was originally drafted, sent and/or otherwise existing in an electronic format, we request that the document be provided to us in the native electronic format.*

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Please identify the type of legal entities known as Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. (i.e. is it a sole proprietorship, joint venture, general partnership, limited partnership, limited liability partnership, limited liability company or corporation?). Identify each document that supports your answer.

**INTERROGATORY NO. 2**:

Describe the relationship between Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. and Cameron Gamble. Specifically, please state all job titles held by Cameron Gamble; the nature and types of services he provided to each entity; the manner in which he was paid including any amounts withheld from his gross pay; and describe in



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LAW CORPORATION

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

4

detail all written or electronic documents that include any information, discussion or agreements with respect to any work performed by Cameron Gamble on behalf of these entities.

**INTERROGATORY NO. 3**:

Please describe in detail all reasons which support your allegation that Cameron Gamble allegedly embezzled corporate funds as stated in the letter sent by your lawyer on February 26, 2019 (copy attached).

**INTERROGATORY NO. 4**:

Please describe in detail the events that lead Jonas Robertson to become involved with either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc.  Your answer should list the names, addresses and phone numbers of all persons Jonas Robertson discussed his involvement in the Renaissance entities.

**INTERROGATORY NO. 5**:

Please describe in detail all reasons why Cameron Gamble is no longer performing work for either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. Please identify all documents which support your reasons.

**INTERROGATORY NO. 6**:

Please describe in detail what role and services you contend Cameron Gamble performed for either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**INTERROGATORY NO. 7**:

Have the original Articles of Incorporation of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. ever been suspended, revoked, dissolved, amended or canceled?  If your answer is anything other than an unqualified "No", please set forth the details with respect to each such action.  Your answer should include, but not be limited to, the dates and reasons for each such action and the person, persons, entities or agencies who initiated said actions and were signatories to same.

MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LAW CORPORATION OF MORROW & HAIK

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

5

**INTERROGATORY NO. 8**:

With respect to the businesses known as Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc., please set forth the following information:

- a.    Set forth the state and country of incorporation, the registered name as it appears in the original Articles of Incorporation, and date of incorporation;

- b.    Set forth the address and telephone number of the corporation's registered office and the address and telephone number of its principle place of business;

- c.    Describe each class of stock and, for each such class, set forth the total number of shares authorized, the total number of shares issued and the total number of shares outstanding;

- d.    Set forth the name and address of each member of the Board of Directors and specify the number of shares of each class of stock owned by each director. Also indicate which director is the Chairman of the Board;

- e.    Set forth the name and address of the current CEO/President, Vice-President, Treasurer and Secretary; and to the extent that you have not already done so, specify the number of shares of each class of stock owned by each officer; and

- f.    Summarize and briefly describe the nature and business of the Renaissance entities.

**INTERROGATORY NO. 9**:

Please identify all evidence, exhibits or any other documents that you plan to introduce at the trial of this matter.

**INTERROGATORY NO. 10**:

Please describe in detail all reasons why Jonas Robertson alleges that Cameron Gamble is neither a partner nor shareholder in either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc.    Identify all documents which support your allegations.

**INTERROGATORY NO. 11**:

Please list and describe all titles, roles and services assigned to you and performed by you for or on behalf of Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.


MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 12 Page Sequence: 6

**INTERROGATORY NO. 12:**

Please identify each person whom you "may call" or "will call" as an expert witness at trial, their educational background, their area of expertise, the subject matter about which expert is expected to testify and a summary of the grounds of each opinion.

**INTERROGATORY NO. 13:**

Please identify each and every witness that you "may call" or "will call" as a witness at the trial of this matter.

---

## REQUEST FOR PRODUCTION OF DOCUMENTS

---

**REQUEST FOR PRODUCTION NO. 1:**

Please produce copies of any Articles of Partnership and any amendments thereto filed by or on behalf of Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce copies of any Articles for Incorporation and any amendments thereto filed by or on behalf of Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies of any By-Laws of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce copies of any minutes of meetings of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of any records showing the ownership of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce copies of any and all Federal and State income tax returns of Jonas Robertson, personally, from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LAW CORPORATION / LIMITED LIABILITY COMPANY

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

7

**REQUEST FOR PRODUCTION NO. 7**:

Please produce copies of all income tax returns for any entities owned or controlled by Jonas Robertson and having ownership of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 8**:

Please produce copies of any records of any sales and/or transfer of any assets of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. involving Jonas Robertson from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 9**:

Please produce copies of all emails between Jonas Robertson and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 10**:

Please produce copies of all emails between Jonas Robertson and any of the named defendants relating to Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 11**:

Please produce copies of any and all emails relating to the operation of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce copies of any agreements between Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. and Jonas Robertson from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 13**:

Please produce copies of any and all agreements between Renaissance Group and Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 14**:

Please produce copies of any and all agreements between Renaissance Group and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Abbeville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

8

**REQUEST FOR PRODUCTION NO. 15**:

Please produce any and all agreements between Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 16**:

Please produce all records showing the names and addresses of all people who were performing work for or on behalf of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 17**:

Please produce copies of any records showing all accounts receivable owed to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 18**:

Please produce copies of any records showing all accounts payable owed by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to any person or entity from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 19**:

Please produce copies of all monthly bank statements for any accounts held in the names of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 20**:

Please produce copies of all records showing any income received by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 21**:

Please produce copies of any records showing any funds paid out by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

9

**REQUEST FOR PRODUCTION NO. 22**:

Please produce copies of any minutes of board meetings held by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 23**:

Please produce copies of any records showing any loans made to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 24**:

Please produce copies of any records showing any loans made by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 25**:

Please produce copies of all timber concession agreements entered into by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 26**:

Please produce copies of all records of any dividends and/or profit distributions made by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to any partners and/or shareholders from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 27**:

Please produce copies of records of any capital contributions made into Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 28**:

Attached is an email dated November 5, 2018 sent by Charlie Lusco to Cameron Gamble. The email sent by Charlie Lusco references a document dated January 8, 2018 purportedly stating that Charlie Lusco is the 6th of 7 partners in Renaissance Group and all of its assets. Please produce the January 8, 2018 document referenced above.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY | MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

10

**REQUEST FOR PRODUCTION NO. 29**:

Please produce copies of any correspondence, emails and/or text messages which in any way reference Cameron Gamble's work, services and ownership interest in Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 30**:

Please produce copies of records showing any transfer of funds from Jonas Robertson, individually, and/or any business entities owned/controlled by him to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 31**:

Please produce copies of records showing any transfer of funds from Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to Jonas Robertson, individually, and/or any business entities owned/controlled by him from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 32**:

Please produce copies of all corporate financial statements of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 33**:

Please produce copies of any records showing investments made by Jonas Robertson, individually, and/or through business entities owned/controlled by him to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 34**:

Please produce copies of any and all exhibits which may be used at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 35**:

Please produce all documents, reports, emails, text messages and any other records, whether in the form of paper documents or electronic data, that reference in any way



MORROW, MORROW,
RYAN, BASSETT & HAIK
PROFESSIONAL LAW CORPORATION / PARTNERSHIP LLP

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

11

Cameron Gamble's work, services and ownership interest in Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 36**:

Please produce copies of all annual balance sheets and/or year-end accounting statements for Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 37**:

Please produce copies of all text messages between Jonas Robertson and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 38**:

Please produce all records filed with the Liberian Government to allow either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. to conduct business in Liberia, Africa.

**REQUEST FOR PRODUCTION NO. 39**:

Please produce a copy of any documents showing the identity of the business entities owned and/or controlled by Jonas Robertson which have had ownership in either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 40**:

Please produce copies of any records showing the ownership of Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 41**:

Please produce copies of all income tax returns for any business entities owned and/or controlled by Jonas Robertson which have had an ownership interest in either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT &HAIR
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

12

**REQUEST FOR PRODUCTION NO. 42**:

Please produce copies of any contracts or agreements involving Terry Joe Bael performing any type of work for or on behalf of Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 43**:

Please produce all records showing the total amount of money and/or capital contributions invested by Jonas Robertson, individually, or through companies owned and/or controlled by him for or on behalf of either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 44**:

Please produce copies of all documents supporting your allegation that Cameron Gamble embezzled corporate funds from either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc.

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

JAMES P. RYAN (#11560)
P. CRAIG MORROW (#23536)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com

**ANDERSON, BOUTWELL, TRAYLOR**
J. THOMAS ANDERSON (#2464)
607 W. Morris Avenue
Hammond, LA  70403
Telephone:  (985) 796-2245
tom@abjustice.com

**EDWARDS & STEVENS**
BRADLEY A. STEVENS (#30076)
Post Office Box 974
Amite, LA  70422
Telephone:  (985) 747-1088
Fax:  (985-747-1086
brad@edwardsandstevens.com

MORROW, MORROW,
RYAN, BASSETT & HAIK
PROFESSIONAL LAW CORPORATION
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

13



# BAKER DONELSON
### BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA
70170

PHONE: 504.566.5200
FAX: 504.636.4000

www.bakerdonelson.com

ROBERT L. WOLLFARTH, JR., SHAREHOLDER
Direct Dial: 504.566.8623
Direct Fax: 504.585.6923
E-Mail Address: rwollfarth@bakerdonelson.com

February 26, 2019

<u>VIA E-MAIL</u>

P. Craig Morrow
craigm@mmrblaw.com

James P. Ryan
jamesr@mmrblaw.com

Re:    Renaissance Group, Inc.'s Response to Cameron Gamble's Letter
Our File No. 2943397-000001

Gentlemen:

This letter responds to your letter dated February 7, 2019, a copy of which is attached.

You assert in your letter that there exists a Louisiana partnership called "Renaissance Group" among the individuals named in your letter. However, having spoken to our client and reviewed the relevant documents that are available to date, there is no evidence that I can find that these individuals ever contracted to form a Louisiana partnership or a partnership under any other state's (or country's) law for that matter. These individuals have never conducted any business through a partnership and are not currently conducting any business through a partnership. Therefore, they owe no duty to your client; and there are no books and records to be provided.

We do have evidence that your client was hired to provide certain services to a Liberian corporation named Renaissance Group, Inc. in connection with the startup of a timber harvesting business in Liberia but was ultimately terminated for embezzling corporate funds.

To be clear, we represent Renaissance Group, Inc. and hereby request on its behalf that your client return the stolen funds within seven (7) days of receipt of this letter or we will pursue all legal remedies against him that are available to us. In the alternative, within seven (7) days of receipt of this letter have your client provide us with his bank statements or other documents to show that all money wired to his account to fund Renaissance Group, Inc.'s operations were actually transferred by him to Renaissance Group, Inc.

4846-5446-4393v1
2943397-000001 02/26/2019

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON,

February 26, 2019
Page 2

We look forward to working with you toward an amicable resolution of this matter.

Best regards,

Robert L. Wollfarth, Jr.

RLW/ccb
cc:    Colleen Jarrott

4846-5446-4393v1
2943397-000001 02/26/2019

**From:** Charlie Lusco <charlie@luscoandlusco.com>
**Date:** November 5, 2018 at 6:03:13 PM EST
**To:** Cameron Gamble <cameron1gamble@gmail.com>
**Subject: Re: Renaissance Group Questions**

    2:00PM CST Tomorrow works for me

On Mon, Nov 5, 2018 at 4:51 PM Cameron Gamble <cameron1gamble@gmail.com> wrote:

Thanks for the reply Charlie. I think we just need to jump on a video call ASAP. You and I are both very strong and passionate people who want the same thing. Email just doesn't allow for us to convey our full emotion or message. Face to face is the only way. How does your tomorrow look?

On Nov 5, 2018, at 4:17 PM, Charlie Lusco <charlie@luscoandlusco.com> wrote:

Cameron,

It's almost impossible to address all of the items you mentioned as this email is extensive and covers every imaginable item for the past year. I'll try touching on as many points as I can but these are issues that could have been brought to me directly and many of which I was hoping to cover during our meeting.

I have a document dated 1/8/2018 stating that I was the 6th of 7 partners in Renaissance Group and all of their assets. Not sure why this wouldn't have been shared with you. When I first became involved, my points of contact for Renaissance Group were Pete Traigle and Jonas Robertson. I was never involved in any decision-making when it came to acquisitions of additional forests or mines but the money I contributed had been used to make acquisitions and operate. My opinion is that you never should have been expected to make every decision in such a large operation covering so much space because it is physically impossible to be effective, especially given the rate that new forests were being acquired. This is the whole reason for establishing everyone's role in this company moving forward. I don't know what your initial agreement was regarding your position, responsibilities, and expectations in Liberia for Renaissance Group and have never seen a document stating anything. My assumption is that it was all discussed verbally. Each of the partners made investments with the Company, mostly in the form of capital contributions. My understanding has always been that your investment was your time, for 5 years, ensuring this operation was successful. I understand the sacrifice anyone would make to be in Liberia but that was a sacrifice that you accepted in exchange for being involved in a billion dollar operation. Based on the email you sent, I want to make sure that is still an investment you feel comfortable making. What do

1

you feel you agreed to in terms of time spent in Liberia?  I want to make sure I have a clear understanding moving forward of what everyone's obligations are in the group.

I have an extremely close relationship to my family as do all of the members to my knowledge and being transparent about taking time off would never have been criticized by anyone including Pete or myself.  You have to realize that people become misinformed and start guessing and formulating their own opinions when communication is non-existent.  There have been multiple times you were unresponsive to me and most of the members of the group for days at a time.  Most recently, it was over a week.  Throughout the past few months, you have never reached out to me with information, only to request more money.  Anytime I've requested backup, receipts, etc. I was not given anything.  This is all changing as you know.

To your comment about your sacrifices being made so that others can be made wealthier, I need you to understand that NO ONE in this group has made $1 off of this investment.  No one knows at this point when or if we will ever make a dollar.  The opportunity is absolutely real but nothing is going to get accomplished at this rate.  We have spent an unbelievable amount of time going back and forth between people spreading misinformation and drama without getting anything accomplished and it's affecting our reputation on a global scale.  I do not operate this way.  I set forth expectations and only ask that the people on my team deliver.

Based on your comments about Joe and his crew, I do not believe we will be successful with having Joe go to Liberia.  With that being said, I do not think we will be successful sending any crews moving forward unless we can come to an agreement between you and I on how these crews will operate.  I sent Joe and his crew with money out of my pocket, not money from Renaissance Group.  I can also assure you they were not paid what you think they were paid.  They came back stating that they were met with resistance and I heard this from multiple sources.  This cannot happen if we get them back to Liberia with their crews and equipment.  There is a lot of work to do and Joe's crew is supposed to be one of many.  Joe understands his expectations and they are spelled out in writing in his contract.  If he is working to remove the 30,000 cubes from our current forest, Renaissance's agreement with Joe is that he will be in charge of timber operations and crews in the bush.  He will have to be in charge of all personnel in the bush including providing funds to pay workers.

I think the reason you have not been successful in Liberia is not because you aren't capable but because you are trying to do everything alone.  You will need to give up some responsibilities and it may be painful to your ego but that is what we need to be successful on a larger scale.  I am not asking you to be an administrator for Renaissance Group.  You are continuing to be the COO and I am the CEO.  We will work together directly on a daily basis.  Your position is to offer support to Joe and any other crews we send to Africa.  It would not be realistic to have 4-5 crews operating simultaneously in different forests while having you micro-manage their day-to-day activity.  All the while, we are sending buyers to meet you as a partner and representative of Renaissance Group

2

while you are tied up in the bush. We have to develop a process where things do not fall apart the moment you are away. That is the goal.

I think you should be with your family on a more regular basis and do not see any reason why you would not be able to leave for 1 week a month to visit them in the US. In order for that to happen, we have to put this system in place. If you realistically want this to happen, you will be 100% in support of these changes. There is a much bigger picture here that we have to see as a Company.

I don't want to spend anymore time on the past. There is far too much to accomplish in the immediate future and I need you and I to be on the same page. I don't mince words. You don't have to like Joe but he is coming to Africa with equipment to cut trees. You need to do everything in your power to ensure he is successful. If he is successful, I will send more crews and equipment, you will be able to see your family more often, and the Renaissance Group can begin to make a profit while helping thousands of people that have entrusted us to bring them some prosperity. That is the reality.

What are your current plans for returning to Liberia? Your well-being is important so I need a realistic timeline for you to heal and return to Liberia 100% healthy. Joe and his crew are leaving this week to head there. They will be limited as to what they can do when they get there until their equipment arrives but they have been asked to begin fixing any broken equipment and using the existing equipment to begin moving as many logs as possible. Joe and his crew will need transportation from the airport and for the first few days until he is able to purchase a vehicle. Can you assist with this?

We need to have a weekly call or video conference from now on. If you are busy, we will find the time.

Let's start moving forward.

Thanks,
Charlie

**CAMERON GAMBLE**

**VERSUS**

**RENAISSANCE GROUP;**
**RENAISSANCE GROUP, INC.;**
**RENAISSANCE, INC.;**
**CHARLIE LUSCO;**
**JONAS ROBERTSON;**
**PETER TRAIGLE;**
**LANE FRANKS; and**
**RICHARD HOFFMAN;**

CIVIL DOCKET NO. 2019-0001190

**21ST JUDICIAL DISTRICT COURT**

**TANGIPAHOA PARISH, LOUISIANA**

---

**PLAINTIFF'S FIRST SET OF WRITTEN
DISCOVERY TO DEFENDANT,
PETER TRAIGLE**

---

**TO:   PETER TRAIGLE**
111 Doctor Bowen Street
Belle Chase, Louisiana 70037

NOW INTO COURT, through undersigned counsel, comes plaintiff, **Cameron Gamble,** who propounds the following First Set of Written Discovery to defendant, **Peter Traigle.**

Please take notice that you are herein notified and required to answer separately, fully, in writing, and under oath the following First Set of Written Discovery served on you and to serve your answers thereto to the undersigned counsel within fifteen (15) days from the date of service thereof in accordance with the provisions of the Louisiana Code of Civil Procedure.

**PRELIMINARY STATEMENT**

A.     In answering this First Set of Written Discovery, you are required to furnish such information as is available to you, including information in the possession of your investigators, employees, agents, representatives, guardians, attorneys, investigators for your attorney and any other person or persons acting on your behalf.

B.     If you cannot answer any of the following First Set of Written Discovery in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

1

C.    Each Interrogatory and/or Request is intended to and does request that each and every part be answered with the same force and effect as if such part were the subject of and were asked by a separate Interrogatory and/or Request.

D.    Each interrogatory hereinafter set forth not only calls for the knowledge of the defendant, but also for the knowledge that is available to each of the said defendants by reasonable inquiry, including inquiry of their representatives and attorneys.

E.    Please follow these instruction when responding to this First Set of Written Discovery:

1.    If the defendant lacks information with respect to any Interrogatory or sub-part thereof, please state the fact and answer that Interrogatory to the best of their knowledge and belief.

2.    These Interrogatories are continuing in character, so as to require defendant to file immediate supplemental answers if defendant obtains further or different information.

3.    All supplemental answers shall be filed in accordance with the Louisiana Code of Civil Procedure and shall be rendered due upon the occurrence of an event, happening, or discovery of such.

4.    **"You"**, **"your"**, **"Traigle"** or **"Defendant"** - shall refer to Defendant, **Peter Traigle**, unless specifically noted, and all parties acting on its behalf, including but not limited to, employees, officers, managers, directors, parent corporations, subsidiaries, affiliated entities, associates, consultants, investigators, secretaries, assistants, agents, brokers, claims adjusters, independent claims adjusters, or attorneys and any Related Parties as defined in Paragraph 5.

5.    **"Related Parties"** - Shall mean any person, firm or entity considered a related party by the Statement of Financial Accounting Standards (SFAS 57) of the Financial Accounting Standards (FASB), including: (a) any party that directly or indirectly has the power to direct or cause the direction of management and policies of you by virtue of ownership, contract or any other means (hereafter "controlling party"); (b) any party that either directly or indirectly controls, is controlled by, or is under common control of a company (hereafter "affiliate"); (c) principal owners of the company; (d) management of the company; (e) members of the immediate family of principal owners or management; (f) any party with which the company may do business if either party does or can control or significantly influence the management or operating policies of the other party to an extent that either party might be prevented from pursuing its own interests; (g) any party that can significantly influence the management or operating policies of other parties to a transaction, or that has an equity interest in one of the transacting parties and can significantly influence the other party to an extent that either of the transacting parties might be prevented from pursuant its own interests; and (h) subsidiaries of any of the above.

6.    When used with respect to an individual, the word **"identify"** and the word **"describe"** mean to state the full name and present or last known address of each person, the present of last known position and the business affiliation



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbblawoffice.com

2

of each person, including a job or position title or brief job or position description for each person at the present time and at all times during the period of these interrogatories.

7.  When used with respect to a business entity or association, the word **"identify"** or **"describe"** means to state the full business name, place of incorporation, if applicable, principal place of business, and the general nature of the business conducted.

8.  When used with respect to an oral communication, the word **"identify"** or **"describe"** means to state exactly what was said, including but not limited to where it was said, when it was said, by whom it was said, to whom it was said, and including the name of each person present or having direct knowledge of the communication.

9.  When used with respect to a meeting, conference, contract, conversation, discussion, or a negotiation, the word **"identify"** or **"describe"** means to state the place and date of the meeting or conference, the individuals present, including their business affiliations, and positions or job titles, the subject matter discussed, and to identify any documents mentioning, referring or relating to said meeting or conference.

10. When used with respect to an agreement or contract, **"identify"** or **"describe"** means to state exactly what was agreed to or contracted for, orally or written, directly or indirectly, assertively or through omission, as well as dates, locations, the parties thereto, the duration, and to identify the documents constituting the agreement or contract.  Further, when referring to an agreement or contract, the subject matter shall include all drafts, discussions, or proposals.

11. When used with respect to an event, occurrence or instance, **"identify"** or **"describe"** means to state the date, the place, the parties present, the subject matter discussed, the reasons for the occurrence, event or instance, and the effects thereof.

12. "**And**" means both the conjunctive "and" and the disjunctive "or" and the words "and/or.

13. "**He**", "**him**" or "**his**" when referring to any person shall be deemed to include all other genders and the singular shall be deemed to include the plural.

14. If you lack information with respect to any Request for Production of Documents or any sub-part thereof, please state that fact and answer the Request for Production of Documents to the best of your knowledge and belief.

15. These Request for Production of Documents are continuing in character so as to require you to file supplemental responses immediately if they or any of their agents, representatives, attorney or employees obtain further or different documentation subsequent to your original responses.

16. If any requested document has been lost or destroyed, provide a statement regarding the circumstances relating to the loss or destruction of said document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

3

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 11 Page Sequence: 3

17. If you claim any type of privilege as to any documents requested, identify such documents in your written responses, giving the following information: (a) date of document; (b) author of document; (c) addressee of document; (d) nature of document, such as memorandum, letter, etc.; (e) anyone who has received a copy of the document; (f) the general subject matter of the document; (g) basis of claim of privilege (e.g. attorney-client, work product, etc.)

18. The term **"document"** or **"documentation"** shall, unless otherwise indicated, mean all written or printed matter of any kind in your possession, custody or control, which is either known to you or can be located or discovered by diligent effort, including the originals and all non-identical copies whether different from the original by reason of any notation made upon such copies or otherwise.  This includes without limitation, all contracts, correspondence, memoranda, notes, letters, telegrams, facsimile transmittals, telefax, diaries, communications, e-mails, messages of any kind, minutes of meetings, estimates, appraisals, studies, reports, instructions, requests, checks, statements, receipts, returns, summaries, inter and intra-office communications, offers, invoices, worksheets, calendars, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, or representations of any kind.  This further includes, without limitation, phonorecords, photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, cassettes, computer disks, recordings and computer printouts, and any other data compilations.

19. *Please be advised that any and all electronic documents, files or data which is requested herein must be provided to the Plaintiffs in the native format. This requires that you provide the originally created data in the format utilized by the software originally used to create the data.  For example, if the data was originally recorded or drafted using Microsoft Word, please provide us with the Word formatted document, otherwise indicated as a "\*.doc" file.  If a document is requested that was originally drafted, sent and/or otherwise existing in an electronic format, we request that the document be provided to us in the native electronic format.*

---

## INTERROGATORIES

---

**INTERROGATORY NO. 1**:

Please identify the type of legal entities known as Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. (i.e. is it a sole proprietorship, joint venture, general partnership, limited partnership, limited liability partnership, limited liability company or corporation?).  Identify each document that supports your answer.

**INTERROGATORY NO. 2**:

Describe the relationship between Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. and Cameron Gamble.  Specifically, please state all job titles held by Cameron Gamble; the nature and types of services he provided to each entity; the manner in which he was paid including any amounts withheld from his gross pay; and describe in



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbblawoffice.com

4

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 11 Page Sequence: 4

detail all written or electronic documents that include any information, discussion or agreements with respect to any work performed by Cameron Gamble on behalf of these entities.

**INTERROGATORY NO. 3**:

Please describe in detail all reasons which support your allegation that Cameron Gamble allegedly embezzled corporate funds as stated in the letter sent by your lawyer on February 26, 2019 (copy attached).

**INTERROGATORY NO. 4**:

Please describe in detail the events that lead Peter Traigle to become involved with either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc.  Your answer should list the names, addresses and phone numbers of all persons Peter Traigle discussed his involvement in the Renaissance entities.

**INTERROGATORY NO. 5**:

Please describe in detail all reasons why Cameron Gamble is no longer performing work for either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. Please identify all documents which support your reasons.

**INTERROGATORY NO. 6**:

Please describe in detail what role and services you contend Cameron Gamble performed for either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**INTERROGATORY NO. 7**:

Have the original Articles of Incorporation of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. ever been suspended, revoked, dissolved, amended or canceled?  If your answer is anything other than an unqualified "No", please set forth the details with respect to each such action.  Your answer should include, but not be limited to, the dates and reasons for each such action and the person, persons, entities or agencies who initiated said actions and were signatories to same.

MORROW, MORROW,
RYAN, BASSETT & HAIK.
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

5

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 11 Page Sequence: 5

**INTERROGATORY NO. 8**:

With respect to the businesses known as Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc., please set forth the following information:

    a.    Set forth the state and country of incorporation, the registered name as it appears in the original Articles of Incorporation, and date of incorporation;

    b.    Set forth the address and telephone number of the corporation's registered office and the address and telephone number of its principle place of business;

    c.    Describe each class of stock and, for each such class, set forth the total number of shares authorized, the total number of shares issued and the total number of shares outstanding;

    d.    Set forth the name and address of each member of the Board of Directors and specify the number of shares of each class of stock owned by each director. Also indicate which director is the Chairman of the Board;

    e.    Set forth the name and address of the current CEO/President, Vice-President, Treasurer and Secretary; and to the extent that you have not already done so, specify the number of shares of each class of stock owned by each officer; and

    f.    Summarize and briefly describe the nature and business of the Renaissance entities.

**INTERROGATORY NO. 9**:

Please identify all evidence, exhibits or any other documents that you plan to introduce at the trial of this matter.

**INTERROGATORY NO. 10**:

Please describe in detail all reasons why Peter Traigle alleges that Cameron Gamble is neither a partner nor shareholder in either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. Identify all documents which support your allegations.

**INTERROGATORY NO. 11**:

Please list and describe all titles, roles and services assigned to you and performed by you for or on behalf of Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**INTERROGATORY NO. 12**:

Please identify each person whom you "may call" or "will call" as an expert witness at trial, their educational background, their area of expertise, the subject matter about which expert is expected to testify and a summary of the grounds of each opinion.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

6

**INTERROGATORY NO. 13:**

Please identify each and every witness that you "may call" or "will call" as a witness at the trial of this matter.

---

## REQUEST FOR PRODUCTION OF DOCUMENTS

---

**REQUEST FOR PRODUCTION NO. 1:**

Please produce copies of any Articles of Partnership and any amendments thereto filed by or on behalf of Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce copies of any Articles for Incorporation and any amendments thereto filed by or on behalf of Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies of any By-Laws of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce copies of any minutes of meetings of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of any records showing the ownership of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce copies of any and all Federal and State income tax returns of Peter Traigle, personally, from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce copies of all income tax returns for any entities owned or controlled by Peter Traigle and having ownership of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

7

**REQUEST FOR PRODUCTION NO. 8**:

Please produce copies of any records of any sales and/or transfer of any assets of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. involving Peter Traigle from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 9**:

Please produce copies of all emails between Peter Traigle and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 10**:

Please produce copies of all emails between Peter Traigle and any of the named defendants relating to Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 11**:

Please produce copies of any and all emails relating to the operation of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce copies of any agreements between Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. and Peter Traigle from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 13**:

Please produce copies of any and all agreements between Renaissance Group and Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 14**:

Please produce copies of any and all agreements between Renaissance Group and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 15**:

Please produce any and all agreements between Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ABNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

8

**Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 11 Page Sequence: 8**

**REQUEST FOR PRODUCTION NO. 16**:

Please produce all records showing the names and addresses of all people who were performing work for or on behalf of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 17**:

Please produce copies of any records showing all accounts receivable owed to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 18**:

Please produce copies of any records showing all accounts payable owed by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to any person or entity from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 19**:

Please produce copies of all monthly bank statements for any accounts held in the names of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 20**:

Please produce copies of all records showing any income received by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 21**:

Please produce copies of any records showing any funds paid out by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 22**:

Please produce copies of any minutes of board meetings held by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

9

**REQUEST FOR PRODUCTION NO. 23**:

Please produce copies of any records showing any loans made to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 24**:

Please produce copies of any records showing any loans made by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 25**:

Please produce copies of all timber concession agreements entered into by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 26**:

Please produce copies of all records of any dividends and/or profit distributions made by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to any partners and/or shareholders from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 27**:

Please produce copies of records of any capital contributions made into Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 28**:

Attached is an email dated November 5, 2018 sent by Charlie Lusco to Cameron Gamble. The email sent by Charlie Lusco references a document dated January 8, 2018 purportedly stating that Charlie Lusco is the 6th of 7 partners in Renaissance Group and all of its assets. Please produce the January 8, 2018 document referenced above.

**REQUEST FOR PRODUCTION NO. 29**:

Please produce copies of any correspondence, emails and/or text messages which in any way reference Cameron Gamble's work, services and ownership interest in



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 11 Page Sequence: 10

Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 30**:

Please produce copies of records showing any transfer of funds from Peter Traigle, individually, and/or any business entities owned/controlled by him to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 31**:

Please produce copies of records showing any transfer of funds from Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to Peter Traigle, individually, and/or any business entities owned/controlled by him from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 32**:

Please produce copies of all corporate financial statements of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 33**:

Please produce copies of any records showing investments made by Peter Traigle, individually, and/or through business entities owned/controlled by him to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 34**:

Please produce copies of any and all exhibits which may be used at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 35**:

Please produce all documents, reports, emails, text messages and any other records, whether in the form of paper documents or electronic data, that reference in any way Cameron Gamble's work, services and ownership interest in Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

11

**REQUEST FOR PRODUCTION NO. 36**:

Please produce copies of all annual balance sheets and/or year-end accounting statements for Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 37**:

Please produce copies of all text messages between Peter Traigle and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 38**:

Please produce all records filed with the Liberian Government to allow either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. to conduct business in Liberia, Africa.

**REQUEST FOR PRODUCTION NO. 39**:

Please produce a copy of any documents showing the identity of the business entities owned and/or controlled by Peter Traigle which have had ownership in either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 40**:

Please produce copies of any records showing the ownership of Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 41**:

Please produce copies of all income tax returns for any business entities owned and/or controlled by Peter Traigle which have had an ownership interest in either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 42**:

Please produce copies of any contracts or agreements involving Terry Joe Bael performing any type of work for or on behalf of Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

MM
RBH
MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

12

**REQUEST FOR PRODUCTION NO. 43**:

Please produce all records showing the total amount of money and/or capital contributions invested by Peter Traigle, individually, or through companies owned and/or controlled by him for or on behalf of either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 44**:

Please produce copies of all documents supporting your allegation that Cameron Gamble embezzled corporate funds from either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc.

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

JAMES P. RYAN (#11560)
P. CRAIG MORROW (#23536)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com

**ANDERSON, BOUTWELL, TRAYLOR**
J. THOMAS ANDERSON (#2464)
607 W. Morris Avenue
Hammond, LA 70403
Telephone:  (985) 796-2245
tom@abjustice.com

**EDWARDS & STEVENS**
BRADLEY A. STEVENS (#30076)
Post Office Box 974
Amite, LA 70422
Telephone:  (985) 747-1088
Fax:  (985-747-1086
brad@edwardsandstevens.com



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY & MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrblawoffice.com

13



# BAKER DONELSON
### BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA
70170

PHONE:   504.566.5200
FAX:       504.636.4000

www.bakerdonelson.com

ROBERT L. WOLLFARTH, JR., SHAREHOLDER
Direct Dial: 504.566.8623
Direct Fax: 504.585.6923
E-Mail Address: rwollfarth@bakerdonelson.com

February 26, 2019

**VIA E-MAIL**

P. Craig Morrow
craigm@mmrblaw.com

James P. Ryan
jamesr@mmrblaw.com

Re:     Renaissance Group, Inc.'s Response to Cameron Gamble's Letter
        Our File No. 2943397-000001

Gentlemen:

This letter responds to your letter dated February 7, 2019, a copy of which is attached.

You assert in your letter that there exists a Louisiana partnership called "Renaissance Group" among the individuals named in your letter. However, having spoken to our client and reviewed the relevant documents that are available to date, there is no evidence that I can find that these individuals ever contracted to form a Louisiana partnership or a partnership under any other state's (or country's) law for that matter. These individuals have never conducted any business through a partnership and are not currently conducting any business through a partnership. Therefore, they owe no duty to your client; and there are no books and records to be provided.

We do have evidence that your client was hired to provide certain services to a Liberian corporation named Renaissance Group, Inc. in connection with the startup of a timber harvesting business in Liberia but was ultimately terminated for embezzling corporate funds.

To be clear, we represent Renaissance Group, Inc. and hereby request on its behalf that your client return the stolen funds within seven (7) days of receipt of this letter or we will pursue all legal remedies against him that are available to us. In the alternative, within seven (7) days of receipt of this letter have your client provide us with his bank statements or other documents to show that all money wired to his account to fund Renaissance Group, Inc.'s operations were actually transferred by him to Renaissance Group, Inc.

4846-5446-4393v1
2943397-000001 02/26/2019

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON,

February 26, 2019
Page 2


We look forward to working with you toward an amicable resolution of this matter.

Best regards,

Robert L. Wollfarth, Jr.

RLW/ccb
cc:    Colleen Jarrott

4846-5446-4393v1
2943397-000001 02/26/2019

**From:** Charlie Lusco <charlie@luscoandlusco.com>
**Date:** November 5, 2018 at 6:03:13 PM EST
**To:** Cameron Gamble <cameron1gamble@gmail.com>
**Subject: Re: Renaissance Group Questions**

2:00PM CST Tomorrow works for me

On Mon, Nov 5, 2018 at 4:51 PM Cameron Gamble <cameron1gamble@gmail.com> wrote:

Thanks for the reply Charlie. I think we just need to jump on a video call ASAP. You and I are both very strong and passionate people who want the same thing. Email just doesn't allow for us to convey our full emotion or message. Face to face is the only way. How does your tomorrow look?

On Nov 5, 2018, at 4:17 PM, Charlie Lusco <charlie@luscoandlusco.com> wrote:

Cameron,

It's almost impossible to address all of the items you mentioned as this email is extensive and covers every imaginable item for the past year. I'll try touching on as many points as I can but these are issues that could have been brought to me directly and many of which I was hoping to cover during our meeting.

I have a document dated 1/8/2018 stating that I was the 6th of 7 partners in Renaissance Group and all of their assets. Not sure why this wouldn't have been shared with you. When I first became involved, my points of contact for Renaissance Group were Pete Traigle and Jonas Robertson. I was never involved in any decision-making when it came to acquisitions of additional forests or mines but the money I contributed had been used to make acquisitions and operate. My opinion is that you never should have been expected to make every decision in such a large operation covering so much space because it is physically impossible to be effective, especially given the rate that new forests were being acquired. This is the whole reason for establishing everyone's role in this company moving forward. I don't know what your initial agreement was regarding your position, responsibilities, and expectations in Liberia for Renaissance Group and have never seen a document stating anything. My assumption is that it was all discussed verbally. Each of the partners made investments with the Company, mostly in the form of capital contributions. My understanding has always been that your investment was your time, for 5 years, ensuring this operation was successful. I understand the sacrifice anyone would make to be in Liberia but that was a sacrifice that you accepted in exchange for being involved in a billion dollar operation. Based on the email you sent, I want to make sure that is still an investment you feel comfortable making. What do

1

you feel you agreed to in terms of time spent in Liberia? I want to make sure I have a clear understanding moving forward of what everyone's obligations are in the group.

I have an extremely close relationship to my family as do all of the members to my knowledge and being transparent about taking time off would never have been criticized by anyone including Pete or myself. You have to realize that people become misinformed and start guessing and formulating their own opinions when communication is non-existent. There have been multiple times you were unresponsive to me and most of the members of the group for days at a time. Most recently, it was over a week. Throughout the past few months, you have never reached out to me with information, only to request more money. Anytime I've requested backup, receipts, etc. I was not given anything. This is all changing as you know.

To your comment about your sacrifices being made so that others can be made wealthier, I need you to understand that NO ONE in this group has made $1 off of this investment. No one knows at this point when or if we will ever make a dollar. The opportunity is absolutely real but nothing is going to get accomplished at this rate. We have spent an unbelievable amount of time going back and forth between people spreading misinformation and drama without getting anything accomplished and it's affecting our reputation on a global scale. I do not operate this way. I set forth expectations and only ask that the people on my team deliver.

Based on your comments about Joe and his crew, I do not believe we will be successful with having Joe go to Liberia. With that being said, I do not think we will be successful sending any crews moving forward unless we can come to an agreement between you and I on how these crews will operate. I sent Joe and his crew with money out of my pocket, not money from Renaissance Group. I can also assure you they were not paid what you think they were paid. They came back stating that they were met with resistance and I heard this from multiple sources. This cannot happen if we get them back to Liberia with their crews and equipment. There is a lot of work to do and Joe's crew is supposed to be one of many. Joe understands his expectations and they are spelled out in writing in his contract. If he is working to remove the 30,000 cubes from our current forest, Renaissance's agreement with Joe is that he will be in charge of timber operations and crews in the bush. He will have to be in charge of all personnel in the bush including providing funds to pay workers.

I think the reason you have not been successful in Liberia is not because you aren't capable but because you are trying to do everything alone. You will need to give up some responsibilities and it may be painful to your ego but that is what we need to be successful on a larger scale. I am not asking you to be an administrator for Renaissance Group. You are continuing to be the COO and I am the CEO. We will work together directly on a daily basis. Your position is to offer support to Joe and any other crews we send to Africa. It would not be realistic to have 4-5 crews operating simultaneously in different forests while having you micro-manage their day-to-day activity. All the while, we are sending buyers to meet you as a partner and representative of Renaissance Group

2

while you are tied up in the bush. We have to develop a process where things do not fall apart the moment you are away. That is the goal.

I think you should be with your family on a more regular basis and do not see any reason why you would not be able to leave for 1 week a month to visit them in the US. In order for that to happen, we have to put this system in place. If you realistically want this to happen, you will be 100% in support of these changes. There is a much bigger picture here that we have to see as a Company.

I don't want to spend anymore time on the past. There is far too much to accomplish in the immediate future and I need you and I to be on the same page. I don't mince words. You don't have to like Joe but he is coming to Africa with equipment to cut trees. You need to do everything in your power to ensure he is successful. If he is successful, I will send more crews and equipment, you will be able to see your family more often, and the Renaissance Group can begin to make a profit while helping thousands of people that have entrusted us to bring them some prosperity. That is the reality.

What are your current plans for returning to Liberia? Your well-being is important so I need a realistic timeline for you to heal and return to Liberia 100% healthy. Joe and his crew are leaving this week to head there. They will be limited as to what they can do when they get there until their equipment arrives but they have been asked to begin fixing any broken equipment and using the existing equipment to begin moving as many logs as possible. Joe and his crew will need transportation from the airport and for the first few days until he is able to purchase a vehicle. Can you assist with this?

We need to have a weekly call or video conference from now on. If you are busy, we will find the time.

Let's start moving forward.

Thanks,
Charlie

**CAMERON GAMBLE**                    CIVIL DOCKET NO. 2019-0001190

**VERSUS**

**RENAISSANCE GROUP;**
**RENAISSANCE GROUP, INC.;**          **21ST JUDICIAL DISTRICT COURT**
**RENAISSANCE, INC.;**
**CHARLIE LUSCO;**
**JONAS ROBERTSON;**
**PETER TRAIGLE;**
**LANE FRANKS; and**
**RICHARD HOFFMAN;**                   **TANGIPAHOA PARISH, LOUISIANA**

---

## PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT, LANE FRANKS

**TO:  LANE FRANKS**
Through the Long Arm Statute
10851 North Black Canyon Highway, Suite 540
Phoenix, Arizona 85029

NOW INTO COURT, through undersigned counsel, comes plaintiff, **Cameron Gamble,** who propounds the following First Set of Written Discovery to defendant, **Lane Franks.**

Please take notice that you are herein notified and required to answer separately, fully, in writing, and under oath the following First Set of Written Discovery served on you and to serve your answers thereto to the undersigned counsel within fifteen (15) days from the date of service thereof in accordance with the provisions of the Louisiana Code of Civil Procedure.

## PRELIMINARY STATEMENT

A.      In answering this First Set of Written Discovery, you are required to furnish such information as is available to you, including information in the possession of your investigators, employees, agents, representatives, guardians, attorneys, investigators for your attorney and any other person or persons acting on your behalf.

B.      If you cannot answer any of the following First Set of Written Discovery in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

1

C.    Each Interrogatory and/or Request is intended to and does request that each and every part be answered with the same force and effect as if such part were the subject of and were asked by a separate Interrogatory and/or Request.

D.    Each interrogatory hereinafter set forth not only calls for the knowledge of the defendant, but also for the knowledge that is available to each of the said defendants by reasonable inquiry, including inquiry of their representatives and attorneys.

E.    Please follow these instruction when responding to this First Set of Written Discovery:

1.    If the defendant lacks information with respect to any Interrogatory or sub-part thereof, please state the fact and answer that Interrogatory to the best of their knowledge and belief.

2.    These Interrogatories are continuing in character, so as to require defendant to file immediate supplemental answers if defendant obtains further or different information.

3.    All supplemental answers shall be filed in accordance with the Louisiana Code of Civil Procedure and shall be rendered due upon the occurrence of an event, happening, or discovery of such.

4.    **"You"**, **"your"**, **"Franks"** or **"Defendant"** - shall refer to Defendant, **Lane Franks**, unless specifically noted, and all parties acting on its behalf, including but not limited to, employees, officers, managers, directors, parent corporations, subsidiaries, affiliated entities, associates, consultants, investigators, secretaries, assistants, agents, brokers, claims adjusters, independent claims adjusters, or attorneys and any Related Parties as defined in Paragraph 5.

5.    **"Related Parties"** - Shall mean any person, firm or entity considered a related party by the Statement of Financial Accounting Standards (SFAS 57) of the Financial Accounting Standards (FASB), including: (a) any party that directly or indirectly has the power to direct or cause the direction of management and policies of you by virtue of ownership, contract or any other means (hereafter "controlling party"); (b) any party that either directly or indirectly controls, is controlled by, or is under common control of a company (hereafter "affiliate"); (c) principal owners of the company; (d) management of the company; (e) members of the immediate family of principal owners or management; (f) any party with which the company may do business if either party does or can control or significantly influence the management or operating policies of the other party to an extent that either party might be prevented from pursuing its own interests; (g) any party that can significantly influence the management or operating policies of other parties to a transaction, or that has an equity interest in one of the transacting parties and can significantly influence the other party to an extent that either of the transacting parties might be prevented from pursuant its own interests; and (h) subsidiaries of any of the above.

6.    When used with respect to an individual, the word **"identify"** and the word **"describe"** mean to state the full name and present or last known address of each person, the present of last known position and the business affiliation



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY // MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

2

of each person, including a job or position title or brief job or position description for each person at the present time and at all times during the period of these interrogatories.

7.     When used with respect to a business entity or association, the word "**identify**" or "**describe**" means to state the full business name, place of incorporation, if applicable, principal place of business, and the general nature of the business conducted.

8.     When used with respect to an oral communication, the word "**identify**" or "**describe**" means to state exactly what was said, including but not limited to where it was said, when it was said, by whom it was said, to whom it was said, and including the name of each person present or having direct knowledge of the communication.

9.     When used with respect to a meeting, conference, contract, conversation, discussion, or a negotiation, the word "**identify**" or "**describe**" means to state the place and date of the meeting or conference, the individuals present, including their business affiliations, and positions or job titles, the subject matter discussed, and to identify any documents mentioning, referring or relating to said meeting or conference.

10.     When used with respect to an agreement or contract, "**identify**" or "**describe**" means to state exactly what was agreed to or contracted for, orally or written, directly or indirectly, assertively or through omission, as well as dates, locations, the parties thereto, the duration, and to identify the documents constituting the agreement or contract. Further, when referring to an agreement or contract, the subject matter shall include all drafts, discussions, or proposals.

11.     When used with respect to an event, occurrence or instance, "**identify**" or "**describe**" means to state the date, the place, the parties present, the subject matter discussed, the reasons for the occurrence, event or instance, and the effects thereof.

12.     "**And**" means both the conjunctive "and" and the disjunctive "or" and the words "and/or.

13.     "**He**", "**him**" or "**his**" when referring to any person shall be deemed to include all other genders and the singular shall be deemed to include the plural.

14.     If you lack information with respect to any Request for Production of Documents or any sub-part thereof, please state that fact and answer the Request for Production of Documents to the best of your knowledge and belief.

15.     These Request for Production of Documents are continuing in character so as to require you to file supplemental responses immediately if they or any of their agents, representatives, attorney or employees obtain further or different documentation subsequent to your original responses.

16.     If any requested document has been lost or destroyed, provide a statement regarding the circumstances relating to the loss or destruction of said document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL SERVICE HARTELMELLAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

17. If you claim any type of privilege as to any documents requested, identify such documents in your written responses, giving the following information: (a) date of document; (b) author of document; (c) addressee of document; (d) nature of document, such as memorandum, letter, etc.; (e) anyone who has received a copy of the document; (f) the general subject matter of the document; (g) basis of claim of privilege (e.g. attorney-client, work product, etc.)

18. The term **"document"** or **"documentation"** shall, unless otherwise indicated, mean all written or printed matter of any kind in your possession, custody or control, which is either known to you or can be located or discovered by diligent effort, including the originals and all non-identical copies whether different from the original by reason of any notation made upon such copies or otherwise. This includes without limitation, all contracts, correspondence, memoranda, notes, letters, telegrams, facsimile transmittals, telefax, diaries, communications, e-mails, messages of any kind, minutes of meetings, estimates, appraisals, studies, reports, instructions, requests, checks, statements, receipts, returns, summaries, inter and intra-office communications, offers, invoices, worksheets, calendars, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, or representations of any kind. This further includes, without limitation, phonorecords, photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, cassettes, computer disks, recordings and computer printouts, and any other data compilations.

19. *Please be advised that any and all electronic documents, files or data which is requested herein must be provided to the Plaintiffs in the native format. This requires that you provide the originally created data in the format utilized by the software originally used to create the data. For example, if the data was originally recorded or drafted using Microsoft Word, please provide us with the Word formatted document, otherwise indicated as a "\*.doc" file. If a document is requested that was originally drafted, sent and/or otherwise existing in an electronic format, we request that the document be provided to us in the native electronic format.*

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Please identify the type of legal entities known as Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. (i.e. is it a sole proprietorship, joint venture, general partnership, limited partnership, limited liability partnership, limited liability company or corporation?). Identify each document that supports your answer.

**INTERROGATORY NO. 2**:

Describe the relationship between Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. and Cameron Gamble. Specifically, please state all job titles held by Cameron Gamble; the nature and types of services he provided to each entity; the manner in which he was paid including any amounts withheld from his gross pay; and describe in



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY | MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

4

detail all written or electronic documents that include any information, discussion or agreements with respect to any work performed by Cameron Gamble on behalf of these entities.

**INTERROGATORY NO. 3**:

Please describe in detail all reasons which support your allegation that Cameron Gamble allegedly embezzled corporate funds as stated in the letter sent by your lawyer on February 26, 2019 (copy attached).

**INTERROGATORY NO. 4**:

Please describe in detail the events that lead Lane Franks to become involved with either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc.  Your answer should list the names, addresses and phone numbers of all persons Lane Franks discussed his involvement in the Renaissance entities.

**INTERROGATORY NO. 5**:

Please describe in detail all reasons why Cameron Gamble is no longer performing work for either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. Please identify all documents which support your reasons.

**INTERROGATORY NO. 6**:

Please describe in detail what role and services you contend Cameron Gamble performed for either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**INTERROGATORY NO. 7**:

Have the original Articles of Incorporation of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. ever been suspended, revoked, dissolved, amended or canceled?  If your answer is anything other than an unqualified "No", please set forth the details with respect to each such action.  Your answer should include, but not be limited to, the dates and reasons for each such action and the person, persons, entities or agencies who initiated said actions and were signatories to same.

MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

5

**INTERROGATORY NO. 8**:

With respect to the businesses known as Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc., please set forth the following information:

    a.      Set forth the state and country of incorporation, the registered name as it appears in the original Articles of Incorporation, and date of incorporation;

    b.      Set forth the address and telephone number of the corporation's registered office and the address and telephone number of its principle place of business;

    c.      Describe each class of stock and, for each such class, set forth the total number of shares authorized, the total number of shares issued and the total number of shares outstanding;

    d.      Set forth the name and address of each member of the Board of Directors and specify the number of shares of each class of stock owned by each director. Also indicate which director is the Chairman of the Board;

    e.      Set forth the name and address of the current CEO/President, Vice-President, Treasurer and Secretary; and to the extent that you have not already done so, specify the number of shares of each class of stock owned by each officer; and

    f.      Summarize and briefly describe the nature and business of the Renaissance entities.

**INTERROGATORY NO. 9**:

Please identify all evidence, exhibits or any other documents that you plan to introduce at the trial of this matter.

**INTERROGATORY NO. 10**:

Please describe in detail all reasons why Lane Franks alleges that Cameron Gamble is neither a partner nor shareholder in either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. Identify all documents which support your allegations.

**INTERROGATORY NO. 11**:

Please list and describe all titles, roles and services assigned to you and performed by you for or on behalf of Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**INTERROGATORY NO. 12**:

Please identify each person whom you "may call" or "will call" as an expert witness at trial, their educational background, their area of expertise, the subject matter about which expert is expected to testify and a summary of the grounds of each opinion.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY | MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

6

**INTERROGATORY NO. 13:**

Please identify each and every witness that you "may call" or "will call" as a witness at the trial of this matter.

---

## REQUEST FOR PRODUCTION OF DOCUMENTS

---

**REQUEST FOR PRODUCTION NO. 1:**

Please produce copies of any Articles of Partnership and any amendments thereto filed by or on behalf of Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce copies of any Articles for Incorporation and any amendments thereto filed by or on behalf of Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies of any By-Laws of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce copies of any minutes of meetings of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of any records showing the ownership of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce copies of any and all Federal and State income tax returns of Lane Franks, personally, from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce copies of all income tax returns for any entities owned or controlled by Lane Franks and having ownership of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PROFESSIONAL LAW CORPORATION

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

7

**REQUEST FOR PRODUCTION NO. 8**:

Please produce copies of any records of any sales and/or transfer of any assets of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. involving Lane Franks from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 9**:

Please produce copies of all emails between Lane Franks and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 10**:

Please produce copies of all emails between Lane Franks and any of the named defendants relating to Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 11**:

Please produce copies of any and all emails relating to the operation of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce copies of any agreements between Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. and Lane Franks from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 13**:

Please produce copies of any and all agreements between Renaissance Group and Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 14**:

Please produce copies of any and all agreements between Renaissance Group and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 15**:

Please produce any and all agreements between Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY & MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

8

**REQUEST FOR PRODUCTION NO. 16**:

Please produce all records showing the names and addresses of all people who were performing work for or on behalf of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 17**:

Please produce copies of any records showing all accounts receivable owed to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 18**:

Please produce copies of any records showing all accounts payable owed by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to any person or entity from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 19**:

Please produce copies of all monthly bank statements for any accounts held in the names of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 20**:

Please produce copies of all records showing any income received by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 21**:

Please produce copies of any records showing any funds paid out by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 22**:

Please produce copies of any minutes of board meetings held by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW, RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW
324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

9

**REQUEST FOR PRODUCTION NO. 23**:

Please produce copies of any records showing any loans made to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 24**:

Please produce copies of any records showing any loans made by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 25**:

Please produce copies of all timber concession agreements entered into by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 26**:

Please produce copies of all records of any dividends and/or profit distributions made by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to any partners and/or shareholders from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 27**:

Please produce copies of records of any capital contributions made into Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 28**:

Attached is an email dated November 5, 2018 sent by Charlie Lusco to Cameron Gamble.  The email sent by Charlie Lusco references a document dated January 8, 2018 purportedly stating that Charlie Lusco is the 6th of 7 partners in Renaissance Group and all of its assets.  Please produce the January 8, 2018 document referenced above.

**REQUEST FOR PRODUCTION NO. 29**:

Please produce copies of any  correspondence, emails and/or text messages which in any way reference Cameron Gamble's work, services and ownership interest in



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ABBEVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

10

Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 30**:

Please produce copies of records showing any transfer of funds from Lane Franks, individually, and/or any business entities owned/controlled by him to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 31**:

Please produce copies of records showing any transfer of funds from Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to Lane Franks, individually, and/or any business entities owned/controlled by him from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 32**:

Please produce copies of all corporate financial statements of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 33**:

Please produce copies of any records showing investments made by Lane Franks, individually, and/or through business entities owned/controlled by him to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 34**:

Please produce copies of any and all exhibits which may be used at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 35**:

Please produce all documents, reports, emails, text messages and any other records, whether in the form of paper documents or electronic data, that reference in any way Cameron Gamble's work, services and ownership interest in Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

MORROW, MORROW,
RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

11

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 10 Page Sequence: 11

**REQUEST FOR PRODUCTION NO. 36**:

Please produce copies of all annual balance sheets and/or year-end accounting statements for Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 37**:

Please produce copies of all text messages between Lane Franks and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 38**:

Please produce all records filed with the Liberian Government to allow either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. to conduct business in Liberia, Africa.

**REQUEST FOR PRODUCTION NO. 39**:

Please produce a copy of any documents showing the identity of the business entities owned and/or controlled by Lane Franks which have had an ownership in either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 40**:

Please produce copies of any records showing the ownership of Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 41**:

Please produce copies of all income tax returns for any business entities owned and/or controlled by Lane Franks which have had ownership interest in either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 42**:

Please produce copies of any contracts or agreements involving Terry Joe Bael performing any type of work for or on behalf of Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.


MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

12

**REQUEST FOR PRODUCTION NO. 43**:

Please produce all records showing the total amount of money and/or capital contributions invested by Lane Franks, individually, or through companies owned and/or controlled by him for or on behalf of either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 44**:

Please produce copies of all documents supporting your allegation that Cameron Gamble embezzled corporate funds from either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc.

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

JAMES P. RYAN (#11560)
P. CRAIG MORROW (#23536)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com

**ANDERSON, BOUTWELL, TRAYLOR**
J. THOMAS ANDERSON (#2464)
607 W. Morris Avenue
Hammond, LA 70403
Telephone: (985) 796-2245
tom@abjustice.com

**EDWARDS & STEVENS**
BRADLEY A. STEVENS (#30076)
Post Office Box 974
Amite, LA 70422
Telephone: (985) 747-1088
Fax: (985-747-1086
brad@edwardsandstevens.com



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-256-6776
fax 337-942-5234
www.mmrbhlawoffice.com

13

# BAKER·DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA
70170

PHONE:    504.566.5200
FAX:        504.636.4000

www.bakerdonelson.com

ROBERT L. WOLLFARTH, JR., SHAREHOLDER
Direct Dial: 504.566.8623
Direct Fax: 504.585.6923
E-Mail Address: rwollfarth@bakerdonelson.com

February 26, 2019

<u>VIA E-MAIL</u>

P. Craig Morrow
craigm@mmrblaw.com

James P. Ryan
jamesr@mmrblaw.com

Re:    Renaissance Group, Inc.'s Response to Cameron Gamble's Letter
       Our File No. 2943397-000001

Gentlemen:

This letter responds to your letter dated February 7, 2019, a copy of which is attached.

You assert in your letter that there exists a Louisiana partnership called "Renaissance Group" among the individuals named in your letter. However, having spoken to our client and reviewed the relevant documents that are available to date, there is no evidence that I can find that these individuals ever contracted to form a Louisiana partnership or a partnership under any other state's (or country's) law for that matter. These individuals have never conducted any business through a partnership and are not currently conducting any business through a partnership. Therefore, they owe no duty to your client; and there are no books and records to be provided.

We do have evidence that your client was hired to provide certain services to a Liberian corporation named Renaissance Group, Inc. in connection with the startup of a timber harvesting business in Liberia but was ultimately terminated for embezzling corporate funds.

To be clear, we represent Renaissance Group, Inc. and hereby request on its behalf that your client return the stolen funds within seven (7) days of receipt of this letter or we will pursue all legal remedies against him that are available to us. In the alternative, within seven (7) days of receipt of this letter have your client provide us with his bank statements or other documents to show that all money wired to his account to fund Renaissance Group, Inc.'s operations were actually transferred by him to Renaissance Group, Inc.

4846-5446-4393v1
2943397-000001 02/26/2019

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON,

February 26, 2019
Page 2

We look forward to working with you toward an amicable resolution of this matter.

Best regards,

Robert L. Wollfarth, Jr.

RLW/ccb
cc:    Colleen Jarrott

**From:** Charlie Lusco <charlie@luscoandlusco.com>
**Date:** November 5, 2018 at 6:03:13 PM EST
**To:** Cameron Gamble <cameron1gamble@gmail.com>
**Subject: Re: Renaissance Group Questions**

2:00PM CST Tomorrow works for me

On Mon, Nov 5, 2018 at 4:51 PM Cameron Gamble <cameron1gamble@gmail.com> wrote:

Thanks for the reply Charlie. I think we just need to jump on a video call ASAP. You and I are both very strong and passionate people who want the same thing. Email just doesn't allow for us to convey our full emotion or message. Face to face is the only way. How does your tomorrow look?

On Nov 5, 2018, at 4:17 PM, Charlie Lusco <charlie@luscoandlusco.com> wrote:

Cameron,

It's almost impossible to address all of the items you mentioned as this email is extensive and covers every imaginable item for the past year. I'll try touching on as many points as I can but these are issues that could have been brought to me directly and many of which I was hoping to cover during our meeting.

I have a document dated 1/8/2018 stating that I was the 6th of 7 partners in Renaissance Group and all of their assets. Not sure why this wouldn't have been shared with you. When I first became involved, my points of contact for Renaissance Group were Pete Traigle and Jonas Robertson. I was never involved in any decision-making when it came to acquisitions of additional forests or mines but the money I contributed had been used to make acquisitions and operate. My opinion is that you never should have been expected to make every decision in such a large operation covering so much space because it is physically impossible to be effective, especially given the rate that new forests were being acquired. This is the whole reason for establishing everyone's role in this company moving forward. I don't know what your initial agreement was regarding your position, responsibilities, and expectations in Liberia for Renaissance Group and have never seen a document stating anything. My assumption is that it was all discussed verbally. Each of the partners made investments with the Company, mostly in the form of capital contributions. My understanding has always been that your investment was your time, for 5 years, ensuring this operation was successful. I understand the sacrifice anyone would make to be in Liberia but that was a sacrifice that you accepted in exchange for being involved in a billion dollar operation. Based on the email you sent, I want to make sure that is still an investment you feel comfortable making. What do

1

you feel you agreed to in terms of time spent in Liberia? I want to make sure I have a clear understanding moving forward of what everyone's obligations are in the group.

I have an extremely close relationship to my family as do all of the members to my knowledge and being transparent about taking time off would never have been criticized by anyone including Pete or myself. You have to realize that people become misinformed and start guessing and formulating their own opinions when communication is non-existent. There have been multiple times you were unresponsive to me and most of the members of the group for days at a time. Most recently, it was over a week. Throughout the past few months, you have never reached out to me with information, only to request more money. Anytime I've requested backup, receipts, etc. I was not given anything. This is all changing as you know.

To your comment about your sacrifices being made so that others can be made wealthier, I need you to understand that NO ONE in this group has made $1 off of this investment. No one knows at this point when or if we will ever make a dollar. The opportunity is absolutely real but nothing is going to get accomplished at this rate. We have spent an unbelievable amount of time going back and forth between people spreading misinformation and drama without getting anything accomplished and it's affecting our reputation on a global scale. I do not operate this way. I set forth expectations and only ask that the people on my team deliver.

Based on your comments about Joe and his crew, I do not believe we will be successful with having Joe go to Liberia. With that being said, I do not think we will be successful sending any crews moving forward unless we can come to an agreement between you and I on how these crews will operate. I sent Joe and his crew with money out of my pocket, not money from Renaissance Group. I can also assure you they were not paid what you think they were paid. They came back stating that they were met with resistance and I heard this from multiple sources. This cannot happen if we get them back to Liberia with their crews and equipment. There is a lot of work to do and Joe's crew is supposed to be one of many. Joe understands his expectations and they are spelled out in writing in his contract. If he is working to remove the 30,000 cubes from our current forest, Renaissance's agreement with Joe is that he will be in charge of timber operations and crews in the bush. He will have to be in charge of all personnel in the bush including providing funds to pay workers.

I think the reason you have not been successful in Liberia is not because you aren't capable but because you are trying to do everything alone. You will need to give up some responsibilities and it may be painful to your ego but that is what we need to be successful on a larger scale. I am not asking you to be an administrator for Renaissance Group. You are continuing to be the COO and I am the CEO. We will work together directly on a daily basis. Your position is to offer support to Joe and any other crews we send to Africa. It would not be realistic to have 4-5 crews operating simultaneously in different forests while having you micro-manage their day-to-day activity. All the while, we are sending buyers to meet you as a partner and representative of Renaissance Group

2

while you are tied up in the bush. We have to develop a process where things do not fall apart the moment you are away. That is the goal.

I think you should be with your family on a more regular basis and do not see any reason why you would not be able to leave for 1 week a month to visit them in the US. In order for that to happen, we have to put this system in place. If you realistically want this to happen, you will be 100% in support of these changes. There is a much bigger picture here that we have to see as a Company.

I don't want to spend anymore time on the past. There is far too much to accomplish in the immediate future and I need you and I to be on the same page. I don't mince words. You don't have to like Joe but he is coming to Africa with equipment to cut trees. You need to do everything in your power to ensure he is successful. If he is successful, I will send more crews and equipment, you will be able to see your family more often, and the Renaissance Group can begin to make a profit while helping thousands of people that have entrusted us to bring them some prosperity. That is the reality.

What are your current plans for returning to Liberia? Your well-being is important so I need a realistic timeline for you to heal and return to Liberia 100% healthy. Joe and his crew are leaving this week to head there. They will be limited as to what they can do when they get there until their equipment arrives but they have been asked to begin fixing any broken equipment and using the existing equipment to begin moving as many logs as possible. Joe and his crew will need transportation from the airport and for the first few days until he is able to purchase a vehicle. Can you assist with this?

We need to have a weekly call or video conference from now on. If you are busy, we will find the time.

Let's start moving forward.

Thanks,
Charlie

FILED _____

BY. CLERK OF COURT

**CAMERON GAMBLE**

CIVIL DOCKET NO. 2019-0001190

**VERSUS**

**RENAISSANCE GROUP;**
**RENAISSANCE GROUP, INC.;**       **21ST JUDICIAL DISTRICT COURT**
**RENAISSANCE, INC.;**
**CHARLIE LUSCO;**
**JONAS ROBERTSON;**
**PETER TRAIGLE;**
**LANE FRANKS; and**
**RICHARD HOFFMAN;**              **TANGIPAHOA PARISH, LOUISIANA**

---

**PLAINTIFF'S FIRST SET OF WRITTEN**
**DISCOVERY TO DEFENDANT,**
**RICHARD HOFFMAN**

---

**TO:  RICHARD HOFFMAN**
Through the Long Arm Statute
1941 E. Crocus Dr.
Phoenix, AZ 85022-4513

2019 APR 17 PM 12:27
GARY STANG
CLERK OF COURT
TANGIPAHOA PARISH, LA

NOW INTO COURT, through undersigned counsel, comes plaintiff, **Cameron**

**Gamble,** who propounds the following First Set of Written Discovery to defendant,

**Richard Hoffman.**

Please take notice that you are herein notified and required to answer separately,

fully, in writing, and under oath the following First Set of Written Discovery served on you

and to serve your answers thereto to the undersigned counsel within fifteen (15) days from

the date of service thereof in accordance with the provisions of the Louisiana Code of Civil

Procedure.

**PRELIMINARY STATEMENT**

A.    In answering this First Set of Written Discovery, you are required to furnish

such information as is available to you, including information in the possession of your

investigators, employees, agents, representatives, guardians, attorneys, investigators for

your attorney and any other person or persons acting on your behalf.

B.    If you cannot answer any of the following First Set of Written Discovery in

full, after exercising due diligence to secure the information to do so, so state and answer


MORROW, MORROW,
RYAN, BASSETT &HAIK
A PROFESSIONAL LEGAL & PARITIMES, L.L.P.

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

1

to the extent possible specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.      Each Interrogatory and/or Request is intended to and does request that each and every part be answered with the same force and effect as if such part were the subject of and were asked by a separate Interrogatory and/or Request.

D.      Each interrogatory hereinafter set forth not only calls for the knowledge of the defendant, but also for the knowledge that is available to each of the said defendants by reasonable inquiry, including inquiry of their representatives and attorneys.

E.      Please follow these instruction when responding to this First Set of Written Discovery:

1.      If the defendant lacks information with respect to any Interrogatory or sub-part thereof, please state the fact and answer that Interrogatory to the best of their knowledge and belief.

2.      These Interrogatories are continuing in character, so as to require defendant to file immediate supplemental answers if defendant obtains further or different information.

3.      All supplemental answers shall be filed in accordance with the Louisiana Code of Civil Procedure and shall be rendered due upon the occurrence of an event, happening, or discovery of such.

4.      **"You", "your", "Hoffman" or "Defendant"** - shall refer to Defendant, **Richard Hoffman**, unless specifically noted, and all parties acting on its behalf, including but not limited to, employees, officers, managers, directors, parent corporations, subsidiaries, affiliated entities, associates, consultants, investigators, secretaries, assistants, agents, brokers, claims adjusters, independent claims adjusters, or attorneys and any Related Parties as defined in Paragraph 5.

5.      **"Related Parties"** - Shall mean any person, firm or entity considered a related party by the Statement of Financial Accounting Standards (SFAS 57) of the Financial Accounting Standards (FASB), including: (a) any party that directly or indirectly has the power to direct or cause the direction of management and policies of you by virtue of ownership, contract or any other means (hereafter "controlling party"); (b) any party that either directly or indirectly controls, is controlled by, or is under common control of a company (hereafter "affiliate"); (c) principal owners of the company; (d) management of the company; (e) members of the immediate family of principal owners or management; (f) any party with which the company may do business if either party does or can control or significantly influence the management or operating policies of the other party to an extent that either party might be prevented from pursuing its own interests; (g) any party that can significantly influence the management or operating policies of other parties to a transaction, or that has an equity interest in one of the transacting parties and can significantly influence the other party to an extent that either of the transacting parties might be prevented from pursuant its own interests; and (h) subsidiaries of any of the above.



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LEGAL LAW CORPORATION

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ABNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

2

6. When used with respect to an individual, the word "**identify**" and the word "**describe**" mean to state the full name and present or last known address of each person, the present of last known position and the business affiliation of each person, including a job or position title or brief job or position description for each person at the present time and at all times during the period of these interrogatories.

7. When used with respect to a business entity or association, the word "**identify**" or "**describe**" means to state the full business name, place of incorporation; if applicable, principal place of business, and the general nature of the business conducted.

8. When used with respect to an oral communication, the word "**identify**" or "**describe**" means to state exactly what was said, including but not limited to where it was said, when it was said, by whom it was said, to whom it was said, and including the name of each person present or having direct knowledge of the communication.

9. When used with respect to a meeting, conference, contract, conversation, discussion, or a negotiation, the word "**identify**" or "**describe**" means to state the place and date of the meeting or conference, the individuals present, including their business affiliations, and positions or job titles, the subject matter discussed, and to identify any documents mentioning, referring or relating to said meeting or conference.

10. When used with respect to an agreement or contract, "**identify**" or "**describe**" means to state exactly what was agreed to or contracted for, orally or written, directly or indirectly, assertively or through omission, as well as dates, locations, the parties thereto, the duration, and to identify the documents constituting the agreement or contract. Further, when referring to an agreement or contract, the subject matter shall include all drafts, discussions, or proposals.

11. When used with respect to an event, occurrence or instance, "**identify**" or "**describe**" means to state the date, the place, the parties present, the subject matter discussed, the reasons for the occurrence, event or instance, and the effects thereof.

12. "**And**" means both the conjunctive "and" and the disjunctive "or" and the words "and/or.

13. "**He**", "**him**" or "**his**" when referring to any person shall be deemed to include all other genders and the singular shall be deemed to include the plural.

14. If you lack information with respect to any Request for Production of Documents or any sub-part thereof, please state that fact and answer the Request for Production of Documents to the best of your knowledge and belief.

15. These Request for Production of Documents are continuing in character so as to require you to file supplemental responses immediately if they or any of their agents, representatives, attorney or employees obtain further or different documentation subsequent to your original responses.

16. If any requested document has been lost or destroyed, provide a statement regarding the circumstances relating to the loss or destruction of said document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.


MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY TRIAL LAWYERS

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Abbeville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

3

17. If you claim any type of privilege as to any documents requested, identify such documents in your written responses, giving the following information: (a) date of document; (b) author of document; (c) addressee of document; (d) nature of document, such as memorandum, letter, etc.; (e) anyone who has received a copy of the document; (f) the general subject matter of the document; (g) basis of claim of privilege (e.g. attorney-client, work product, etc.)

18. The term **"document"** or **"documentation"** shall, unless otherwise indicated, mean all written or printed matter of any kind in your possession, custody or control, which is either known to you or can be located or discovered by diligent effort, including the originals and all non-identical copies whether different from the original by reason of any notation made upon such copies or otherwise. This includes without limitation, all contracts, correspondence, memoranda, notes, letters, telegrams, facsimile transmittals, telefax, diaries, communications, e-mails, messages of any kind, minutes of meetings, estimates, appraisals, studies, reports, instructions, requests, checks, statements, receipts, returns, summaries, inter and intra-office communications, offers, invoices, worksheets, calendars, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, or representations of any kind. This further includes, without limitation, phonorecords, photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, cassettes, computer disks, recordings and computer printouts, and any other data compilations.

19. *Please be advised that any and all electronic documents, files or data which is requested herein must be provided to the Plaintiffs in the native format. This requires that you provide the originally created data in the format utilized by the software originally used to create the data. For example, if the data was originally recorded or drafted using Microsoft Word, please provide us with the Word formatted document, otherwise indicated as a "*.doc" file. If a document is requested that was originally drafted, sent and/or otherwise existing in an electronic format, we request that the document be provided to us in the native electronic format.*

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Please identify the type of legal entities known as Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. (i.e. is it a sole proprietorship, joint venture, general partnership, limited partnership, limited liability partnership, limited liability company or corporation?). Identify each document that supports your answer.

**INTERROGATORY NO. 2**:

Describe the relationship between Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. and Cameron Gamble. Specifically, please state all job titles held by Cameron Gamble; the nature and types of services he provided to each entity; the manner in which he was paid including any amounts withheld from his gross pay; and describe in



MORROW, MORROW,
RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

4

detail all written or electronic documents that include any information, discussion or agreements with respect to any work performed by Cameron Gamble on behalf of these entities.

**INTERROGATORY NO. 3**:

Please describe in detail all reasons which support your allegation that Cameron Gamble allegedly embezzled corporate funds as stated in the letter sent by your lawyer on February 26, 2019 (copy attached).

**INTERROGATORY NO. 4**:

Please describe in detail the events that lead Richard Hoffman to become involved with either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. Your answer should list the names, addresses and phone numbers of all persons Richard Hoffman discussed his involvement in the Renaissance entities.

**INTERROGATORY NO. 5**:

Please describe in detail all reasons why Cameron Gamble is no longer performing work for either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. Please identify all documents which support your reasons.

**INTERROGATORY NO. 6**:

Please describe in detail what role and services you contend Cameron Gamble performed for either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**INTERROGATORY NO. 7**:

Have the original Articles of Incorporation of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. ever been suspended, revoked, dissolved, amended or canceled? If your answer is anything other than an unqualified "No", please set forth the details with respect to each such action. Your answer should include, but not be limited to, the dates and reasons for each such action and the person, persons, entities or agencies who initiated said actions and were signatories to same.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY & MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

5

**INTERROGATORY NO. 8**:

With respect to the businesses known as Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc., please set forth the following information:

    a.    Set forth the state and country of incorporation, the registered name as it appears in the original Articles of Incorporation, and date of incorporation;

    b.    Set forth the address and telephone number of the corporation's registered office and the address and telephone number of its principle place of business;

    c.    Describe each class of stock and, for each such class, set forth the total number of shares authorized, the total number of shares issued and the total number of shares outstanding;

    d.    Set forth the name and address of each member of the Board of Directors and specify the number of shares of each class of stock owned by each director. Also indicate which director is the Chairman of the Board;

    e.    Set forth the name and address of the current CEO/President, Vice-President, Treasurer and Secretary; and to the extent that you have not already done so, specify the number of shares of each class of stock owned by each officer; and

    f.    Summarize and briefly describe the nature and business of the Renaissance entities.

**INTERROGATORY NO. 9**:

Please identify all evidence, exhibits or any other documents that you plan to introduce at the trial of this matter.

**INTERROGATORY NO. 10**:

Please describe in detail all reasons why Richard Hoffman alleges that Cameron Gamble is neither a partner nor shareholder in either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. Identify all documents which support your allegations.

**INTERROGATORY NO. 11**:

Please list and describe all titles, roles and services assigned to you and performed by you for or on behalf of Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

6

Case Number: 2019-0001190 Transaction Date: 4/17/2019 Seq: 9 Page Sequence: 6

**INTERROGATORY NO. 12:**

Please identify each person whom you "may call" or "will call" as an expert witness at trial, their educational background, their area of expertise, the subject matter about which expert is expected to testify and a summary of the grounds of each opinion.

**INTERROGATORY NO. 13:**

Please identify each and every witness that you "may call" or "will call" as a witness at the trial of this matter.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce copies of any Articles of Partnership and any amendments thereto filed by or on behalf of Renaissance Group from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce copies of any Articles for Incorporation and any amendments thereto filed by or on behalf of Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies of any By-Laws of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce copies of any minutes of meetings of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of any records showing the ownership of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce copies of any and all Federal and State income tax returns of Richard Hoffman, personally, from July, 2017 through the present date.



MORROW, MORROW, RYAN, BASSETT & HAIK
A PROFESSIONAL LAW CORP. & CONSULTING FIRM
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ABBEVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

7

**REQUEST FOR PRODUCTION NO. 7**:

Please produce copies of all income tax returns for any entities owned or controlled by Richard Hoffman and having ownership of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 8**:

Please produce copies of any records of any sales and/or transfer of any assets of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. involving Richard Hoffman from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 9**:

Please produce copies of all emails between Richard Hoffman and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 10**:

Please produce copies of all emails between Richard Hoffman and any of the named defendants relating to Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 11**:

Please produce copies of any and all emails relating to the operation of Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce copies of any agreements between Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc. and Richard Hoffman from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 13**:

Please produce copies of any and all agreements between Renaissance Group and Renaissance Group, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 14**:

Please produce copies of any and all agreements between Renaissance Group and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

8

**REQUEST FOR PRODUCTION NO. 15**:

Please produce any and all agreements between Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 16**:

Please produce all records showing the names and addresses of all people who were performing work for or on behalf of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 17**:

Please produce copies of any records showing all accounts receivable owed to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 18**:

Please produce copies of any records showing all accounts payable owed by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to any person or entity from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 19**:

Please produce copies of all monthly bank statements for any accounts held in the names of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 20**:

Please produce copies of all records showing any income received by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 21**:

Please produce copies of any records showing any funds paid out by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PERSONAL INJURY · MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

9

**REQUEST FOR PRODUCTION NO. 22**:

Please produce copies of any minutes of board meetings held by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 23**:

Please produce copies of any records showing any loans made to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 24**:

Please produce copies of any records showing any loans made by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 25**:

Please produce copies of all timber concession agreements entered into by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 26**:

Please produce copies of all records of any dividends and/or profit distributions made by Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to any partners and/or shareholders from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 27**:

Please produce copies of records of any capital contributions made into Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 28**:

Attached is an email dated November 5, 2018 sent by Charlie Lusco to Cameron Gamble. The email sent by Charlie Lusco references a document dated January 8, 2018 purportedly stating that Charlie Lusco is the 6th of 7 partners in Renaissance Group and all of its assets. Please produce the January 8, 2018 document referenced above.



MORROW, MORROW,
RYAN, BASSETT & HAIK
PLEASE READ AT A MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

10

**REQUEST FOR PRODUCTION NO. 29**:

Please produce copies of any correspondence, emails and/or text messages which in any way reference Cameron Gamble's work, services and ownership interest in Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 30**:

Please produce copies of records showing any transfer of funds from Richard Hoffman, individually, and/or any business entities owned/controlled by him to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 31**:

Please produce copies of records showing any transfer of funds from Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. to Richard Hoffman, individually, and/or any business entities owned/controlled by him from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 32**:

Please produce copies of all corporate financial statements of Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 33**:

Please produce copies of any records showing investments made by Richard Hoffman, individually, and/or through business entities owned/controlled by him to Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 34**:

Please produce copies of any and all exhibits which may be used at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 35**:

Please produce all documents, reports, emails, text messages and any other records, whether in the form of paper documents or electronic data, that reference in any way



MORROW, MORROW,
RYAN, BASSETT & HAIK
FINANCIAL GROUP & MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

11

Cameron Gamble's work, services and ownership interest in Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 36**:

Please produce copies of all annual balance sheets and/or year-end accounting statements for Renaissance Group; Renaissance Group, Inc. and Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 37**:

Please produce copies of all text messages between Richard Hoffman and Cameron Gamble from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 38**:

Please produce all records filed with the Liberian Government to allow either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. to conduct business in Liberia, Africa.

**REQUEST FOR PRODUCTION NO. 39**:

Please produce a copy of any documents showing the identity of the business entities owned and/or controlled by Richard Hoffman which have had ownership in either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 40**:

Please produce copies of any records showing the ownership of Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 41**:

Please produce copies of all income tax returns for any business entities owned and/or controlled by Richard Hoffman which have had an ownership interest in either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.



MORROW, MORROW, RYAN, BASSETT & HAIK
PERSONAL INJURY & MARITIME LAW

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Abbeville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

12

**REQUEST FOR PRODUCTION NO. 42**:

Please produce copies of any contracts or agreements involving Terry Joe Bael performing any type of work for or on behalf of Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 43**:

Please produce all records showing the total amount of money and/or capital contributions invested by Richard Hoffman, individually, or through companies owned and/or controlled by him for or on behalf of either Renaissance Group; Renaissance Group, Inc. and/or Renaissance, Inc. from July, 2017 through the present date.

**REQUEST FOR PRODUCTION NO. 44**:

Please produce copies of all documents supporting your allegation that Cameron Gamble embezzled corporate funds from either Renaissance Group, Renaissance Group, Inc. and/or Renaissance, Inc.

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

JAMES P. RYAN (#11560)
P. CRAIG MORROW (#23536)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com

**ANDERSON, BOUTWELL, TRAYLOR**
J. THOMAS ANDERSON (#2464)
607 W. Morris Avenue
Hammond, LA 70403
Telephone: (985) 796-2245
tom@abjustice.com

**EDWARDS & STEVENS**
BRADLEY A. STEVENS (#30076)
Post Office Box 974
Amite, LA 70422
Telephone: (985) 747-1088
Fax: (985)-747-1086
brad@edwardsandstevens.com



MORROW, MORROW,
RYAN, BASSETT & HAIK
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS, LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrblawoffice.com

13



**BAKER DONELSON**
BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA
70170

PHONE:    504.566.5200
FAX:       504.636.4000

www.bakerdonelson.com

ROBERT L. WOLLFARTH, JR., SHAREHOLDER
Direct Dial: 504.566.8623
Direct Fax: 504.585.6923
E-Mail Address: rwollfarth@bakerdonelson.com

February 26, 2019

<u>VIA E-MAIL</u>

P. Craig Morrow
craigm@mmrblaw.com

James P. Ryan
jamesr@mmrblaw.com

Re:    Renaissance Group, Inc.'s Response to Cameron Gamble's Letter
       Our File No. 2943397-000001

Gentlemen:

This letter responds to your letter dated February 7, 2019, a copy of which is attached.

You assert in your letter that there exists a Louisiana partnership called "Renaissance Group" among the individuals named in your letter. However, having spoken to our client and reviewed the relevant documents that are available to date, there is no evidence that I can find that these individuals ever contracted to form a Louisiana partnership or a partnership under any other state's (or country's) law for that matter. These individuals have never conducted any business through a partnership and are not currently conducting any business through a partnership. Therefore, they owe no duty to your client; and there are no books and records to be provided.

We do have evidence that your client was hired to provide certain services to a Liberian corporation named Renaissance Group, Inc. in connection with the startup of a timber harvesting business in Liberia but was ultimately terminated for embezzling corporate funds.

To be clear, we represent Renaissance Group, Inc. and hereby request on its behalf that your client return the stolen funds within seven (7) days of receipt of this letter or we will pursue all legal remedies against him that are available to us. In the alternative, within seven (7) days of receipt of this letter have your client provide us with his bank statements or other documents to show that all money wired to his account to fund Renaissance Group, Inc.'s operations were actually transferred by him to Renaissance Group, Inc.

4846-5446-4393v1
2943397-000001 02/26/2019

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON,

February 26, 2019
Page 2

We look forward to working with you toward an amicable resolution of this matter.

Best regards,

Robert L. Wollfarth, Jr.

RLW/ccb
cc:    Colleen Jarrott

4846-5446-4393v1
2943397-000001 02/26/2019

**From:** Charlie Lusco <charlie@luscoandlusco.com>
**Date:** November 5, 2018 at 6:03:13 PM EST
**To:** Cameron Gamble <cameron1gamble@gmail.com>
**Subject: Re: Renaissance Group Questions**

2:00PM CST Tomorrow works for me

On Mon, Nov 5, 2018 at 4:51 PM Cameron Gamble <cameron1gamble@gmail.com> wrote:

Thanks for the reply Charlie. I think we just need to jump on a video call ASAP. You and I are both very strong and passionate people who want the same thing. Email just doesn't allow for us to convey our full emotion or message. Face to face is the only way. How does your tomorrow look?

On Nov 5, 2018, at 4:17 PM, Charlie Lusco <charlie@luscoandlusco.com> wrote:

Cameron,

It's almost impossible to address all of the items you mentioned as this email is extensive and covers every imaginable item for the past year. I'll try touching on as many points as I can but these are issues that could have been brought to me directly and many of which I was hoping to cover during our meeting.

I have a document dated 1/8/2018 stating that I was the 6th of 7 partners in Renaissance Group and all of their assets. Not sure why this wouldn't have been shared with you. When I first became involved, my points of contact for Renaissance Group were Pete Traigle and Jonas Robertson. I was never involved in any decision-making when it came to acquisitions of additional forests or mines but the money I contributed had been used to make acquisitions and operate. My opinion is that you never should have been expected to make every decision in such a large operation covering so much space because it is physically impossible to be effective, especially given the rate that new forests were being acquired. This is the whole reason for establishing everyone's role in this company moving forward. I don't know what your initial agreement was regarding your position, responsibilities, and expectations in Liberia for Renaissance Group and have never seen a document stating anything. My assumption is that it was all discussed verbally. Each of the partners made investments with the Company, mostly in the form of capital contributions. My understanding has always been that your investment was your time, for 5 years, ensuring this operation was successful. I understand the sacrifice anyone would make to be in Liberia but that was a sacrifice that you accepted in exchange for being involved in a billion dollar operation. Based on the email you sent, I want to make sure that is still an investment you feel comfortable making. What do

1

you feel you agreed to in terms of time spent in Liberia?  I want to make sure I have a clear understanding moving forward of what everyone's obligations are in the group.

I have an extremely close relationship to my family as do all of the members to my knowledge and being transparent about taking time off would never have been criticized by anyone including Pete or myself.  You have to realize that people become misinformed and start guessing and formulating their own opinions when communication is non-existent.  There have been multiple times you were unresponsive to me and most of the members of the group for days at a time.  Most recently, it was over a week.  Throughout the past few months, you have never reached out to me with information, only to request more money.  Anytime I've requested backup, receipts, etc. I was not given anything.  This is all changing as you know.

To your comment about your sacrifices being made so that others can be made wealthier, I need you to understand that NO ONE in this group has made $1 off of this investment.  No one knows at this point when or if we will ever make a dollar.  The opportunity is absolutely real but nothing is going to get accomplished at this rate.  We have spent an unbelievable amount of time going back and forth between people spreading misinformation and drama without getting anything accomplished and it's affecting our reputation on a global scale.  I do not operate this way.  I set forth expectations and only ask that the people on my team deliver.

Based on your comments about Joe and his crew, I do not believe we will be successful with having Joe go to Liberia.  With that being said, I do not think we will be successful sending any crews moving forward unless we can come to an agreement between you and I on how these crews will operate.  I sent Joe and his crew with money out of my pocket, not money from Renaissance Group.  I can also assure you they were not paid what you think they were paid.  They came back stating that they were met with resistance and I heard this from multiple sources.  This cannot happen if we get them back to Liberia with their crews and equipment.  There is a lot of work to do and Joe's crew is supposed to be one of many.  Joe understands his expectations and they are spelled out in writing in his contract.  If he is working to remove the 30,000 cubes from our current forest, Renaissance's agreement with Joe is that he will be in charge of timber operations and crews in the bush.  He will have to be in charge of all personnel in the bush including providing funds to pay workers.

I think the reason you have not been successful in Liberia is not because you aren't capable but because you are trying to do everything alone.  You will need to give up some responsibilities and it may be painful to your ego but that is what we need to be successful on a larger scale.  I am not asking you to be an administrator for Renaissance Group.  You are continuing to be the COO and I am the CEO.  We will work together directly on a daily basis.  Your position is to offer support to Joe and any other crews we send to Africa.  It would not be realistic to have 4-5 crews operating simultaneously in different forests while having you micro-manage their day-to-day activity.  All the while, we are sending buyers to meet you as a partner and representative of Renaissance Group

2

while you are tied up in the bush. We have to develop a process where things do *not fall apart the moment you are away. That is the goal.*

I think you should be with your family on a more regular basis and do not see any reason why you would not be able to leave for 1 week a month to visit them in the US. In order for that to happen, we have to put this system in place. If you realistically want this to happen, you will be 100% in support of these changes. There is a much bigger picture here that we have to see as a Company.

I don't want to spend anymore time on the past. There is far too much to accomplish in the immediate future and I need you and I to be on the same page. I don't mince words. You don't have to like Joe but he is coming to Africa with equipment to cut trees. You need to do everything in your power to ensure he is successful. If he is successful, I will send more crews and equipment, you will be able to see your family more often, and the Renaissance Group can begin to make a profit while helping thousands of people that have entrusted us to bring them some prosperity. That is the reality.

What are your current plans for returning to Liberia? Your well-being is important so I need a realistic timeline for you to heal and return to Liberia 100% healthy. Joe and his crew are leaving this week to head there. They will be limited as to what they can do when they get there until their equipment arrives but they have been asked to begin fixing any broken equipment and using the existing equipment to begin moving as many logs as possible. Joe and his crew will need transportation from the airport and for the first few days until he is able to purchase a vehicle. Can you assist with this?

We need to have a weekly call or video conference from now on. If you are busy, we will find the time.

Let's start moving forward.

Thanks,
Charlie



PATRICK C. MORROW
J. MICHAEL MORROW (1946-1983)
JAMES P. RYAN
JEFFREY M. BASSETT
P. CRAIG MORROW
RICHARD T. HAIK, JR.
TAYLOR J. BASSETT
KATHLEEN E. RYAN
WILLIAM L. RYAN

RICHARD T. HAIK, SR., OF COUNSEL
FORMER FEDERAL AND STATE JUDGE

## MORROW, MORROW, RYAN, BASSETT & HAIK
### PERSONAL INJURY / MARITIME LAW

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483

LAFAYETTE 337-806-9125

NEW IBERIA 337-256-8562

ARNAUDVILLE 337-754-5680

*toll free* 800-356-6776

*fax* 337-942-5234

WWW.MMRBHLAW.COM

April 18, 2019

*FILED April 22, 2019*
*DY. CLERK OF COURT*

Gary T. Stanga
Clerk of Court
P. O. Box 667
Amite, LA 70422
ATTN: VANESSA

RE:   *Cameron Gamble v. Renaissance Group, et al*
      No. 2019-1190

Dear Vanessa:

Attached is a check in the amount of $30.00 payable to the Plaquemines Parish
Sheriff you requested in the above matter.

Thanking you and with kind regards, we are

Sincerely yours,

MORROW, MORROW, RYAN, BASSETT & HAIK

Kelly Noel
Legal Assistant to P. Craig Morrow

:kn

*2019 APR 22  AM 10:10*
*GARY STANGA*
*CLERK OF COURT*
*TANGIPAHOA PARISH*

SCANNED

### NOTICE OF UNSERVED PAPERS

*CAMERON GAMBLE*

*Versus*

*RENAISSANCE GROUP, ET AL*



Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

BY

To:   *P CRAIG MORROW*
       *MORROW, MORROW, RYAN, BASSETT & HAIK*
       *POST OFFICE DRAWER 1787*
       *OPELOUSAS, LA  70571-1787*

*Party not served: PETER TRAIGLE*

*Reason: 3 ATTEMPTS-NO CONTACT*

*Issued by the Clerk of Court on May 2, 2019.*

*Barbara Greeley*
_____
*Deputy Clerk of Court for*
*Gary T. Stanga, Clerk of Court*

FOOTERAREA

## NOTICE OF SERVICE

CAMERON GAMBLE

*Versus*

RENAISSANCE GROUP, ET AL



Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

Y

To: P CRAIG MORROW
MORROW, MORROW, RYAN, BASSETT & HAIK
POST OFFICE DRAWER 1787
OPELOUSAS, LA 70571-1787

Date of Service: Tuesday, April 23, 2019

Number of Service: 1

Party Served: RENAISSANCE GROUP INC

Personal/Domiciliary: Personal

Issued by the Clerk of Court on May 2, 2019.

**Pleading Served**

PET FOR DAMAGES AND/OR INSPECT PARTNERSHIP/CORPORATE RECORDS, PLAINTIFFS FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT RENAISSANCE GROUP INC

_____
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

## NOTICE OF SERVICE

CAMERON GAMBLE

*Versus*

RENAISSANCE GROUP, ET AL



Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

BY

To: P CRAIG MORROW
   MORROW, MORROW, RYAN, BASSETT & HAIK
   POST OFFICE DRAWER 1787
   OPELOUSAS, LA 70571-1787

Date of Service: Tuesday, April 23, 2019

Number of Service: 1

Party Served: RENAISSANCE GROUP

Personal/Domiciliary: Personal

Issued by the Clerk of Court on May 2, 2019.

**Pleading Served**

PET FOR DAMAGES AND/OR INSPECT PARTNERSHIP/CORPORATE RECORDS/PLAINTIFFS FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT RENAISSANCE GROUP.

_____
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

## NOTICE OF SERVICE

CAMERON GAMBLE

*Versus*

RENAISSANCE GROUP, ET AL



Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

BY

To:  P CRAIG MORROW
     MORROW, MORROW, RYAN, BASSETT & HAIK
     POST OFFICE DRAWER 1787
     OPELOUSAS, LA  70571-1787

Date of Service: Tuesday, April 23, 2019

Number of Service: 1

Party Served: JONAS ROBERTSON

Personal/Domiciliary: Personal

Issued by the Clerk of Court on May 2, 2019.

**_Pleading Served_**

PETITION FOR DAMAGES AND/OR INSPECT PARTNERSHIP/CORPORATE RECORDS/PLAINTIFFS
FIRST SET OF WRITTEN DISCOVERY TO DEF JONAS ROBERTSON

*Barbara Greeley*
_____
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

## NOTICE OF SERVICE

CAMERON GAMBLE

Versus

RENAISSANCE GROUP, ET AL



Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

BY

To:  P CRAIG MORROW
     MORROW, MORROW, RYAN, BASSETT & HAIK
     POST OFFICE DRAWER 1787
     OPELOUSAS, LA  70571-1787

Date of Service: Tuesday, April 23, 2019

Number of Service: 1

Party Served: CHARLIE LUSCO

Personal/Domiciliary: Personal

Issued by the Clerk of Court on May 2, 2019.

**Pleading Served**

PET FOR DAMAGES AND/OR INSPECT PARTNEWSHIP/CORPORATE  RECORDS/P;AINTIFFS FIRST SET
OF WRITTEN DISCOVERY TO DEF CHARLIE LUSCO

*Barbara Greeley*
_____
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

## NOTICE OF SERVICE

CAMERON GAMBLE

Versus

RENAISSANCE GROUP, ET AL



Case: 2019-0001190
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

BY

To: P CRAIG MORROW
MORROW, MORROW, RYAN, BASSETT & HAIK
POST OFFICE DRAWER 1787
OPELOUSAS, LA 70571-1787

Date of Service: Tuesday, April 23, 2019

Number of Service: 1

Party Served: RENAISSANCE INC

Personal/Domiciliary: Personal

Issued by the Clerk of Court on May 2, 2019.

**Pleading Served**

PET FOR DAMAGES AND/OR INSPECT PARTNERSHIP/CORPORATE RECORDS/PLAINTIFF'S FIRST SET
OF WRITTEN DISCOVERY TO DEFENDANT RENAISSANCE INC

_Barbara Greeley_
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court