UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAMERON GAMBLE,** | * | NO. 2019-CV-10661 |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **SECTION "D"** |
| **RENAISSANCE GROUP,** | * | **HONORABLE WENDY B. VITTER** |
| **RENAISSANCE GROUP, INC.,** | * | |
| **RENAISSANCE INC., CHARLIE LUSCO,** | * | |
| **JONAS ROBERTSON, PETER TRAIGLE,** | * | |
| **LANE FRANKS, AND RICHARD** | * | |
| **HOFFMAN,** | * | **MAG. JUDGE MICHAEL B. NORTH** |
| | * | |
| **Defendants.** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT CHARLIE LUSCO'S MOTION TO DISMISS PURSUANT TO RULE 12(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

NOW INTO COURT, through undersigned counsel, comes Defendant, Charlie Lusco ("Lusco"), who moves, pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure, to dismiss plaintiff Cameron Gamble's ("plaintiff" or "Gamble") claims, contained in his Petition filed on or about April 17, 2019 (the "Petition"), in their entirety.  As detailed in the accompanying Memorandum in Support, dismissal is appropriate because plaintiff has failed to state any plausible claim upon which relief can be granted.  Among many other things, Gamble's claims (a) contain no citation to any law, rule, or statute upon which they rest; (b) fail to cite to or even reference the essential elements for his attempted causes of action; and (c) neglect to apply even a modicum of factual support for those unpled elements.  Black-letter law from this Circuit and this District thus mandates dismissal.

1

Separately, as discussed in the accompanying Memorandum, dismissal is appropriate for at least two other reasons. First, plaintiff has failed to name an indispensable party to this case. In particular, while Gamble attempts to assert civil claims against Lusco (and the other four individual defendants, along with three corporate defendants) on the basis of his alleged participation in a corporate entity, plaintiff neglects to include one of the two partners in that entity -- an individual named Aaron George. Mr. George, as detailed in the accompanying Memorandum, is indispensable to this action because, among other things, relief cannot be afforded in this matter without prejudice to the currently-named parties without his presence. Moreover, given that plaintiff's allegations center on whether the corporate entity or entities at issue actually existed, and whether Lusco and the other defendants were members of that entity that owed any duties or obligations to Gamble, Mr. George's presence, as one of the two partners to that entity, is integral to this lawsuit. For that reason, Mr. George should either be joined in this lawsuit or this matter should be dismissed. Second, irrespective of Gamble's numerous pleading failures, his tort-based claims are indisputably prescribed, as they were not asserted until at least one year after plaintiff's purported injury was sustained.

Alternatively, and at the barest minimum, Lusco moves this Court to grant his alternative Motion for More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. As set forth in the accompanying Memorandum, Gamble's allegations are chock-full of vague and ambiguous assertions utilizing, among many other things, the rejected doctrine of "group pleading," which fail to give Lusco his constitutionally-required notice of the precise nature of the claims asserted against him.

WHEREFORE, for the reasons stated above, defendant Charlie Lusco respectfully requests that this Court (a) grant his Motion to Dismiss under Rule 12(b) of the Federal Rules of

Civil Procedure in its entirety and dismiss all of plaintiff's claims against him with prejudice; or, alternatively, (b) grant his Motion for a More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure, and require plaintiff to amend his vaguely-worded Petition; and (c) grant such additional relief as this Court deems proper.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By: */s/ Matthew S. Chester*
MATTHEW S. CHESTER (Bar No. 36411)
COLLEEN C. JARROTT (Bar No. 30839)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
mchester@bakerdonelson.com
cjarrott@bakerdonelson.com

**COUNSEL FOR CHARLIE LUSCO**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2019, a copy of the foregoing was filed electronically filed with the Clerk of Court using the CM/ECF system, which will automatically forward notification of such filing to all enrolled counsel of record, and on the following parties via email:

Jonas Robertson (*Pro Se*)
2521 Orbit Court
Harvey, LA 70058

ACCEPTING SERVICE ON
BEHALF OF JONAS ROBERTSON (INDIV.),
RENAISSANCE INC., RENAISSANCE GROUP,
INC. AND RENAISSANCE GROUP

*/s/ Matthew S. Chester*
Matthew S. Chester

3