# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAMERON GAMBLE,** | * | **NO. 2019-CV-10661** |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **SECTION "D"** |
| **RENAISSANCE GROUP,** | * | **HONORABLE WENDY B. VITTER** |
| **RENAISSANCE GROUP, INC.,** | * | |
| **RENAISSANCE, INC., CHARLIE LUSCO,** | * | |
| **JONAS ROBERTSON, PETER TRAIGLE,** | * | |
| **LANE FRANKS, AND RICHARD** | * | **MAG. DIV. 5** |
| **HOFFMAN,** | * | **MAG. JUDGE MICHAEL B. NORTH** |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

# DEFENDANT CHARLIE LUSCO'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO <u>RULE 12(E) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>

## <u>TABLE OF CONTENTS</u>

Page

TABLE OF CONTENTS............................................................................................ i

TABLE OF AUTHORITIES ..................................................................................... ii

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................1

II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY .....................3

III.    GOVERNING LAW ......................................................................................6

IV.     PLAINTIFF'S CLAIMS SHOULD BE DISMISSED. ...................................8

      A.      Plaintiff Fails To Adequately Plead Any Plausible Claims, Mandating Dismissal Of His Lawsuit............................................................................................8

            **1.**     Plaintiff's Partnership and/or Corporate Claims Should Be Dismissed. .....8

            **2.**     Plaintiff's Unfair Trade Practices Claim Is Fatally Deficient....................11

            **3.**     Plaintiff's Request For The Equitable Remedy Of Unjust Enrichment Should Be Dismissed. ...........................................................................13

      B.      Dismissal Is Required Because Plaintiff Failed To Join An Indispensable Party. 14

      C.      Plaintiff's Claims Are Prescribed. ..........................................................18

            **1.**     Plaintiff's LUTPA Claim Is Prescribed. ..................................................18

            **2.**     Plaintiff's Unjust Enrichment Claim Is Time-Barred..............................19

            **3.**     Plaintiff's Breach of Fiduciary Duty Claim Is Stale................................20

V.      ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT OF HIS CLAIMS AND ALLEGATIONS...........................21

VI.     CONCLUSION...........................................................................................24

CERTIFICATE OF SERVICE .................................................................................26

4830-3647-3242
2943397-000004

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aetna Life & Cas. Co. v. Dotson,*
346 So. 2d 762 (La. App. 1st Cir. 1977) .................................................................21

*American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.,*
115 Fed. Appx. 662 (5th Cir. 2004) ........................................................................8

*Andretti Sports Marketing Louisiana, LLC v. Nola Motorsports Host Committee, Inc.,*
147 F. Supp. 3d 537 (E.D. La. 2015) .....................................................................12

*Arceneaux v. Blanchard Contractors,*
No. 13-4841, 2013 WL 5329898 (E.D. La. Sept. 20, 2013) ...................................22

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...........................................................................................6, 7

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ....................................................................................6, 7, 11

*Bihm v. Deca Systems, Inc.,*
No. 2016-0356 (La. App. 1 Cir. 8/8/17); 226 So. 3d 466 ......................................11

*Body by Cook, Inc. v. State Farm Mutual Automobile Ins.,*
No. 15-CV-2177, 2016 WL 4479507 (E.D. La. Aug. 25, 2016), *aff'd in part, rev'd in part and remanded,* 869 F.3d 381 (5th Cir. 2017) .................................................24

*Boutte v. Lafitte Guest House Property, LLC,*
No. 15-CV-7005, 2016 WL 1704595 (E.D. La. Apr. 28, 2016) ........................18, 19

*BP America Production Co. v. R.D. Briscoe, Inc.,*
No. 08-CV-1895, 2010 WL 5125529 (W.D. La. Dec. 8, 2010) ..............................10

*Brand Coupon Network, LLC v. Catalina Marketing Corp.,*
No. 11-CV-556, 2014 WL 6674034 (M.D. La. Nov. 24, 2014) ..............................13

*Brandt v. Wal-Mart Louisiana, LLC,*
No. 15-CV-5205, 2016 WL 1464050 (E.D. La. Apr. 14, 2016) .........................22, 24

*Brockman v. Salt Lake Farm Partnership,*
No. 33,938 (La. App. 2 Cir. 10/4/00); 768 So. 2d 836 ...........................................10

*Brown v. Bilek,*
401 Fed. Appx. 889 (5th Cir. 2010) ..................................................................10, 11

*Cheramie Serv., Inc. v. Shell Deepwater Prod., Inc.,*
No. 2009-1633 (La. 4/23/10); 35 So. 3d 1053 ................................................11, 12

*Coleman v. H.C. Price Co.,*
No. 11-2937, 2012 WL 1118775 (E.D. La. Apr. 3, 2012).......................................22

*Collier v. Shell Offshore, Inc.,*
No. 14-2090, 2014 WL 6957865 (E.D. La. Dec. 4, 2014) .....................................22

*Constance v. Austral Oil Exploration Company, Inc.,*
No. 12-CV-1252, 2013 WL 6578178 (W.D. La. Dec. 13, 2013) ...........................9

*Cooper v. Primary Care Solutions, Inc.,*
No. 16-CV-259, 2017 WL 4544606 (M.D. La. Oct. 11, 2017) .............................13

*Dobbins v. Norris,*
No. 2006-1500 (La. App. 1 Cir. 5/4/07); 2007 WL 1300853................................21

*Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn,*
53 F. Supp.3d 882 (E.D. La. Sept. 26, 2015)................................................2, 4, 15

*First American Bankcard, Inc. v. Smart Business Technology, Inc.,*
178 F. Supp. 3d 390 ...............................................................................................12

*Gallant Investments, Ltd. v. Illinois Central Railroad Co.,*
No. 2008-1404 (La. App. 1 Cir. 2/13/09); 7 So. 3d 12....................................19, 20

*Gerdes v. Estate of Cush,*
953 F.2d 201 (5th Cir. 1992) ..................................................................................21

*Glod v. Baker,*
No. 04-1483 (La. App. 3 Cir. 3/23/05); 899 So. 2d 642, *writ denied*, No. 05-1574 (La.
01/13/06); 920 So. 2d 238.......................................................................................19

*Harrison v. Christus St. Patrick Hosp.,*
430 F. Supp. 2d 591 (W.D. La. 2006)................................................................13, 14

*Howell v. Town of Ball,*
827 F.3d 515 (5th Cir. 2016) ....................................................................................6

*Hudson v. Seisco International Ltd.,*
No. 15-CV-836, 2016 WL 1464048 (E.D. La. Apr. 14, 2016).........................22, 24

*Imbornone v. Tchefuncta Urgent Care, Inc.,*
No. 11-CV-3195, 2012 WL 3440136 (E.D. La. Aug. 15, 2012) .......................18, 19

*In re Air Crash Disaster Near New Orleans,*
821 F.2d 1147 (5th Cir. 1987) ...................................................................................3

4830-3647-3242
2943397-000004

*Istre v. Louisiana Tank Specialties, LLC,*
    No. 14-CV-339, 2015 WL 1416048 (E.D. La. March 27, 2015)......................................22, 24

*Jolley v. Welch,*
    904 F.2d 988 (5th Cir. 1990) ......................................................................................................21

*Jones v. Alcoa, Inc.,*
    339 F.3d 359 (5th Cir. 2003) ......................................................................................................18

*JP Mack Industries LLC v. Mosaic Fertilizer, LLC,*
    970 F. Supp. 2d 516 (E.D. La. 2013)........................................................................................14

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,*
    677 F.2d 1045 (5th Cir. 1982) ......................................................................................................7

*LULAC v. Bredesen,*
    500 F.3d 523 (6th Cir. 2007) ........................................................................................................7

*Mann v. Alston Contractors, Inc.,*
    No. 18-9284, 2019 WL 969820 (E.D. La. Feb. 28, 2019)..........................................15, 16, 17

*McDonald v. Orr Motors of Little Rock, Inc.,*
    No. 52,225 (La. App. 2 Cir. 9/26/18); 256 So. 3d 1132 ..........................................................19

*McNealy v. Becnel,*
    No. 14-CV-2181, 2015 WL 3466010 (E.D. La. May 29, 2015)..................................................22

*Miller v. Conagra, Inc.,*
    No. 2008-0021 (La. 9/8/08); 991 So. 2d 445 ...........................................................................18

*Moore v. Kmart Corp.,*
    884 F. Supp. 217 (E.D. La. 1995) .............................................................................................18

*Moss v. Princip,*
    913 F.3d 508 (5th Cir. 2019) ...............................................................................................15, 16

*Oliver v. Central Bank,*
    No. 26, 932 (La. App. 2 Cir. 5/10/95); 658 So.2d 1316 ..........................................................10

*Owens v. Jastrow,*
    789 F.3d 529 (5th Cir. 2015) ......................................................................................................24

*Pinero v. Jackson Hewitt Tax Service, Inc.,*
    594 F. Supp. 2d 710 (E.D. La. 2009)......................................................................................8, 13

*Piotrowski v. City of Houston,*
    51 F.3d 512 (5th Cir.1995) ............................................................................................................6

iv

*Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc.,*
No. 2013-1582 (La. 5/7/14); 144 So. 3d 1011 ...................................................11

*Ratcliff v. Southern C/P/D Inc.,*
64 Fed. Appx. 417, 2003 WL 1529539 (5th Cir. 2003)....................................6

*Scales v. Huntleigh USA Corp.,*
No. 11-CV-2967, 2012 WL 860381 (E.D. La. Mar. 12, 2012) ..............................9

*Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp.,*
549 U.S. 422 (2007)........................................................................3

*Snow v. DirecTV,*
450 F.3d 1314 (11th Cir. 2006) ...........................................................7

*Thomas v. State Employees Group Benefits Program,*
No. 05-0392 (La. App. 1 Cir. 3/24/06); 934 So. 2d 753 ................................19

*U.S. ex rel. Lam v. Tenet Healthcare Corp.,*
481 F.Supp.2d 673 (W.D. Tex. 2006)......................................................2

*United States ex rel. Doe v. Dow Chem. Co.,*
343 F.3d 325 (5th Cir. 2003) .............................................................8

*Walters v. MedSouth Record Mgmt., LLC,*
38 So.3d 241 (La. 6/4/10) ...............................................................14

*Watermeier v. Continental Oil Co.,*
818 F. Supp. 929 (E.D. La. 1993).......................................................18

*Williams v. WMX Technologies, Inc.,*
112 F.3d 175 (5th Cir. 1997) ............................................................8

*Winding v. City of New Orleans,*
No. 14-CV-2460, 2015 WL 222365 (E.D. La. Jan. 14, 2015)..............................18

*Yavuz v. 61 MM, Ltd.,*
576 F.3d 1166 (10th Cir. 2009) ...........................................................3

*Young v. Adolph,*
No. 02-67 (La. App. 5 Cir. 5/15/02); 821 So. 2d 101 ..................................21

**STATUTES**

LA. CIV. CODE art. 2298 ..................................................................13

LA. CIV. CODE art. 2801 *et seq.*......................................................9, 22

LA. CIV. CODE. art. 3492 ..............................................................18, 20

4830-3647-3242
2943397-000004

La. Civ. Code art. 3499 ......................................................................................................20

La. Code Civ. Proc. art. 42(1) ............................................................................................6

La. Rev. Stat. §§12:1-101 *et seq.* .................................................................................9, 22

La. Rev. Stat. §§12:1-121-129 ...........................................................................................9

La. Rev. Stat. §§12:1-301-304 ...........................................................................................9

La. Rev. Stat. §§12:1-601-627 ...........................................................................................9

La. Rev. Stat. §§12:1-622 ...................................................................................................9

La. Rev. Stat. §§12:1-1435 ...............................................................................................22

La. Rev. Stat. §12:1502 ....................................................................................................20

La. Rev. Stat. §12:226(D) .................................................................................................20

La. Rev. Stat. §§51:1401 *ET SEQ.* ....................................................................................11

La. Rev. Stat. §51:1405(A) ...............................................................................................11

La. Rev. Stat. §51:1409(A) ...............................................................................................11

La. Rev. Stat. §51:1409(B) ..........................................................................................12, 13

La. Rev. Stat. §51:1409(E) ...............................................................................................18

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 8(a)(2) .........................................................................................2, 10, 11

Fed. R. Civ. Proc. 9(b) ...............................................................................................*passim*

Fed. R. Civ. Proc. 12(b) ...................................................................................................25

Fed. R. Civ. Proc. 12(b)(6) ..................................................................................1, 6, 7, 18

Fed. R. Civ. Proc. 12(b)(7) ..............................................................................1, 14, 15, 18

Fed. R. Civ. Proc. 12(e) .............................................................................................*passim*

Fed. R. Civ. Proc. 19 ..................................................................................................15, 16

Fed. R. Civ. Proc. 19(b) ...................................................................................................15

Fed. R. Evid. 201(b) ...........................................................................................................2

4830-3647-3242
2943397-000004

Katie Zavadski and Kelly Weill, *Shady Hostage Negotiator at the Center of Sherri Papini's Abduction* ........................................................................................................2

28 U.S.C. §1441(a) .............................................................................................6

Wright & Miller, FED. PRAC. AND PROC.: Civil 2d § 1360 ........................................18

4830-3647-3242
2943397-000004

Defendant, Charlie Lusco ("Lusco"), respectfully submits this Memorandum in Support of his Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure or, alternatively, his Motion for More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  For the reasons set forth below, plaintiff Cameron Gamble's ("plaintiff" or "Gamble") baseless claims, contained in his Petition filed on April 17, 2019 (the "Petition"), should be dismissed in their entirety.  Dismissal is appropriate in the first instance because plaintiff has failed to state *any* plausible claim upon which relief can be granted.  His claims, as currently drafted, contain *no* citations to any law, rule, or statute upon which they rest; they fail to cite to or even reference the essential elements for his purported causes of action; and they neglect to apply even a modicum of factual support for those elements.  Under black-letter law from this Circuit and District, Gamble's Petition and its claims should be dismissed.

Separately, dismissal is warranted for at least two other reasons: (1) because plaintiff has failed to name an indispensable party (Aaron George); and (2) because his claims, to the extent they are cognizable, have prescribed.  Alternatively, as detailed below, at the barest minimum, given the overwhelmingly vague and ambiguous nature of plaintiff's claims, Gamble should be required to amend his Petition pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Lusco has been sued by Gamble despite having wired hundreds of thousands of dollars to Gamble in an effort to make a Liberian logging venture, which plaintiff was purportedly employed by, successful.  As detailed below, it is undisputed that Lusco never signed any partnership and/or corporate agreement with Gamble, including any corporate arrangement involving the named defendant entities (Renaissance Group; Renaissance Group, Inc.; and Renaissance, Inc.).  Indeed, there is no Louisiana entity applicable to this case utilizing the

1

names of these defendant entities.  It is also undisputed that Lusco provided Gamble with substantial funds which have never been repaid.  It is thus more than ironic that Lusco has been sued by Gamble under partnership and/or corporate law theories when Lusco never executed any corporate arrangement with Gamble.  And, quite simply, it is laughable that Gamble, who received hundreds of thousands of dollars from Lusco, has sued Lusco for unjust enrichment -- and not the other way around.  Gamble, in fact, has quite the record of convincing others to supply him with funds for illusory purposes -- and this case appears to be just another notch in his belt.[1]

In light of these unique circumstances, it is perhaps unsurprising that Gamble's Petition suffers from numerous pleading defects requiring its dismissal at this stage.  Among many other things, Gamble not only fails to provide some level of factual support for his claim, he neglects to supply the essential elements of those claims and, in some cases, wholly fails to cite or reference *any* law or legal support for them.  As detailed below, these pleading deficiencies mandate dismissal under federal pleading standards -- whether viewed under the general pleading standards contained in Rule 8(a)(2) of the Federal Rules of Civil Procedure or, more applicable to some of Gamble's allegations, the heightened pleading standards contained in Rule 9(b) of the Federal Rules of Civil Procedure.

---

[1] *See e.g.,* Katie Zavadski and Kelly Weill, *Shady Hostage Negotiator at the Center of Sherri Papini's Abduction*, THE DAILY BEAST, (last visited June 19, 2019), https://www.thedailybeast.com/the-shady-hostage-negotiator-at-the-center-of-sherri-papinis-abduction; *Daily Beast Just Did Some Thorough Reporting on Cameron Gamble (Papini Case)*, REDDIT, (last visited on June 19, 2019), https://www.reddit.com/r/TrueCrimeDiscussion/comments/5go37r/daily_beast_just_did_some_pretty_thorough/; *Sherri Papini: WTH Happened*, WORLD JUSTICE NEWS, https://worldjusticenews.com/news/2016/12/05/sherri-papini-wth-happened/ (last visited June 19, 2019).  Because these news stories are capable of being accurately determined by this Court, they may be judicially noticed for purposes of reflecting publicly-available information. *See* FED. R. EVID. 201(b); *Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882, 902 (E.D. La. Sept. 26, 2015) ("Courts have the power to take judicial notice of the coverage and existence of newspaper and magazine articles…") (citing *U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006)).

Separate from his pleading deficiencies, this case is subject to dismissal because plaintiff failed to include an indispensable party -- indeed, Gamble failed to include an individual who, unlike Lusco, was one of the *actual* partners in the defendant-entity at issue -- and because Gamble's claims are, in all events, prescribed.   Finally, even setting aside these failures, plaintiff's allegations are so vague and ambiguous utilizing, for example, the rejected doctrine of "group pleading," that he should be required to provide a more definite statement and amend his Petition.   Dismissal is required.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case centers around a logging operation in the Republic of Liberia, West Africa -- over 5,400 miles from New Orleans, Louisiana.   All of the activities and circumstances surrounding this case occurred in Liberia.   The purported defendant-entities, (a) Renaissance Group, (b) Renaissance Group, Inc., and (c) Renaissance, Inc. (collectively, the "Renaissance Entities"), were formed in Liberia.   Most of the activities and responsibilities Gamble claims to have undertaken with respect to the logging operation occurred in Liberia.[2]

According to Gamble's Petition, the timeline of relevant events for this case began in December 2017, almost two years ago.[3]   Jonas Robertson, a long-time personal colleague of plaintiff and a pastor residing in Harvey, Louisiana, learned of an investment opportunity in Liberia, wherein certain forests could be cut for timber to sell to neighboring tribes and other

---

[2] Lusco is still investigating a potential motion to dismiss on the basis of *forum non conveniens*, which allows a federal court to dismiss a matter if there is another court -- including a foreign court -- that is more convenient for adjudicating the case.   *See, e.g. Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 429-30 (2007).   Because a motion to dismiss under *forum non conveniens* is not required to be raised in a party's first responsive pleading, and because Lusco is still investigating the particulars of Gamble's allegations against him, Lusco specifically reserves his right to raise a dismissal on the basis of *forum non conveniens* in the future should circumstances warrant it.   *See, e.g. Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1173-74 (10th Cir. 2009) (citing cases) (party seeking dismissal on the basis of *forum non conveniens* need not raise it in first responsive pleading); *see also In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1165 (5th Cir. 1987) (same).
[3] *See* Petition at p. 3 (¶¶ 7, 9).

3

foreign customers.[4]  Gamble, an employee and/or contractor of the logging venture, acted as the "boots-on-the-ground" person to oversee the operation.[5]  Gamble requested significant amounts of money (tens of thousands of dollars at a time) from defendants and provided purported justifications for the funds needed -- things like paying for labor, purchasing and/or fixing equipment for the operation, or satisfying Liberian governmental fees.

Sometime in late 2017 or early 2018, Pastor Robertson enlisted the help of other individual investors who could assist in the Liberian logging operation, including two named defendants, Peter Traigle and Richard Hoffman, both of whom contributed thousands of dollars in an effort get the logging operation up and running.  A few months later, in March 2018, Lusco, movant herein and a resident of Jefferson Parish, who had prior logging experience with timber operations in the United States, was approached to provide yet more financial assistance and business guidance about the Liberian logging venture.  Over the course of the next ten months, Lusco wired *hundreds of thousands of dollars* to Gamble at his request for the Liberian logging operation, once again, with purported justifications supporting the monetary requests, including the purchase of labor, equipment, and other needed items.  At no time did Lusco execute any partnership or corporate agreement with Gamble but, instead, wired these funds in good faith hoping to make the venture succeed.  Indeed, the corporate paperwork applicable to this case, which Gamble neglected to include in his Petition, lists two other individuals -- *not Lusco or Gamble* -- as partners in the Liberian logging venture.[6]

---

[4] *See* Petition at p. 3 (¶ 6).
[5] *See* Petition at p. 3 (¶ 7).
[6] *See* Articles of Incorporation for Renaissance, Inc., dated July 20, 2017, filed in Monrovia, Liberia (setting forth ownership) (attached hereto as Exhibit 1).  Because plaintiff's Petition references the Articles of Incorporation of Renaissance, Inc., but fails to include them, Lusco attaches them hereto and, under Fifth Circuit precedent, this Court should consider it as part of the record on dismissal.  *See Firefighters Pension & Relief Fund*, 53 F. Supp. 3d at 892 ("In reviewing a motion to dismiss, the Court is limited to the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.")

4

A few months into the operation, Lusco began to get suspicious as the Liberian venture was not bearing its promised fruit.  This suspicion was prompted by the fact that Gamble hardly ever provided any credible documentary evidence (such as invoices, receipts, purchase orders, etc.) showing where the funds were going and what the funds were being used for, nor did he include any proof that the funds sent were actually expended for their intended purposes.  Lusco thus sent personnel to Liberia to investigate the operation and Gamble's purported justifications for the wired funds which, by this time, totaled nearly *$1 million*.

When Lusco's personnel arrived in Liberia, they reported back a situation that was much different than the picture painted by Gamble in his correspondence to defendants.  For instance, while Gamble claimed to be overseeing the employees and logging operation, Lusco's investigators reported back that Gamble was hardly ever at the logging operation but was, instead, traveling around the world.  The equipment that Gamble said he need money to fix or that needed to be purchase could not be found.  And, the employees who were allegedly waiting to be paid, still were not paid, despite the substantial funds that were sent to Liberia to pay the employees.  By January 2019, with pointed questions being asked of him and his activities, Gamble left the logging venture.  With plaintiff out of the picture, despite significant funds already expended for the unprofitable logging venture, Lusco and some of the defendants are currently investigating alternative Liberian logging opportunities.

Plaintiff filed this lawsuit[7] in the 21st Judicial District Court (Tangipahoa Parish, Louisiana)[8] on April 17, 2019.[9]  Lusco timely removed this matter on May 23, 2019.[10]  On May 29, 2019, this Court ordered Lusco to file his responsive pleadings by June 20, 2019.[11]

---

[7] Interestingly, Gamble's right-hand associate for the operation -- a Liberian named Aaron George -- is intimately familiar with the circumstances surrounding this case and is not mentioned anywhere in the operative petition. Indeed, it was Mr. George who had local and governmental connections with Liberia, and it was Aaron George who

5

Irrespective of the above facts, this case is not (yet) a swearing contest between competing narratives. Indeed, as discussed below, at the present stage, Gamble's claims are so vague and ambiguous, so lacking in factual and legal support, so conclusory, that they fail to meet the required standards for pleading under federal law, requiring dismissal.

## III.   GOVERNING LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal where a plaintiff fails to state a claim upon which relief can be granted.[12]  The Court must accept as true all well-pleaded factual allegations and view them in the light most favorable to plaintiff.[13]  Dismissal is warranted on a Rule 12(b)(6) motion if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."[14]  Stated otherwise, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain *sufficient factual matter*, accepted as true, to 'state a claim for relief that is plausible on its face.'"[15]

The foregoing "facial plausibility" standard imposes a two-part inquiry.  First, the court must segregate and exclude all conclusory allegations and unjustified inferences.[16]  Mere

---

was one of two partners found in the formation papers for Renaissance, Inc., one the defendant-entities at issue here. For those reasons, Lusco asserts Mr. George is an indispensable party to this matter.  *See infra*, Part IV.B.

[8] It is clear Gamble filed his state court suit in the wrong venue.  Under state law, Article 42(1) of the Louisiana Code of Civil Procedure requires that the case be brought and venue be laid in Lusco's parish of residence which, according to the Petition, is Jefferson Parish.  *See* LA. CODE CIV. PROC. art. 42(1); Petition at ¶ 1(e).  Indeed, according to the Petition, *none* of the defendants reside in Tangipahoa Parish.  Notwithstanding this error, because the Eastern District of Louisiana embraces both Lusco's parish of residence (Jefferson Parish) and the parish where Gamble erroneously brought suit (Tangipahoa Parish), Lusco is not seeking a transfer at this point.  *See* 28 U.S.C. § 1441(a) (permitting federal venue in the district court "embracing the place where such action is pending.").  Should this case be remanded to state court, Lusco expressly reserves his right to challenge venue in this matter.

[9] *See* Rec. Doc. No. 1-1 (Plaintiff's Petition, hereinafter the "Petition").

[10] *See* Rec. Doc. No. 1 (Lusco's Notice of Removal).  Lusco was not served until April 23, 2019.  *See* Rec. Doc. No. 1-1 at pp. 17-18.

[11] *See* Rec. Doc. No. 7.

[12] FED. R. CIV. PROC. 12(b)(6).

[13] *Howell v. Town of Ball*, 827 F.3d 515, 521 (5th Cir. 2016).

[14] *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).

[16] *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *cf. Ratcliff v. Southern C/P/D Inc.*, 64 Fed. Appx. 417, 2003 WL 1529539 at *1 (5th Cir. 2003) (court may not assume or supply missing elements of claim).

formulaic recitations of a cause of action and its elements will not suffice, and a court in considering a motion to dismiss may not accept conclusory allegations in the complaint as true.[17] Accordingly, a complaint _does not_ suffice to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18] "Conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts _will not_ prevent dismissal," and should be disregarded by a reviewing court.[19]

Second, the court must ascertain whether the non-conclusory assertions of fact appropriately considered in assessing a plaintiff's pleadings are sufficient to establish a "_facially plausible_" claim. A claim is "facially plausible" **only** if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" under applicable law.[20] This requires "more than a 'sheer possibility' that a defendant has acted unlawfully."[21] Thus, "where a complaint pleads facts that are '_merely consistent with_' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"[22] In other words, if "the well-placed facts do not permit the court to infer _more_ than the _mere possibility_ of misconduct," a motion for dismissal under Rule 12(b)(6) _must_ be granted.[23] Importantly, this "facial plausibility" requirement must be satisfied as to _every element essential to each stated cause of action_.[24]

Finally, where a plaintiff seeks to interject allegations of fraud or deceptive conduct -- as Gamble does here -- Rule 9(b) of the Federal Rules of Civil Procedure requires a party to "state

---

[17] _Twombly_, 550 U.S. at 555; _Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc._, 677 F.2d 1045, 1050 (5th Cir. 1982); _see also Iqbal_, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

[18] _Iqbal,_ 556 U.S. at 678 (alteration in original) (quoting _Twombly,_ 550 U.S. at 557).

[19] _Snow v. DirecTV_, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis added) (citation omitted).

[20] _Iqbal_, 556 U.S. at 678.

[21] _Id._

[22] _Id._ (internal citations omitted).

[23] _Id._ at 1950 (emphasis added).

[24] _See LULAC v. Bredesen,_ 500 F.3d 523, 527 (6th Cir. 2007) (emphasis added).

with particularity the circumstances" surrounding that conduct.[25]   Rule 9(b)'s heightened

pleading standard "requires a plaintiff to specify the statements contended to be fraudulent,

identify the speaker, state when and where the statements were made, and explain why the

statements were fraudulent."[26]   In other words, "[a]t a minimum, Rule 9(b) requires that a

plaintiff set forth the who, what, where, when, and how of the alleged fraud."[27]

## IV.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED.

### A.   Plaintiff Fails To Adequately Plead Any Plausible Claims, Mandating Dismissal Of His Lawsuit.

#### 1.   Plaintiff's Partnership and/or Corporate Claims Should Be Dismissed.

In several short and vague paragraphs, Gamble purports to plead "violation[s]" of

Louisiana partnership laws and/or Louisiana corporate law, as his first two causes of action.[28]

The sum and substance of Gamble's partnership and/or corporate claims can be boiled down to

the following: (a) he claims he was a "full partner" and/or "equity owner" in the Renaissance

Entities; (b) he alleges he was "wrongfully terminat[ed]" from that purported ownership interest;

(c) he asserts that the "defendants" breached undefined "fiduciary duties" owed to him by,

among other things, terminating his interests, misrepresenting to him the existence of the

partnership at issue and his role in that entity, denying him access to records, and re-allocating

Gamble's interest to themselves (thereby engaging in self-dealing); and (d) he was harmed, in

some undefined way, by those actions.[29]   Quite simply, plaintiff's conclusory allegations,

including his allegations sounding in fraud or deceptive conduct, are legally insufficient.

---

[25] FED. R. CIV. PROC. 9(b).

[26] *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (citations omitted); *see also American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 667 (5th Cir. 2004).

[27] *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003) (alteration not in original); *see Pinero v. Jackson Hewitt Tax Service, Inc.*, 594 F. Supp. 2d 710, 720 (E.D. La. 2009) (citations omitted).

[28] *See* Petition at pp. 4-5 (¶¶ 10-16) (alteration not in original).

[29] *See id.* (alterations not in original).

As an initial matter, plaintiff fails to provide a *single citation* to *any law or legal authority* permitting his claims.  There is, for example, no reference to the Louisiana Revised Statutes (some of which govern Louisiana corporate law),[30] no citation to any Louisiana Civil Code Article (some of which govern Louisiana partnerships),[31] nor is there any hint of any alleged corporate or partnership agreement which might provide a basis in law for plaintiff's claims.  Gamble's threadbare conclusions that he was a "full partner" and/or "equity owner" in the Renaissance Entities and that he was harmed by his purported partners' actions,[32] without more, are legally insufficient to avoid dismissal.[33]

Separate and apart from Gamble's lack of pleading any legal authority for his baseless claims, his causes of action are facially implausible because they not only fail to reflect the elements of each claim, but they also fail to provide and apply even a minimal degree of factual content for each element as required under federal law.  Assuming plaintiff's partnership and/or corporate claims to be an attempt to plead a breach of fiduciary claim,[34] that cause of action under Louisiana law requires (1) a breach by a fiduciary of an obligation to another; (2) a knowing collusion or participation in the breach by the fiduciary; and (3) damages suffered by

---

[30] *See* LA. REV. STAT. §§ 12:1-101 *et seq.* (Louisiana Business Corporation Act, which governs corporate law, including how corporations are to be formed [*e.g.* LA. REV. STAT. §§ 12:1-121-129], how corporations are to use their powers [*e.g.* LA. REV. STAT. §§ 12:1-301-304], how corporations are to manage shares [*e.g.* LA. REV. STAT. § 12:1-601-627], and how shareholders may be held liable [*e.g.* LA. REV. STAT. §§ 12:1-622]).

[31] *See* LA. CIV. CODE art. 2801 *et seq.* (Louisiana partnership provisions).

[32] *See* Petition at pp. 4-5 (¶¶ 10-16).

[33] *See., e.g., Scales v. Huntleigh USA Corp.*, No. 11-CV-2967, 2012 WL 860381, at *3-4 (E.D. La. Mar. 12, 2012) (motion to dismiss granted for plaintiff's failure to plead facts or cite proper law in support of his improper wage deduction and wrongful termination claims); *Constance v. Austral Oil Exploration Company, Inc.*, No. 12-CV-1252, 2013 WL 6578178, at *5-9 (W.D. La. Dec. 13, 2013) (motion to dismiss certain claims granted due to lack of factual and legal support for said claims).

[34] As noted above, because plaintiff failed to cite to or reference any legal authority for his claims under "Louisiana Partnership Laws" and/or "Applicable Law[s] On Corporations," it is unclear what specific cause of action Gamble seeks to assert.  Petition at p. 4.  Lusco assumes plaintiff attempts to plead a breach of fiduciary duty claim given his reference to that phrase in the Petition.  *See* Petition at p. 4 (¶ 11(b)), 5 (¶ 13(b)-(d)).

9

another as a result of the breach.[35]   A breach of fiduciary duty also requires proof of fraud, breach of trust, or an action outside the limits of the fiduciary's authority.[36]   Whether viewed under Rule 8(a)(2)'s general pleading standard[37] or Rule 9(b)'s heightened pleading standard, plaintiff's allegations are fatally flawed.  For example:

- While plaintiff asserts that "defendants" breached "fiduciary duties" to him,[38] he neglects to provide *any* support for the *source* of those duties.  As noted above, there is no reference to a partnership and/or corporate agreement, no support to infer a special relationship between the parties, nor are there citations to any Louisiana articles or statutes providing a basis for any purported duty allegedly owed by Lusco to Gamble.  Plaintiff's conclusory assertions that he was a "partner" and/or "owner" in the Renaissance Entities,[39] without more, are insufficient plead a breach of fiduciary duty claim.[40]

- Plaintiff's assertions that the defendants "breach[ed]" those duties by "wrongfully terminating" him, "re-allocating plaintiff's ownership interest to themselves," engaging in "*self-dealing*," making *misrepresentations* to him regarding the partnership, and/or denying him access to "books and records" are not supported by any particularized factual allegations.[41]   In light of Gamble's references to defendants' alleged deceptive conduct in this regard, Rule 9(b)'s heightened pleading standard applies to this claim,[42] and Gamble's allegations fall far short of what is required.  For example, the Petition fails to disclose *who* allegedly terminated him, as well as *when* and *how* that was done;[43] *who* purportedly denied him access to materials and *when* and *how* that was done;[44] *who* misrepresented *what* to Gamble and *how* and *when* that happened;[45] and *who*

---

[35] *Brockman v. Salt Lake Farm Partnership*, No. 33,938 (La. App. 2 Cir. 10/4/00); 768 So. 2d 836, 844 (citing *Oliver v. Central Bank*, No. 26,932 (La. App. 2 Cir. 5/10/95); 658 So.2d 1316)).

[36] *Id.*

[37] FED. R. CIV. PROC. 8(a)(2) (requiring "a short and plain statement of the claim" in order to "give the defendant fair notice").

[38] *See* Petition at p. 4 (¶ 11(b)); p. 5 (¶¶ 13(b)-(d)).

[39] Petition at p. 3 (¶ 9).

[40] *See BP America Production Co. v. R.D. Briscoe, Inc.*, No. 08-CV-1895, 2010 WL 5125529, at *1-2 (W.D. La. Dec. 8, 2010) (dismissing defendant's counterclaim for breach of fiduciary duty where it was simply alleged that defendant held an interest in royalty payments and BP engaged in over-charging processing costs and under-measuring production because defendant failed to allege a "special legal relationship" evidencing a fiduciary duty between the parties).

[41] Petition at pp. 4-5 (¶¶ 11(a), 11(b), 11(d), 13(a), 13(e), 13(f)) (emphasis added).

[42] As discussed above, a breach of fiduciary duty claim under Louisiana law requires some allegation of fraud, breach of trust, or an action outside the limits of a fiduciary's authority, *Brockman*, 768 So. 2d at 844, and where a breach of fiduciary duty claim sounds in fraud or involves purported misrepresentations, like Gamble's claims here, Rule 9(b)'s heightened pleading standards apply. *See, e.g. Brown v. Bilek*, 401 Fed. Appx. 889, 893 (5th Cir. 2010).

[43] *See Brown*, 401 Fed. Appx. at 894-95 (affirming dismissal of breach of fiduciary duty claim against counsel where plaintiff failed to supply what information he claimed counsel purportedly provided a court that was false, why the information at issue was false, or which laws or rules were violated by counsel's alleged misbehavior).

[44] *See id.*

[45] *See id.*

purportedly re-allocated his ownership share to themselves, *when* that was accomplished, and *how* that was accomplished.[46]

- Plaintiff likewise fails to provide any basis for damages, other than simply stating, in the most conclusory of ways, that he is entitled to his "fair value" of the partnership and/or corporate interest.[47]  On its face, this conclusion is insufficient to plead the third element of a breach of fiduciary duty claim (damages suffered as a result of the breach), even under Rule 8(a)(2)'s general pleading standards.  Plaintiff does not define what his interest in the partnership and/or corporate entity is, nor does he specify his "fair value" of that interest.  Gamble also does not trace that purported harm to any breach, nor does he identify which defendant caused that harm.  Once again, these formulaic allegations are insufficient to state a claim.[48]

At bottom, Gamble's purported claims under Louisiana partnership law and/or Louisiana corporate law fall woefully short of meeting requisite pleadings standards.  Dismissal is thus required.

### 2.      Plaintiff's Unfair Trade Practices Claim Is Fatally Deficient.

Gamble's cause of action under the Louisiana Unfair Trade Practices Act[49] is also subject to dismissal.  LUTPA makes unlawful "unfair methods of competition  and unfair acts or practices in the conduct of any trade or commerce…"[50]  To state a claim under the LUTPA, a party must show that it suffered "any ascertainable loss of money or movable property, corporeal or incorporeal" as a result of the LUTPA violation.[51]  The definition of an "unfair trade practice" is decided by the courts on a case-by-case basis.[52]  In establishing a LUTPA claim, courts require a showing that the alleged conduct "offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious."[53]  Even with that broad definition,

---

[46] *See id.*
[47] Petition at pp. 4-5 (¶¶ 12, 16).
[48] *Twombly*, 550 U.S. at 545.
[49] LA. REV. STAT. §§ 51:1401 *et seq.*
[50] LA. REV. STAT. § 51:1405(A); *see, e.g., Bihm v. Deca Systems, Inc.,* No. 2016-0356 (La. App. 1 Cir. 8/8/17); 226 So. 3d 466, 483.
[51] *Bihm*, 226 So. 3d at 483 (quoting LA. REV. STAT. § 51:1409(A)).
[52] *See, e.g., Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc.,* No. 2013-1582 (La. 5/7/14); 144 So. 3d 1011, 1025.
[53] *See Cheramie Serv., Inc. v. Shell Deepwater Prod., Inc.,* No. 2009-1633 (La. 4/23/10); 35 So. 3d 1053, 1059.

however, courts generally require some proof of "fraud, misrepresentation, and similar conduct."[54]  Finally, in addition to the above legal requirements, LUTPA establishes a procedural one -- that the plaintiff's attorney "shall" mail a copy of the petition to the Louisiana Attorney General upon its filing.[55]  As discussed below, plaintiff has failed to meet nearly all of LUTPA's legal and procedural requirements and therefore, his claim must be dismissed.

The *entirety* of Gamble's allegations under LUTPA, save for his assertion that he seeks damages for undefined things like "mental anguish," are: "[t]he egregious acts described above also render the defendants liable for violations of the Louisiana Unfair Trade Practices Act…"[56] Presumably, plaintiff attempts to reference the few allegations set forth under his purported partnership and/or corporate law claims, such as "wrongful termination," a denial of access to materials, misrepresentations regarding the existence of the corporate entity, and self-dealing.[57] Assuming this to be the case, such allegations do not suffice to state a claim under LUTPA. Among other things, Gamble fails to set forth the elements of a LUTPA cause of action (providing one basis for dismissal) and, even further, neglects to provide any facts -- as opposed to mere conclusions -- purportedly underpinning his claim.  These omissions are fatal.[58]

Gamble's pleading deficiencies are made all the more problematic given that his LUTPA claim -- which appears to reference assertions that, among other things, the defendants made misrepresentations regarding Gamble and engaged in deceptive conduct, including "self-

---

[54] *Id.*  In the case of disputes between market participants, some courts have required plaintiff to show an intent to injure competition on the part of the defendant.  This showing is not a universal requirement for stating a LUTPA claim. *See, e.g., Andretti Sports Marketing Louisiana, LLC v. Nola Motorsports Host Committee, Inc.,* 147 F. Supp. 3d 537, 564-65 (E.D. La. 2015).

[55] LA. REV. STAT. § 51:1409(B).

[56] Petition at p. 5 (¶ 17).

[57] *See id.* at pp. 4-5 (¶¶ 10-16).

[58] *See, e.g., Andretti Sports Marketing Louisiana, LLC,* 147 F. Supp. 3d at 564-572 (dismissing LUTPA claim against defendant where plaintiff failed to provide "any facts" regarding a LUTPA violation); *First American Bankcard, Inc. v. Smart Business Technology, Inc.,* 178 F. Supp. 3d 390, 405-406 (E.D. La. 2016) (plaintiff did not include enough details to determine whether defendants' actions give rise to LUTPA claim).

dealing"[59] -- requires heightened pleading under Rule 9(b) of the Federal Rules of Civil Procedure.[60]   As with his other claims, plaintiff fails to plead, for example, (a) *who* undertook *what* action he now claims was an "unfair trade practice"; (b) *when* those actions were supposedly done and by *which* actors; (c) *how* and *where* those actions were supposedly executed; and (d) *how* each action resulted in harm to him.  In the absence of these allegations, as courts have held, plaintiff's LUTPA claim cannot move forward.[61]   Dismissal is thus appropriate.[62]

### 3.   Plaintiff's Request For The Equitable Remedy Of Unjust Enrichment Should Be Dismissed.

Unjust enrichment is an equitable remedy under Louisiana law.[63]   While Article 2298 of the Louisiana Civil Code provides that "[a] person who has been enriched without cause at the expense of another person is bound to compensate that person" it also states that "[t]he remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment…"[64]   There are five requisite elements of a claim for unjust enrichment: (1) an

---

[59] *See* Petition at p. 4 (¶ 10) (alleging that defendants have wrongfully informed plaintiff he is not a partner and/or shareholder in any of the defendant entities and asserting that defendants have wrongfully denied that a partnership ever existed); pp. 4-5 (¶ 11(a) & ¶ 13(a)) (alleging deceptive or fraudulent conduct insofar as Gamble claims defendants have "re-allocat[ed] plaintiff's ownership interest to themselves")); pp. 4-4 (¶ 11(b) & 13(b)) (alleging defendants' actions amounted to "self-dealing")).

[60] *See, e.g. Cooper v. Primary Care Solutions, Inc.*, No. 16-CV-259, 2017 WL 4544606, at *11-15 (M.D. La. Oct. 11, 2017) (applying Rule 9(b)'s heightened pleading standard to LUTPA claim where plaintiff alleged fraudulent conduct); *Brand Coupon Network, LLC v. Catalina Marketing Corp.*, No. 11-CV-556, 2014 WL 6674034, at *5-6 (M.D. La. Nov. 24, 2014) (same); *Pinero*, 594 F. Supp. 2d at 720-21 (applying Rule 9(b)'s heightened pleading standard to LUTPA claim where plaintiff alleged false representations).

[61] *See Cooper*, 2017 WL 4544606, at *15 (dismissing LUTPA claim under Rule 9(b), holding that while plaintiffs had supplied some particulars, they had nonetheless failed to explain "what (if anything) the Individual Defendants obtained thereby"); *Brand Coupon Network*, 2014 WL 6674034, at *6 (dismissing LUTPA claim under Rule 9(b) holding that plaintiff had failed to specify where the alleged conduct at issue took place, what representations were made, and how those representations were transmitted); *Pinero*, 594 F. Supp. 2d at 720-21 (dismissing LUTPA claim under Rule 9(b) holding that plaintiff had failed to explain necessary particulars).

[62] Further, as noted above, LUTPA imposes a procedural requirement that the plaintiff mail a copy of his Petition to the Louisiana Attorney General.  *See* LA. REV. STAT. § 51:1409(B).  Plaintiff has not demonstrated that he has complied with this procedural hurdle.

[63] LA. CIV. CODE art. 2298; *see also Harrison v. Christus St. Patrick Hosp.*, 430 F. Supp. 2d 591, 597 (W.D. La. 2006).

[64] LA. CIV. CODE art. 2298.

enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) no other remedy at law.[65]  The existence of another remedy at law will preclude an unjust enrichment claim.[66]

Once again, Gamble's allegations in seeking unjust enrichment are woefully lacking. Among many other things, plaintiff fails to plead all the required elements for this claim, as well as factual detail supporting same.  For example, save for asserting he is entitled to his "fair value" of the partnership and/or corporation at issue (which he fails to plead any support for), Gamble fails to allege who was enriched by the actions complained of and an absence of a justification governing the same.   Indeed, if anything, it is *Lusco* that has suffered impoverishment -- routinely wiring hundreds of thousands of dollars to Gamble with nothing to show for it -- not plaintiff.[67]   Further, Gamble has already attempted to plead this claim under separate legal theories -- namely, a theory of breach fiduciary duty.  In other words, *if* Gamble's claims under that theory were adequately pled (which they are not), he would have another remedy at law and the equitable remedy of unjust enrichment would be unavailable, warranting dismissal.[68]

## B.   Dismissal Is Required Because Plaintiff Failed To Join An Indispensable Party.

Gamble's Petition suffers from another fatal flaw -- he failed to include Aaron George as a party to the instant lawsuit.  Rule 12(b)(7) of the Federal Rules of Civil Procedure provides for

---

[65] *Id.* at 596-597.
[66] *See Walters v. MedSouth Record Mgmt., LLC,* No. 2010-0352 (La. 6/4/10); 38 So. 3d 241, 242 (per curiam) (finding that the law provided plaintiff with another remedy and, therefore, unjust enrichment remedy was unavailable); *see also JP Mack Industries LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 520-522 (E.D. La. 2013) (the last element of an unjust enrichment claim requires that "there must be no other remedy at law available to the plaintiff.").
[67] *See supra*, Part II (Factual Background).
[68] *See Walters*, 38 So. 3d at 242; *JP Mack Industries*, 970 F. Supp. 2d at 520-22.

the dismissal of claims when the plaintiff fails to join an indispensable party to the lawsuit.[69]

Directly contrary to Gamble's allegations, Aaron George is one of two partners in Renaissance,

Inc., which was formed in Liberia.[70]  Aaron George, for all intents and purposes, was Gamble's

right-hand assistant in Liberia, tasked with handling the day-to-day operations of the logging

enterprise, including handling contacts with local officials; obtaining employees to perform the

logging work; and interfacing between the investors of the Renaissance Entities and the Liberian

government.  Despite George's integral role in the operations, the formation of the Renaissance

Entities, and the allegations of the Petition, Gamble did not name him as a party to the lawsuit.

To determine whether a motion to dismiss pursuant to Rule 12(b)(7) should be granted,

courts conduct a two-part analysis: (1) whether, under Federal Rule of Civil Procedure 19(a), a

person should be joined to the lawsuit and (2) if joinder is warranted, then the person will be

brought into the lawsuit.[71]  But if such joinder would destroy the court's jurisdiction, then the

court must determine under Rule 19(b) whether to press forward without the person or to dismiss

the litigation.[72]  The court must accept all factual allegations in the complaint as true and draw

inferences in favor of the non-moving party.[73]

Pursuant to Federal Rule of Civil Procedure Rule 19, courts are directed to join

"required" parties when feasible.[74]  A party is "required" if the party meets the following criteria:

(A)    in that person's absence, the court cannot accord complete relief among
        existing parties; or

---

[69] See FED. R. CIV. PROC. 12(b)(7).

[70] See Ex. 1.  As noted above, where a plaintiff's Petition references documents, a party moving for dismissal may include them as part of the record for the Court to consider on dismissal.  See Firefighters Pension & Relief Fund, 53 F. Supp. 3d at 892.

[71] See Mann v. Alston Contractors, Inc., No. 18-9284, 2019 WL 969820, at *3 (E.D. La. Feb. 28, 2019) (granting motion to dismiss for failure to join indispensable party).

[72] See Mann, 2019 WL 969820, at *5.

[73] See Mann, 2019 WL 969820, at *3.

[74] See Moss v. Princip, 913 F.3d 508, 515 (5th Cir. 2019).

(B)     that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.[75]

If joining a required party is not feasible -- *e.g.*, it would destroy diversity -- courts must determine whether a party is "merely necessary" to the litigation, or in fact "indispensable."[76]  In determining whether a necessary party is also indispensable, courts consider four factors, which assess "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed": (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by -- (a) protective provisions in the judgment; (b) shaping the relief; or (c) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.  This is a fact intensive analysis, determined on a case-by-case basis.[77]

In a recent case decided by a court in this District -- *Mann v. Alston Contractors, Inc.*, No. 18-9284, 2019 WL 969820 (E.D. La. Feb. 28, 2019) -- the Honorable Mary Ann Vial Lemmon found that rescission and breach of contract claims brought by plaintiffs could not go forward because there was an indispensable party missing from the lawsuit.[78]  *Mann* involved a residential elevation project following Hurricane Katrina, where the plaintiff-homeowners received federal money to elevate their homes.[79]  In *Mann,* defendant Alston Contractors, Inc. ("ACI") was a construction company that entered into a joint venture with another entity, Tim

---

[75] FED. R. CIV. PROC. 19.
[76] *See Moss*, 913 F.3d at 515.
[77] *See id.* at 515 (citation omitted).
[78] *See Mann*, 2019 WL 969820, at *5.
[79] *See Mann*, 2019 WL 969820, at *1

Clark Construction ("TCC") -- not a named defendant in that action -- to do the elevation work because ACI was not licensed in Louisiana to do that kind of work.[80]  While the joint venture required construction contracts to be in the name of TCC and ACI as "joint venturers," sometimes, as in the case of the plaintiff-homeowners, the contract would only reflect TCC.[81]  Indeed, in *Mann*, plaintiffs did not know of the joint venture until a memorandum was produced in a separate state court action.[82]

In analyzing whether TCC was an indispensable party, Judge Lemmon correctly found that it was because, among other things, (a) it was a signatory under the contract with the plaintiff; (b) there was a risk of inconsistent obligations given that there were multiple suits involving multiple parties; and, importantly, (c) given the nature of the claims, the court could not provide adequate relief without also causing prejudice to the parties in light of TCC's integral role with the facts alleged.[83]

*Mann* is analogous to this case.  Although Gamble does not allege a breach of contract (because one never existed), his claims do involve, among other things, determining (a) the existence of a partnership and/or corporation (which Lusco denies), (b) whether the defendants (including Lusco) breached certain duties and obligations pursuant to that alleged arrangement (which Lusco also denies), and if so, (c) what relief is afforded by and among the offending parties.  As set forth above, Aaron George is a member of the very entity that Gamble alleges is the basis of his claims.[84]  His participation would thus be indispensable in determining whether a partnership and/or corporation exists; what duties/obligations flow as a result of that corporate

---

[80] *Id.*
[81] *Id.*
[82] *Id.*  Plaintiffs in *Mann* sued TCC in a state court action but not a separate federal case.  *See Mann*, 2019 WL 969820, at *4-5.
[83] *See Mann*, 2019 WL 969820, at *5.
[84] *See* Ex. 1.

arrangement; and, if Gamble is entitled to any damages (a proposition Lusco vehemently denies), the Court would be required to apportion damages among the partnership members -- including Mr. George.  Further, because jurisdiction here is premised on diversity, adding Mr. George, a resident of Liberia, would not deprive this Court of jurisdiction.  For these reasons, Mr. George should be added as a defendant to this matter or the case should be dismissed for failure to join an indispensable party pursuant to Rule 12(b)(7).

### C.    Plaintiff's Claims Are Prescribed.

A Rule 12(b)(6) Motion to Dismiss is the proper procedural mechanism for challenging whether a plaintiff has timely filed suit.[85]  Where it is evident from the petition that the action is barred and the pleadings fail to raise some basis for tolling or interruption, dismissal under Rule 12(b)(6) is appropriate.[86]  While, generally, the burden of proof is on the party asserting prescription, when the claim is prescribed on the face of the petition, "the burden shifts to the plaintiff to show an interruption or suspension of prescription."[87]

### 1.    Plaintiff's LUTPA Claim Is Prescribed.

As an initial matter, it is clear that plaintiff's claim under the LUTPA is prescribed. Under Louisiana, a LUTPA cause of action is subject to a one-year prescriptive period,[88] which time period begins to run on the date the injury was purportedly sustained.[89]  Here, the operative date alleged by plaintiff -- indeed, the latest date asserted in his Petition -- is December 18, 2017, the date when Gamble was purportedly made an equity owner of the Renaissance Entities, and

---

[85] *See, e.g. Boutte v. Lafitte Guest House Property, LLC*, No. 15-CV-7005, 2016 WL 1704595, at *2 (E.D. La. Apr. 28, 2016) (citing cases); *Winding v. City of New Orleans*, No. 14-CV-2460, 2015 WL 222365, at *2 (E.D. La. Jan. 14, 2015) (citing *Watermeier v. Continental Oil Co.*, 818 F. Supp. 929, 931 (E.D. La. 1993)); *Moore v. Kmart Corp.*, 884 F. Supp. 217, 218 n.1 (E.D. La. 1995) (citing Wright & Miller, FED. PRAC. AND PROC.: Civil 2d § 1360).

[86] *See Winding*, 2015 WL 222365, at *2 (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

[87] *Boutte*, 2016 WL 1704595, at *2 (citing *Imbornone v. Tchefuncta Urgent Care, Inc.*, No. 11-CV-3195, 2012 WL 3440136, at *4 (E.D. La. Aug. 15, 2012)).

[88] *See, e.g.* LA. REV. STAT. § 51:1409(E); *Miller v. Conagra, Inc.*, No. 2008-0021 (La. 9/8/08); 991 So. 2d 445 (citing LA. REV. STAT. § 51:1409(E)).

[89] LA. CIV. CODE. art. 3492.

18

thus the date when his alleged injuries apparently began to be sustained.[90]   Plaintiff did not file

suit in Louisiana state court until April 17, 2019 -- more than one year *after* the injury was

allegedly sustained.[91]   On its face, therefore, plaintiff's LUTPA claim is prescribed and the

burden shifts to him to explain why such claim should not be dismissed.[92]   In the Petition,

plaintiff does not provide any explanation to demonstrate why his claim is timely -- there are no

arguments, for example, explaining why prescription was interrupted (if it could be

interrupted),[93] suspended, or tolled.   In view of his own allegations, plaintiff's LUTPA claim is

prescribed.

### 2.   Plaintiff's Unjust Enrichment Claim Is Time-Barred.

The applicable prescriptive periods governing plaintiff's remaining claims -- which

Lusco construes[94] as the equitable remedy of unjust enrichment[95] and breach of fiduciary duty

claims[96] -- depend on whether the nature of these claims are delictual or contractual.   "The

classic distinction between damages *ex contractu* and damages *ex delicto* is that the former flow

from the breach of a special obligation contractually assumed by the obligor, whereas the latter

flow from the violation of a general duty flow owed to all persons."[97]   Under Louisiana law,

---

[90] *See* Petition at pp. 3-4 (¶ 9).   Plaintiff fails to plead any other date in his Petition as the operative "injury" date.
For example, while plaintiff may assert that he was wrongfully terminated after December 18, 2017, he did not plead
the date of his alleged termination in his Petition.   Likewise, plaintiff did not plead any date upon which he was
purportedly denied access to corporate books and records.   Accordingly, the December 18, 2017 date appears to be
the operative date.

[91] *See id.* at p. 1.

[92] *See Boutte*, 2016 WL 1704595, at *2 (citing *Imbornone v. Tchefuncta Urgent Care, Inc.*, No. 11-CV-3195, 2012
WL 3440136, at *4 (E.D. La. Aug. 15, 2012)).

[93] Some Louisiana courts have held that a claim under LUTPA is peremptive (as opposed to prescriptive), meaning
it cannot be tolled.   *See, e.g. McDonald v. Orr Motors of Little Rock, Inc.*, No. 52,225 (La. App. 2 Cir. 9/26/18); 256
So. 3d 1132, 1136-37 (citing *Glod v. Baker*, No. 04-1483 (La. App. 3 Cir. 3/23/05); 899 So. 2d 642, *writ denied*, No.
05-1574 (La. 01/13/06); 920 So. 2d 238).

[94] As noted herein, plaintiff's Petition is impermissibly vague regarding his causes of action and allegations
underpinning them.   *See supra*, Parts IV.A and V.

[95] *See* Petition at p. 5 (noting claim for "unjust enrichment").

[96] *See* Petition at pp. 4-5 (asserting allegations relating to "breach[es]" of "fiduciary duties").

[97] *Gallant Investments, Ltd. v. Illinois Central Railroad Co.*, No. 2008-1404 (La. App. 1 Cir. 2/13/09); 7 So. 3d 12,
17 (citing *Thomas v. State Employees Group Benefits Program*, No. 05-0392 (La. App. 1 Cir. 3/24/06); 934 So. 2d
753, 757).

where the claim sounds in contract, or is a "personal action" within the meaning of Article 3499 of the Louisiana Civil Code, it is generally subject to a liberative prescriptive period of ten years.[98]  Where the claim sounds in tort, however, the prescriptive period is generally one year, running from the date the injury or damage is sustained.[99]

Here, plaintiff makes no allegations about a contractual relationship between the parties, including Lusco; indeed, as set forth above, all of plaintiff's allegations sound in tort.[100] Therefore, even if Gamble could properly plead an unjust enrichment claim (which he has not done),[101] it would be subject to a one-year prescriptive period governing delictual actions under Louisiana law.[102]  And, in light of the fact that plaintiff pleads December 18, 2017 as the latest date of relevance, but did not file suit until April of 2019, his claim would be prescribed.[103]

### 3.   Plaintiff's Breach of Fiduciary Duty Claim Is Stale.

Finally, Gamble's allegations relating to breach of fiduciary duty are also prescribed.  As an initial matter, as set forth above, plaintiff has not adequately pled a claim for breach of fiduciary duty and, as such, it is subject to dismissal.[104]  Further, while Louisiana has specific statutes governing prescriptive periods for certain types of breaches of fiduciary duty -- for example,  LA. REV. STAT. § 12:1502 and LA. REV. STAT. § 12:226(D) -- many of those do not apply to the facts in this case.[105]  Thus, based on the Petition, it appears Gamble's claims in this

---

[98] *Gallant Investments*, 7 So. 3d at 17 (citing LA. CIV. CODE art. 3499).

[99] *Id.* (citing LA. CIV. CODE art. 3492).

[100] *See* Petition at pp. 4-5 (¶¶ 10, 11, 13, 15).

[101] *See supra*, Part IV.A.3.

[102] LA. CIV. CODE art. 3492.

[103] *See Gallant Investments*, 7 So. 3d at 17-18 (finding that plaintiff's claims are delictual in nature and therefore, unjust enrichment claim was not subject to prescriptive period of ten years but was, instead, governed by one-year prescriptive period).

[104] *See supra*, Part IV.A.1.

[105] For instance, LA. REV. STAT. § 12:1502 provides for prescriptive periods for certain types of breaches of fiduciary duty against directors, officers, managers and members of corporate entities. *See* LA. REV. STAT. § 12:1502(A)-(E).  However, that statute does not apply here because it only applies to business organizations "formed under the laws of this state…"  LA. REV. STAT. § 12:1502(A).  Likewise, LA. REV. STAT. § 12:226(D)

20

regard are allegations of breaches of fiduciary duty in the absence of any contract or special prescriptive period. In such scenarios, as discussed above, prescription is determined by whether the plaintiff's claims are delictual -- such as violations of a "general duty" -- which are subject to a one-year prescriptive period, or whether the claims are contractual and/or deliberate, such as violations of a special obligation between the parties.[106] As noted above, plaintiff's Petition discloses no allegations of a "special relationship" between him and Lusco (indeed, as discussed above, none of the elements of a breach of fiduciary duty claims are expressly pled), nor does it disclose the existence of any contract between the parties (and hence, any contractual duties incumbent upon Lusco).[107] Instead, the Petition simply alleges that plaintiff performed work and was not compensated for it.[108] Because any purported breach of any unspecified duties would therefore be general in nature, plaintiff's claim is delictual, and thus, is subject to the one-year prescriptive period.[109] And, as discussed above, because plaintiff filed his Petition in April 2019 over one year after the date his of alleged injury (which he pleads began on December 18, 2017), it is time-barred and should be dismissed.

## V. ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT OF HIS CLAIMS AND ALLEGATIONS.

Pursuant to Federal Rule of Civil Procedure 12(e), a motion for a more definite statement may be filed when a petition or complaint is so vague or ambiguous that the party cannot

---

provides for prescriptive periods for breaches of fiduciary duty for *non-profit* corporations, which is not the case here.
[106] *See, e.g. Gerdes v. Estate of Cush*, 953 F.2d 201, 204-05 (5th Cir. 1992); *Jolley v. Welch*, 904 F.2d 988, 995 (5th Cir. 1990); *Young v. Adolph*, No. 02-67 (La. App. 5 Cir. 5/15/02); 821 So. 2d 101, 106 (citation omitted).
[107] *See supra*, Part IV.A.1.
[108] *See* Petition at pp. 3-5.
[109] *See Jolley*, 904 F.2d at 995 (finding district court erred in applying longer prescriptive period in breach of fiduciary duty case where plaintiff pled delictual and non-contractual violations); *Aetna Life & Cas. Co. v. Dotson*, 346 So. 2d 762, 763-65 (La. App. 1st Cir. 1977) (affirming district court's exception of prescription, holding that employee acts, including embezzlement, sounded in tort and thus were subject to one-year prescriptive period, not longer prescriptive period); *see also Dobbins v. Norris*, No. 2006-1500 (La. App. 1 Cir. 5/4/07); 2007 WL 1300853, at *3 (affirming dismissal based in part on prescription grounds and holding one year prescriptive period applied to breach of fiduciary duty claim where plaintiff's allegations sounded in negligence and were tort-based).

reasonably prepare a response.[110]   Courts in this District have found allegations to be impermissibly vague when defendants cannot discern which claims bear against them,[111] when they fail to set forth sufficient information to outline (a) the elements of the claim (or permit inferences to be drawn regarding those elements),[112] or (b) the grounds on which the claims rest.

As discussed above, plaintiff's allegations are a far cry from providing Lusco his constitutionally-required fair notice of the claims at issue and the grounds upon which they rest. As to plaintiff's claims under "partnership" law or "corporate" law, it is entirely unclear what partnership law or duty, or corporate law or duty, Gamble claims Lusco violated.   Those claims, for instance, could be grounded in tort-based breaches of fiduciary duty, or violations of some alleged partnership agreement, or perhaps some other breach of a provision of Louisiana partnership law.[113]   They could also be grounded in a violation of some corporate agreement, or perhaps a breach of a provision of the Louisiana Business Corporation Act.[114]   Plaintiff never says, impermissibly leaving defendants in the dark as to the substance of these claims.[115]

---

[110] *See* FED. RULE CIV. PROC. 12(e); *e.g., Coleman v. H.C. Price Co.*, 11-CV-2937, 2012 WL 1118775, at *6 (E.D. La. Apr. 3, 2012) (more definite statement required when petition "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.").

[111] *Id.* (explaining that each defendant "cannot discern what claims bear against it" and requiring the plaintiffs to "clarify whether they assert these allegations against all defendant or only the Oil Company Defendants"); *Collier v. Shell Offshore, Inc.*, 14-CV-2090, 2014 WL 6957865, at *3 (E.D. La. Dec. 4, 2014) (granting the motion for a more definite statement, in part, because the complaint did "not allege each of the defendants' roles in the accident"); *Arceneaux v. Blanchard Contractors*, 13-CV-4841, 2013 WL 5329898, at *3 (E.D. La. Sept. 20, 2013) (granting the defendant's motion for a more definite statement because the plaintiff failed to explain the "'who, what, when, where, why, and how' of each Defendant's wrongdoings, and how these alleged wrongdoings led to Plaintiff's injuries…").

[112] *See, e.g. Brandt v. Wal-Mart Louisiana, LLC*, No. 15-CV-5205, 2016 WL 1464050, at *2 (E.D. La. Apr. 14, 2016) (granting Rule 12(e) Motion); *Hudson v. Seisco International Ltd.*, No. 15-CV-836, 2016 WL 1464048, at *2 (E.D. La. Apr. 14, 2016) (same); *McNealy v. Becnel*, No. 14-CV-2181, 2015 WL 3466010, at *3 (E.D. La. May 29, 2015) (same); *see also Istre v. Louisiana Tank Specialties, LLC*, No. 14-CV-339, 2015 WL 1416048, at *1-2 (E.D. La. March 27, 2015) (same).

[113] *See* LA. CIV. CODE art. 2801 *et seq.* (Louisiana partnership provisions).

[114] *See* LA. REV. STAT. § 12:1-101 *et seq.* (Louisiana Business Corporation Act).

[115] Plaintiff's vague allegations are also on display in connection with his alternative assertion that he is permitted to "withdraw[]" from the defendant entities -- which one, he does not say -- on the "grounds of oppression." Petition at p. 5 (¶¶ 15-16).   Of course, plaintiff does not bother to cite or plead the elements of a claim for shareholder oppression, *see* LA. REV. STAT. §§12:1-1435 (Shareholder Oppression Statute requiring, among other things,

22

Even more vague are plaintiff's claims under LUTPA and unjust enrichment.  As noted above, plaintiff does not even bother to cite the applicable elements of a LUTPA claim, let alone attempt to apply any factual allegations to those elements.[116]  Gamble simply alleges "[t]he egregious acts described above also render the defendants liable [under LUTPA]."[117]  Such a conclusory statement, however, is insufficient for notice purposes -- which act, for example, is *Lusco* alleged to have undertaken that purportedly violated LUTPA?  And how does that act apply to the elements of such a claim?  At a minimum, plaintiff should be required to provide these details.[118]

Plaintiff's factual allegations are likewise deficient.  For example, plaintiff claims that Lusco and four other individuals (Messrs. Robertson, Traigle, Franks, and Hoffman), are "partners in Renaissance Group and are directors, officers, and shareholders in Renaissance Group, Inc. and Renaissance, Inc."[119]  However, as discussed above, there is no Louisiana partnership called "Renaissance Group," nor does plaintiff provide any support for his claim that "Renaissance Group, Inc." and/or "Renaissance, Inc." transact business in Louisiana.[120]  Indeed, plaintiff's allegations are contradicted by the only piece of corporate paperwork available -- reflecting that Renaissance, Inc. is a foreign corporation based in Liberia, with two owners, Pastor Robertson and Aaron George, the unnamed, indispensable party to this case.[121]  Courts in

---

improper control by the majority in a closely held corporation), nor does he make any effort to apply his factual allegations to those elements.

[116] *See supra*, Part IV.A.2.

[117] Petition at p. 5 (¶ 17) (alteration not in original).  Presumably, plaintiff means to refer Lusco to his claim that he was supposed to be made a "full-time partner" in the corporate enterprise and that he was not given his fair share in light of the work he purportedly undertook.  *See* Petition at pp. 3-4.

[118] The same concerns apply to plaintiff's claim for unjust enrichment.  For that claim, like his attempted claim under LUTPA, plaintiff does not even bother to cite to any elements required to be demonstrated for an unjust enrichment cause of action, let alone apply any of the facts to that claim.

[119] Petition at p. 3 (¶ 8).

[120] Petition at p. 1 (¶ 1(c) & ¶ 1(d)).

[121] *See* Exhibit 1; *supra*, Part II.

23

this District have found similar factual and legal assertions insufficient, granting Rule 12(e) motions,[122] including pleadings that contain conflicting theories,[123] like here.[124]

Finally, plaintiff has chosen to improperly utilize "group pleading" in his Petition -- that is, generally claiming that the "defendants" undertook some improper acts, without specifying, in this multi-party litigation, which defendant undertook which act.  For example, plaintiff claims that "*defendants* agreed to make plaintiff a full partner and equity owner in the defendant entities"; that "*[d]efendants* filed Articles of Incorporation in Liberia listing plaintiff as an equity owner"; that "*defendants* have taken actions to deprive plaintiff of his rights as a partner and/or shareholder in these entities"; and that, generally, the "*defendants*" are liable for a litany of alleged wrongful acts.[125]  The Fifth Circuit has rejected plaintiff's method of "group pleading,"[126] with district courts finding it improper because it fails to give the defendants fair notice of the claims and factual underpinnings upon which they rest.[127]

## VI.    CONCLUSION

Plaintiff's claims fall woefully short of meeting federal pleading standards.  As detailed above, Gamble fails to cite to *any* applicable legal basis upon which to foist any duties purportedly owed to him by Lusco; neglects to supply the essential elements of each of his alleged causes of action; and fails to apply even a modicum of facts -- other than mere conclusions -- undergirding his claims.  Facially, even construing the allegations in plaintiff's

---

[122] *See Brandt v. Wal-Mart Louisiana, LLC*, No. 15-CV-5205, 2016 WL 1464050, at *1-2 (E.D. La. Apr. 14, 2016) (finding conclusory allegations against Wal-Mart relating to storage and usage of a fork-lift in an accident to be insufficient, requiring more particularized pleading); *see also Hudson v. SEISCO Int'l Ltd.*, No. 15-CV-836, 2016 WL 1464048, at *1-2 (E.D. La. Apr. 14, 2016) (finding fraud counterclaim vague and ambiguous and granting motion for more definite statement).
[123] *See Istre v. Louisiana Tank Specialties*, No. 14-CV-339, 2015 WL 1416048, at *1-2 (E.D. La. Mar. 27, 2015).
[124] As noted above, for example, plaintiff attempts to bring claims under both Louisiana partnership law and Louisiana corporate law.
[125] Petition at pp. 3-5 (emphasis added).
[126] *See Owens v. Jastrow*, 789 F.3d 529, 537 (5th Cir. 2015) ("This court has rejected the group pleading doctrine.").
[127] *Cf. Body by Cook, Inc. v. State Farm Mutual Automobile Ins.*, No. 15-CV-2177, 2016 WL 4479507, at *2-3 (E.D. La. Aug. 25, 2016), *aff'd in part, rev'd in part and remanded*, 869 F.3d 381 (5th Cir. 2017).

favor, Gamble has failed to state a plausible claim for which relief can be granted.  Separately, other grounds support dismissal -- namely, Gamble's failure to include Aaron George, the indispensable partner in the entity at issue without whom adequate relief cannot be afforded, as well as the concept that, in all events, plaintiff's claims are prescribed.  Finally, in the alternative, plaintiff's Petition should be dismissed in favor of a more definite statement pursuant to Rule 12 (e) of the Federal Rules of Civil Procedure.

WHEREFORE, for the reasons stated above, defendant Charlie Lusco respectfully requests that this Court (a) grant his Motion to Dismiss under Rule 12(b) of the Federal Rules of Civil Procedure in its entirety and dismiss all of plaintiff's claims against him with prejudice; or, alternatively, (b) grant his Motion for a More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure, and require plaintiff to amend his vaguely-worded Petition; and (c) grant such additional relief as this Court deems proper.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

By:  _/s/ Matthew S. Chester_
     MATTHEW S. CHESTER (Bar No. 36411)
     COLLEEN C. JARROTT (Bar No. 30839)
     201 St. Charles Avenue, Suite 3600
     New Orleans, Louisiana 70170
     Telephone: (504) 566-5200
     Facsimile: (504) 636-4000
     mchester@bakerdonelson.com
     cjarrott@bakerdonelson.com

**COUNSEL FOR CHARLIE LUSCO**

4830-3647-3242
2943397-000004

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2019, a copy of the foregoing was filed electronically filed with the Clerk of Court using the CM/ECF system, which will automatically forward notification of such filing to all enrolled counsel of record, and on the following parties via email:

Jonas Robertson (*Pro Se*)
2521 Orbit Court
Harvey, LA 70058

ACCEPTING SERVICE ON
BEHALF OF JONAS ROBERTSON (INDIV.),
RENAISSANCE, INC., RENAISSANCE GROUP,
INC. AND RENAISSANCE GROUP

*/s/ Matthew S. Chester*
Matthew S. Chester