UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAMERON GAMBLE | * | CIVIL ACTION NO. 2:19-cv-10661 |
|     Plaintiff | * | |
| | * | |
| VERSUS | * | DISTRICT JUDGE WENDY B. VITTER |
| | * | |
| RENAISSANCE GROUP, ET AL | * | |
|     Defendants | * | MAG. JUDGE MICHAEL B. NORTH |

Memorandum in Support of Motion to Remand

# **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................... 1

II. ARGUMENT ......................................................................................................................2

    A. The Removal Is Improper Because of the Forum Defendant Exception to Removal Based on Diversity of Citizenship ............................................. 2

    B. Removal Is Improper Because All Served Defendants Have Failed to Properly Consent to Removal as Required By 28 U.S.C. § 1446(2)(A) ....... 4

III. CONCLUSION ................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**

*Assaf v. Trinity Medical Center*,
   696 F.3d 681 (7 Cir. 2012) ............................................................................................ 3

*Caterpillar Inc. v. Lewis*,
   519 U.S. 61 (1996) ........................................................................................................ 3

*DHLNH, LLC v. International Brotherhood of Teamsters*,
   319 F.Supp.3d 604 (D. Rhode Island, 2018 ................................................................. 3

*Harris v. Edward Hyman Company*,
   644 F.2d 943 (5 Cir. 1981) ............................................................................................ 5

*Hess v. Great Atlantic & Pac. Tea Co., Inc.*,
   520 F.Supp. 373 (N.D. Ill. 1981) ................................................................................... 5

*Polston v. Millennium Outdoors, LLC*,
   2017 WL 878230 (E.D. Kentucky 2017) .................................................................. 5, 7

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*,
   506 U.S. 194 1993) ....................................................................................................... 5

*Seguros Comerical America, S.A. de C.V. v. American*,
   934 F.Supp. 243 (S.D. Tex. 1966) ................................................................................ 5

*Sherman v. A.J. Pegno Constr. Corp.*,
   528 F.Supp.2d 320 (S.D. New York 2007) ................................................................... 5

*Swindell-Filiaggi v. CSX Corp.*,
   922 F.Supp.2d 514 (E.D. Penn. 2013) ........................................................................... 3

*Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen*,
   427 F.2d 325 (5 Cir. 1970) ............................................................................................ 5

**Statutes**

28 U.S.C. § 1332(a)1 ............................................................................................................. 1

28 U.S.C. § 1441(b)(2) ...................................................................................................... 2, 4

28 U.S.C. § 1446(b)(2)(a) .................................................................................................. 4, 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAMERON GAMBLE | * | CIVIL ACTION NO. 2:19-cv-10661 |
|    Plaintiff | * | |
| | * | |
| VERSUS | * | DISTRICT JUDGE WENDY B. VITTER |
| | * | |
| RENAISSANCE GROUP, ET AL | * | |
|    Defendants | * | MAG. JUDGE MICHAEL B. NORTH |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**
_____

MAY IT PLEASE THE COURT:

### I.  INTRODUCTION

This matter comes before the Court in the nature of a Motion to Remand filed by Cameron Gamble.  Cameron Gamble has brought suit for damages and to inspect Partnership/Corporate records.  Cameron Gamble has alleged that he has been wrongfully terminated from a partnership and corporations in which he held ownership interests and deprived of access to business records of these entities.  [Doc. 1-1, pgs. 1-9]

In his Petition for Damages, plaintiff sued eight defendants.  The Removal Petition was filed by Charlie Lusco.  [Doc. 1, pg. 1]  In his Removal Petition, Charlie Lusco alleges that the sole basis for Removal is Diversity of Citizenship pursuant to 28 U.S.C. § 1332(a)1.  [Doc. 1, pgs. 5-6]

In his Removal Petition, Lusco states that he and Jonas Robertson were served with the petition.  He also asserts that defendants, Renaissance Group; Renaissance Group, Inc.

1

and Renaissance, Inc. (collectively, the "Renaissance Entities") were served on Jonas Robertson as a purported corporate representative of the Renaissance Entities.

Consents to Removal were filed on behalf of Jonas Robertson and the three Renaissance Entities. [Doc. 1-2, pgs. 1-8] Jonas Robertson signed the Consent to Removal forms on behalf of Renaissance Group, Renaissance Group, Inc. and Renaissance, Inc. as "**Jonas Robertson, Individually**"). [Doc. 1-2, pgs. 1-2, 6-8]

In its Notice of Removal, defendant, Charlie Lusco alleges he is a resident of the State of Louisiana and that defendants, Jonas Robertson and Peter Traigle are residents of Louisiana. Therefore, it is undisputed that three of the named defendants (including the removing defendant) are residents of Louisiana.

Against this factual and legal background, Cameron Gamble submits that this action was wrongfully removed and should be remanded back to State Court.

## II.  ARGUMENT

**A.    The Removal Is Improper Because of the Forum Defendant Exception to Removal Based on Diversity of Citizenship**

There is an important exception to removal of cases based on Diversity Jurisdiction. The exception is known as the Forum Defendant exception and is found in 28 U.S.C. § 1441(b)(2) and reads as follows:

> "**(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

2

Cases construing this statutory forum defendant exception to removal based on diversity of Citizenship have dismissed cases where the removing defendant is a citizen of the State where the action is brought.  *See: **DHLNH, LLC v. International Brotherhood of Teamsters***, 319 F.Supp.3d 604 (D. Rhode Island, 2018; ***Swindell-Filiaggi v. CSX Corp.***, 922 F.Supp.2d 514 (E.D. Penn. 2013), ***Assaf v. Trinity Medical Center***, 696 F.3d 681 (7 Cir. 2012) and ***Caterpillar Inc. v. Lewis***, 519 U.S. 61 (1996).

The purpose of allowing removal to a non-resident defendant is to protect that defendant against the prejudices of local courts and local juries.  That rationale is no longer present when the defendant is a citizen of the State where the action is brought.  In speaking to the rationale for the rule prohibiting removal by a forum defendant, the court in ***DHLNH, LLC***, *supra.*, stated:

> "After all, "[o]ne of the principal purposes of diversity jurisdiction was to give a citizen of one state access to an unbiased court to protect him from parochialism if he was forced into litigation in another state in which he was a stranger and of which his opponent was a citizen." *Reimold v. Gokaslan*, 110 F.Supp.3d 641, 642 (D. Md. 2015) (quoting *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968)). The removal power, then, allows a "non-forum defendant ... to seek the protection of the federal court against any perceived local bias in the state court chosen by the plaintiff." *Gentile v. Biogen Idec, Inc.*, 934 F.Supp.2d 313, 319 (D. Mass. 2013). The prohibition on forum-defendant removal makes sense because, "when the defendant seeking removal is a citizen of the forum state," the "protection-from-bias rationale behind the removal power evaporates." *Id.*"

319 F. Supp. 3d 604 at 606

In this case, the removing defendant (Charlie Lusco) has stated in his Notice of Removal that he is a citizen of the State of Louisiana. He has also stated that two other defendants, Jonas Robertson and Peter Traigle, are also citizens of the State of Louisiana.

The law and facts are clear. The removal by Charlie Lusco is improper since he and other defendants are citizens of the State of Louisiana and therefore removal is improper pursuant to 28 U.S.C. § 1441(b)(2). For this reason, Cameron Gamble respectfully request that this Motion to Remand be granted.

**B.    Removal Is Improper Because All Served Defendants Have Failed to Properly Consent to Removal as Required By 28 U.S.C. § 1446(2)(A)**

In this case, defendants have filed four Consents to Removal. One of those is filed on behalf of Jonas Robertson. Consents to Removal were also filed on behalf of defendants, Renaissance Group, Renaissance Group, Inc. and Renaissance, Inc. Specifically, the Consents to Removal filed on behalf of the Renaissance Entities were signed by an individual and not an attorney. Specifically, the Consents to Removal were signed by "**Jonas Robertson, Individually**". [Doc. 1-2, pgs. 1-2 and pgs. 5-8] Plaintiff submits the Consents to Removal on behalf of the Renaissance Entities are invalid as a matter of law because these entities may only appear in Federal Court through an attorney and not an individual. Therefore, the "**rule of unanimity**" requirement of 28 U.S.C. § 1446(b)(2)(a) has not been satisfied.

The "**rule of unanimity**" requirement is set forth in 28 U.S.C. § 1446(b)(2)(a) and reads as follows:

4

> **"(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

Removal is procedurally deficient when a properly served defendant has not consented to removal. *See:* ***Sherman v. A.J. Pegno Constr. Corp.***, 528 F.Supp.2d 320 (S.D. New York 2007); ***Hess v. Great Atlantic & Pac. Tea Co., Inc.***, 520 F.Supp. 373 (N.D. Ill. 1981); ***Seguros Comerical America, S.A. de C.V. v. American,*** 934 F.Supp. 243 (S.D. Tex. 1966); ***Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen***, 427 F.2d 325 (5 Cir. 1970); and ***Harris v. Edward Hyman Company***, 644 F.2d 943 (5 Cir. 1981).

As previously stated, Removal Consents were filed on behalf of the Renaissance Entities and were not signed by an attorney. Rather, they were signed by "Jonas Robertson, Individually". [Doc. 1-2, pgs. 1-2 and pgs. 5-8] The record also reflects that the Renaissance Entities were all served before the Notice of Removal was filed. [Doc. 1-1, pgs. 11, 13 and 15]

The Consents to Removal of the Renaissance Entities, signed by Jonas Robertson, are invalid as a matter of law because they are not signed by an attorney as required by Federal law. *See:* ***Polston v. Millennium Outdoors, LLC***, 2017 WL 878230 (E.D. Kentucky 2017); and ***Rowland v. California Men's Colony, Unit II Men's Advisory Council***, 506 U.S. 194 (1993).

In ***Polston****, supra.* case, the issue was whether a removal consent signed by an individual (as opposed to an attorney) was valid. In finding that the Pro Se pleadings were invalid, the Court in ***Polston*** stated:

5

"In his Pro Se Letters and Answer, Mr. Edwards attempts to proceed on behalf of Outdoor. But this is something he cannot do.

Title 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

This right to appear *pro se* in federal court is of esteemed origin. *See Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 830 (1824) (Marshall, C.J.). However, the right applies to individuals, not to juridic persons. As the Supreme Court of the United States has recognized, § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). *See also Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("[A] corporation cannot appear in federal court except through an attorney."). This rule applies alike to limited liability companies. "Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms," "a limited liability company also may appear in federal court only through a licensed attorney." *Van Lokeren v. City of Grosse Pointe Park, Mich.*, No. 13-14291, 2014 WL 988965, at (E.D. Mich. Mar. 13, 2014) (quoting *Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d. Cir. 2007)). *See also United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008); *Dougherty v. Snyder*, 469 Fed.Appx. 71, 72, 2012 WL 942121, at (3d. Cir. 2012) (per curiam) (holding that a single-member limited liability company had to be represented by attorney both in context of litigation and on appeal); *Parris v. Herman*, 211 F.3d 1270, 2000 WL 571932 at (6th Cir. 2000) (corporations and partnerships must be represented in court by an attorney and may not be represented by an officer). As an officer of Outdoor—a limited liability company—Mr. Edwards cannot represent Outdoor's interests in federal court."

6

(2017 WL 878230, pgs. 3-4)  The court in ***Polston***, *supra.* found the removal consent to be invalid:

> "The issue then becomes whether a corporate entity can consent to removal if it does so through a non-attorney. It cannot.
>
> In *City of Cleveland v. Deutsche Bank Trust Co.*, a district court in the Sixth Circuit confronted this issue. Consistent with this Court's previous opinion, *City of Cleveland* noted that *Harper* "stands for the proposition that a party seeking to remove a case to federal court need do no more than obtain the consent of his fellow defendants and make a timely representation of that consent to the court." 571 F. Supp. 2d 807, 815 (N.D. Ohio 2008). Notably, however, the court continued, albeit in dicta: "The individual co-defendants are not required to do anything (other than to indicate their consent verbally to the removing defendant's lawyer and, **if the defendant is a corporation, do so through an attorney**)." *Id.* (emphasis added). From that, *City of Cleveland* reaffirmed corporate entity "cannot consent to removal through a non-lawyer representative," which in the court's view was "consonant with the axiom that a corporation cannot appear in federal court except through an attorney." *Id.* at 818. Courts to confront this issue have held the same. *See e.g., Commonwealth Advisors Inc. v. Wells Fargo Bank, Nat''l Ass'n*, No. 15–CV–7834, 2016 WL 3542462, at (S.D.N.Y. June 23, 2016) (collecting cases). Such a conclusion is logical. If a corporate entity cannot represent itself, then it cannot take actions to represent itself, such as consenting to removal, by itself."

2017 WL 878230, pg. 6

The law is clear.  A removal consent signed by an individual on behalf of a juridical person is invalid.  It is uncontested that the consent removals filed on behalf of the Renaissance entitles were signed by "**Jonas Robertson, Individually**". [Doc. 1-2, pgs. 1-2 and pgs. 5-8]  As such, these consent removals are invalid as a matter of law.

7

Since the consent removals signed individually on behalf of the Renaissance Entities are invalid as a rule of law, the "**rule of unanimity**" requirement of 28 U.S.C. § 1446(b)(2)(a) have not been complied with.  Since all of the served juridical defendants have not properly consented to removal, the removal is improper and this matter should therefore be remanded to State Court.

### III.  CONCLUSION

For the foregoing reasons, Cameron Gamble respectfully requests that this Motion to Remand be granted.

        RESPECTFULLY SUBMITTED:
        **MORROW, MORROW, RYAN, BASSETT & HAIK**

         /s/ James P. Ryan
        JAMES P. RYAN (#11560)
        P. CRAIG MORROW (#23536)
        Post Office Drawer 1787
        Opelousas, LA 70571-1787
        Telephone: (337) 948-4483
        Fax: (337) 942-5234
        craigm@mmrblaw.com
        jamesr@mmrblaw.com

        **ANDERSON, BOUTWELL, TRAYLOR**
        J. THOMAS ANDERSON (#2464)
        607 W. Morris Avenue
        Hammond, LA  70403
        Telephone:  (985) 796-2245
        tom@abjustice.com

        **EDWARDS & STEVENS**
        BRADLEY A. STEVENS (#30076)
        Post Office Box 974
        Amite, LA  70422
        Telephone:  (985) 747-1088
        Fax:  (985-747-1086
        brad@edwardsandstevens.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                                /s/ James P. Ryan