UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAMERON GAMBLE | * | CIVIL ACTION NO. 2:19-cv-10661 |
|    Plaintiff | * | |
| | * | |
| VERSUS | * | DISTRICT JUDGE WENDY B. VITTER |
| | * | |
| RENAISSANCE GROUP, ET AL | * | |
|    Defendants | * | MAG. JUDGE MICHAEL B. NORTH |

**MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE
DEFENDANT CHARLIE LUSCO'S MOTION TO DISMISS
PURSUANT TO RULE 12(B) OF THE FEDERAL RULES
OF CIVIL PROCEDURE OR, IN THE ALTERNATIVE, MOTION
FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E)
OF THE FEDERAL RULES OF CIVIL PROCEDURE [DOC. 12]**

MAY IT PLEASE THE COURT:

Defendant, Charlie Lusco has filed a Motion to Dismiss Pursuant to Rule 12(B) of The Federal Rules of Civil Procedure or, In the Alternative, Motion for More Definite Statement Pursuant to Rule 12(E) of The Federal Rules of Civil Procedure (hereinafter, "Motion to Dismiss") [Doc. 12]. This Motion has been set for submission by Defendant on July 16, 2019.

Plaintiff has filed a Motion to Remand [Doc. 13] on the basis that this case has been improperly removed. Plaintiff's Motion to Remand has been set for submission on July 16, 2019 along with a Request for Oral Argument [Doc. 14].

Plaintiff contends that the Court should first rule on Plaintiff's *Motion to Remand* before ruling on Defendant's Motion to Dismiss. The Court would then be allowed to rule

1

on the threshold issue of federal subject matter jurisdiction. Doing so will serve the interests of judicial economy.

Confronted with the same procedural posture as the present case (a pending motion to remand and motion to dismiss under Rule 12(b)(6)), this Court has previously held that the motion to remand should be adjudicated first.[1] In *Stickler,* this Court continued the hearing on the pending Motion to Dismiss until after a decision on Plaintiff's motion to remand was rendered, and first deciding the threshold issue of federal subject matter jurisdiction. This process makes good sense. Consequently, in the instant matter, this Court should determine whether jurisdiction exists by resolving Plaintiff's Motion to Remand prior to taking up Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

 /s/ James P. Ryan
JAMES P. RYAN (#11560)
P. CRAIG MORROW (#23536)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com

**ANDERSON, BOUTWELL, TRAYLOR**
J. THOMAS ANDERSON (#2464)
607 W. Morris Avenue
Hammond, LA  70403
Telephone:  (985) 796-2245
tom@abjustice.com

---

[1] *Sticker Synery Corp. v. Gwyn,* No. 14-2521, 2015 U.S. Dist. (E.D. La. July 6, 2015).

2

>**EDWARDS & STEVENS**
>BRADLEY A. STEVENS (#30076)
>Post Office Box 974
>Amite, LA  70422
>Telephone:  (985) 747-1088
>Fax:  (985-747-1086
>brad@edwardsandstevens.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

>_/s/ James P. Ryan_