UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAMERON GAMBLE | * | CIVIL ACTION NO. 2:19-cv-10661 |
| Plaintiff | * | |
| | * | |
| VERSUS | * | DISTRICT JUDGE WENDY B. VITTER |
| | * | |
| RENAISSANCE GROUP, ET AL | * | |
| Defendants | * | MAG. JUDGE MICHAEL B. NORTH |

---

**MEMORANDUM IN OPPOSITION OF CHARLIE LUSCO'S
MOTION TO DISMISS UNDER RULE 12(B) OF THE FEDERAL
RULES OF CIVIL PROCEDURE OR, IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT PURSUANT
TO RULE 12(E) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

**TABLE OF CONTENTS**

A.   PROCEDURAL HISTORY AND LEGAL
     STANDARD FOR MOTION TO DISMISS  ............................................1-4

     1.  Procedural History  ................................................................... 1

     2.  Legal Standard for Motion to Dismiss  ................................. 2-4

B.   DEFENDANT'S MOTION TO DISMISS IS PREMATURE
     AND SHOULD NOT BE CONSIDERED BY THIS COURT
     UNTIL A DECISION HAS BEEN REACHED ON PLAINTIFF'S
     PENDING MOTION TO REMAND ............................................................ 4

C.   SUMMARY AND EVIDENCE OF DEFENDANT,
     CHARLIE LUSCO'S FALSE ASSERTIONS TO
     THIS HONORABLE COURT .................................................................5-6

D.   CAMERON GAMBLE SUFFERED A DIRECT LOSS
     INDIVIDUALLY AS A SHAREHOLDER IN THE
     RENAISSANCE ENTITIES ...................................................................7-9

E.   CAMERON GAMBLE IS A PARTNER IN THE
     RENAISSANCE ENTITIES ................................................................. 9-10

F.   DEFENDANT IS LIABLE TO PLAINTIFF PURSUANT TO
     THE LOUISIANA UNFAIR TRACE PRACTICES ACT .................. 10-11

G.   PLAINTIFF IS NOT REQUIRED TO JOIN AARON GEORGE
     AS A REQUIRED PARTY PURSUANT TO FRCP 19 ...................... 12-14

H.    DISCOVERY PROPOUNDED BY PLAINTIFF ALSO
     PUTS DEFENDANTS ON SUFFICIENT NOTICE OF
     PENDING CLAIMS ................................................................................. 14

I.   PLAINTIFF'S CLAIMS ARE NOT BARRED
     BY PRESCRIPTION ........................................................................ 14-15

J.   PLAINTIFF IS ENTITLED TO RECOVER UNDER UNJUST
     ENRICHMENT ...................................................................................15-16

i

K.    IN THE ALTERNATIVE, PLAINTIFF SHOULD BE ALLOWED
      LEAVE OF COURT TO AMEND HIS COMPLAINT TO THE
      EXTENT THE COURT FINDS ANY OF HIS ALLEGATIONS
      INSUFFICIENT ..................................................................................16-17

L.    CONCLUSION ........................................................................................ 17

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*Ashcroft v. Iqbal*
    556 U.S. 662, 664 (2009) ............................................................. 2

*Aytrans BBC, LLC v. Equipment Rental & Contractors Corp.*
    2009 WL 857554, @ 2 (S.D. Ala. March 25, 2009) ..................................... 3

*Baker v. Putnal*
    75 F.3d 190, 196 (5th Cir. 1996) .................................................... 2

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ............................................................. 2, 3

*Bernard Optical Corp. v. Schoenberger*
    925 So.2d 604, 608 (La. App. 4 Cir. 2006) ........................................... 7

*Campbell v. Wells Fargo Bank*
    781 F.2d 440, 442 (5th Cir. 1986) ................................................... 3

*Computer Acceleration Corp. v. Microsoft Corp.*
    481 F. Supp. 2d 620, 626 (5th Cir. 2007) ........................................... 17

*Conley v. Gibson*
    355 U.S. 41 (1957) ................................................................. 2

*Dussouy v. Gulf Coast Investment Corp.*
    660 F.2d 594, 604 (5th Cir. 1981) ................................................... 3

*Eason v. Holt*
    73 F.3d 600, 601 (5th Cir. 1996) .................................................... 2

*Erickson v. Pardus*
    551 U.S. 89 (2007) ............................................................... 2, 3

*Guillory v. Broussard*
    194 So.3d 764 (2016) .............................................................. 11

*Hardy v. Easterling*
    113 So.3d 1178, 1187 ............................................................. 11

*Hirras v. National R.R. Passenger Corp.*
  10 F.3d 1142, 1144 (5th Cir. 1994) ............................................................... 2

*Johnson Const. Co. v. Shaffer*
  87 So.3d 203 (La. App. 2nd Cir. 2012) ....................................................... 11

*Junker v. Crory*
  650 F.2d 1349 (5th Cir. 1981) ....................................................................... 8

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*
  677 F.2d 1045, 1050 (5th Cir. 1982) ............................................................ 2

*Kolwe v. Civil and Structural Engineers, Inc*
  264 So.3d 1262 (3rd Cir. 2/21/19)............................................................. 8, 9

*Lawley Brooke Burns Trust v. RKR, Inc.*
  691 So.2d 1349, 1353 ..................................................................................... 7

*Lonestar Industries, Inc. v. Redwine*
  757 F.2d 1544, 1552 (5th Cir. 1985) .......................................................... 13

*Lormand v. U.S. Unwired, Inc.*
  565 F.3d 228, 232-233 (5th Cir. 2009).......................................................... 2

*Maloney Gaming Mgmt., LLC v. St. Tammany Par.*
  456 F. App'x 336, 340 (5th Cir. 2011).......................................................... 5

*McCann v. Texas City Refining, Inc.*
  984 F.2d 667, 674 (5th Cir. 1993) ................................................................. 2

*Minyard v. Curtis Products*
  205 So.2d 422, 433 (La. 1967) ..................................................................... 15

*Noe v. Roussel*
  310 So.2d 806 (La. 1975) ............................................................................... 8

*Paul Piazza & Son, Inc. v. Piazza*
  83 So.3d 1066, 1070 (La. App. 5th Cir. 2011).............................................. 7

*Provident Tradesmen Bank and Trust Company v. Patterson*
  390 U.S. 101, 109, 88 S.Ct. 733, 737 (1968) ............................................. 13

iv

*Scaffidi and Chette Entm't v. Univ. of New Orleans Found.*
   898 So.2d 491, 495 (La. App. 5th Cir. 2005) ............................................. 7, 8

*Scofield v. Daigle*
   999 So.2d 311 (2008) ..................................................................................... 7

*Sullivan v Leor Energy, LLC*
   600 F.3d 542 (5th Cir. 2010) ......................................................................... 5

*Sun Drilling Products Corp. v. Rayborn*
   798 So.2d 1141 (2001) ................................................................................... 7

*Tandhi v. Sonal Furniture and Custom Draperies, LLC*
   192 So.3d 783 .............................................................................................. 11

*Temple v. Synthes Corporation, Ltd.*
   111 S.Ct. 315, 112 L.Ed. 2d 263 (1991),
   498 U.S. 5 (1990) ....................................................................................... 12

*Thomson v. Allstate Ins. Co.*
   476 F.2d 746, 749 (5th Cir. 1973) ................................................................. 3

*Turner v. Purina Mills, Inc.*
   989 F.2d 1419 (5th Cir. 1993) ..................................................................... 11

*Tyler v. Rapid Cash, LLC*
   930 So.2d 1135 (La. App. 2nd Cir. 5/17/06) ............................................... 11

*Volentine v. Raeford Farms of Louisiana, LLC*
   201 So.3d 325 (2016) ................................................................................... 11

*Whalen v. Carter*
   954 F.2d 1087 (5th Cir. 1992) ..................................................................... 13

*Wilchombe v. Teetee Toons, Inc.*
   555 F.3d 949, 958 (11th Cir. 2009) ............................................................... 3

*Williams v. United Credit Plan of Chalmette, Inc.*
   526 F.2d 713 (5th Cir. 1976) ......................................................................... 3

*Wilson v. H.J. Wilson Co.*
   430 So.2d 1227 (La. Ct. App. 1st Cir. 1983) ................................................. 8

*Witchita and Affiliated Tribes of Oklahoma v. Hodel*
788 F.2d 765, 774 (1986) .............................................................. 13

**Statutes**

28 § U.S.C. 1441(b)(2) ............................................................... 4

28 § U.S.C. 1446(b)(2)(a) ........................................................... 4

La. Civil Code Art. 2809 ............................................................ 10

La. Civil Code Art. 2813 ............................................................ 9

La. R.S. 12:1-1435, et seq ......................................................... 8

La. R.S. 51:1405(A) ................................................................ 11

LSA-R.S. 12:91 ..................................................................... 7

**Authorities**

*8 La. Civ. L. Treatise, Business Organizations § 34.03 (2d ed. 2016)*.................... 8

Federal Rule of Civil Procedure 8 ........................................................ 2, 3

Federal Rule of Civil Procedure 19 ...................................................... 12, 13

Louisiana Business Corporation Act (LBCA), La. R.S. 12:1-101 – 1-1705........... 9

Louisiana Unfair Trade Practices Act (LUTPA) ........................................... 10, 11

*Mod. Bus. Corp. Act § 13.01, Official Comment (2) (Fair Value) (2010)*............... 9

Wright & Miller, Federal Practice and Procedure:
Civil, § 1357 at 598 (1969)............................................................. 2

**MEMORANDUM**

Now into Court comes Plaintiff, Cameron Gamble, who files his Memorandum in Opposition to Defendant, Charlie Lusco's (Lusco), Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or, in the Alternative, Motion for More Definite Statement Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, as follows:

### A.   PROCEDURAL  HISTORY  AND  LEGAL  STANDARD  FOR MOTION TO DISMISS

### 1.  Procedural History

On April 17, 2019, Plaintiff filed his Original Petition for Damages and to Inspect Partnership/Corporation Records, along with discovery to each defendant, including Lusco.

On May 23, 2019, Lusco filed a Notice of Removal, removing this case from the 21st District Court – Tangipahoa Parish, Louisiana, to this Court.  [Doc. 1]

On June 20, 2019, Lusco filed a Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or, in the Alternative, Motion for More Definite Statement Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  [Doc. 12]

On June 20, 2019, Plaintiff file a Motion to Remand.  [Doc. 13]

### 2.  Legal Standard for Motion to Dismiss

Federal jurisprudence has consistently held that a plaintiff must simply plead enough facts which state a claim for relief that is plausible on its face.  Additionally, a Court must accept all well-pleaded facts as true and must draw all reasonable inferences in

favor of the plaintiff.  See *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-233 (5th Cir. 2009); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996); *Erickson v. Pardus*, 551 U.S. 89 (2007).

"Dismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Eason v. Holt*, 73 F.3d 600, 601.  *See also Hirras v. National R.R. Passenger Corp.,* 10 F.3d 1142, 1144 (5th Cir. 1994), *vacated on other grounds*, 512 U.S. 1231, 114 S.Ct. 2732. In *McCann v. Texas City Refining, Inc.,* 984 F.2d 667, 674 (5th Cir. 1993), the Court stated*:* "The court should bend over backwards to avoid granting a 12(b)(6) Motion to Dismiss." "Thus, Rule 12(b)(6) motions are disfavored and rarely granted."  *McCann @ 667, 674. Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982)*, citing* Wright & Miller, Federal Practice and Procedure: Civil, § 1357 @ 598 (1969).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Court reaffirmed the "notice pleading" principle codified in Federal Rule of Civil Procedure 8, asserting that a complaint must offer more than a formulaic recitation of the elements of a cause of action. Three weeks after issuing *Twombly,* the Supreme Court put its decision in context with the ruling in *Erickson v. Pardus,* 551 U.S. 89 (2007).  Quoting *Twombly* and *Conley v. Gibson,* 355 U.S. 41 (1957), the Supreme Court in *Erickson* held:

> **"*Federal Rule of Civil Procedure 8(a)(2)* requires only "a short and plain statement of the claim showing that a pleader is entitled to relief."  Specific facts are not necessary; the statement need only "give the defendant fair notice of what the claim is and grounds upon which it rests."  *Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 555 (2007).  In addition, when ruling on a defendant's motion to dismiss, a judge must**

**accept as true all of the factual allegations in the complaint.** *Bell Atlantic Corp. Supra., @ 555-556.* (emphasis added)

*Twombly* neither eliminated nor marginalized the liberal pleading rules. See *Aytrans BBC, LLC v. Equipment Rental & Contractors Corp.,* 2009 WL 857554, @ 2 (S.D. Ala. March 25, 2009) and *Wilchombe v. Teetee Toons, Inc.,* 555 F.3d 949, 958 (11th Cir. 2009).

Contrary to what one might assume from reading defendant's Memorandum, Federal Rule of Civil Procedure 8 *does not require* plaintiff to prove his case at the pleading stage. See *Williams v. United Credit Plan of Chalmette, Inc.,* 526 F.2d 713 (5th Cir. 1976). In this case, plaintiff has gone above and beyond the pleading requirements set forth in Federal Rule 8(a), *Erickson* and *Twombly.*

Plaintiff is not required to plead evidence. In its Motion to Dismiss, defendants seem to make an "argument" that plaintiff should plead evidence or even to plead every single fact/detail upon which his claims are based. However, nothing of the sort is required under Federal Rule 8(a), *Twombly,* or *Erickson.* Plaintiff's Petition for Damages provides defendants with notice of what his claims are about. Plaintiff is *not required* to plead evidence, nor even all of the facts upon which his claim is based. See *Thomson v. Allstate Ins. Co.,* 476 F.2d 746, 749 (5th Cir. 1973).

Courts must liberally construe the complaint in favor of the plaintiff, taking all facts pleaded as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986), see also *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 604 (5th Cir. 1981).

For reasons discussed, Plaintiff respectfully requests that this Court apply the above legal standard and deny defendant's Motion to Dismiss.

**B.    DEFENDANT'S MOTION TO DISMISS IS PREMATURE AND SHOULD NOT BE CONSIDERED BY THIS COURT UNTIL A DECISION HAS BEEN REACHED ON PLAINTIFF'S PENDING MOTION TO REMAND**

This Honorable Court has not ruled on Plaintiff's Motion to Remand.  [Doc. 13] Plaintiff respectfully submits that it is premature for the Court to rule on a substantive motion while there is a Motion to Remand pending.

Plaintiff initially filed this action in the 21st Civil District Court of the Parish of Tangipahoa, State of Louisiana, on April 17, 2019.  Defendant, Lusco, filed a *Notice of Removal* on May 23, 2019.  On June 20, 2019, plaintiff timely filed a Motion to Remand on two legal grounds.

First, Plaintiff argues that Lusco's removal is improper due to the *Forum Defendant Exception* to removal based on diversity of citizenship.  *See 28 § U.S.C. 1441(b)(2).* Second, removal is *improper* because all served defendants have *failed* to properly consent to removal as required by *28 § U.S.C. 1446(b)(2)(a).*  This is also known as the *Rule of Unanimity* requirement.

Plaintiff submits that the Court should first rule on plaintiff's *Motion to Remand* before ruling on defendant's Rule 12(b)(6) and Rule 12(b)(7) Motion to Dismiss.  The Court would then be allowed to rule on the threshold issue of federal subject matter jurisdiction.  Doing so will serve the interests of judicial economy.

### C.     SUMMARY AND EVIDENCE OF DEFENDANT CHARLIE LUSCO'S FALSE ASSERTIONS TO THIS HONORABLE COURT

Defendant, Charlie Lusco, through his counsel have submitted blatantly false statements and assertions to this Court in his 12(b) Motion to Dismiss.  It is impossible to address each of Lusco's false statements stated in his brief because it would exceed the page limitations required by the Federal Rules.

The Court generally must not consider any information outside the pleadings in deciding the Motion to Dismiss.  *Sullivan v Leor Energy, LLC,* 600 F.3d 542 (5th Cir. 2010).  However, "a court may consider documents outside the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." *Maloney Gaming Mgmt., LLC v. St. Tammany Par.,* 456 F. App'x 336, 340 (5th Cir. 2011).

The following is a brief list of examples with supporting evidence detailing how Lusco has mislead this Court:

1.     Lusco states that he never entered into any corporate arrangement with Gamble *or* the Renaissance entities.  [Doc.12, pg 1]  This statement is false. Lusco admits that as of **January 8, 2018**, he was the 6th of 7 partners in Renaissance Group and all of their assets.  See **November 5, 2018** email from Charlie Lusco to Cameron Gamble attached as **"Exhibit 1"**;

2.     Lusco states he was never a partner or shareholder involving the Renaissance entities.  [Doc. 12, pgs. 2, 3]  This statement is false. See email dated October 26, 2018 from Bob Vaughn titled **Subject:   Ownership Spreadsheet** attached as **"Exhibit 2"**.  Cameron Gamble's ownership percentage is listed as 13.4285714%.  Charlie Lusco's percentage of ownership is also listed as 13.4285714%;

3.   Lusco states he was approached in **March, 2018** to provide "financial assistance and business guidance about the Liberian logging venture." [Doc. 12, pg. 4]   This statement is false.   By Lusco's own admission in the November 5, 2018 email (Exhibit 1) he admits that he was the 6th of 7 partners in Renaissance Group on **January 8, 2018**;

4.   Lusco failed to provide this Court with the Articles of Amendment to Articles of Incorporation of Renaissance, Inc.   The amended articles show Cameron Gamble as a principal shareholder.   See Articles of Amendment to Articles of Incorporation attached as **"Exhibit 3"**;

5.   Lusco incorrectly states that Cameron Gamble filed his State Court suit in the wrong venue.   This statement is false.   Attached as **"Exhibit 4"** is a document showing the Renaissance Group, Inc. having its headquarters located at 42235 Happywoods Road, Hammond, Louisiana.   Therefore, Cameron Gamble's State Court Petition for Damages filed in Tangipahoa Parish is the correct venue;

6.   Lusco has denied that Cameron Gamble's equity ownership interest ever existed and denies terminating Gamble's equity interest. [Doc. 12, pgs, 8-11]   This statement is false.   Attached as **"Exhibit 5"** is a "new" set of Articles of Incorporation of Renaissance, Inc. dated **February 18, 2019**. This document shows Charlie Lusco as a Renaissance shareholder with other named defendants.   However, Cameron Gamble's name has been wrongfully and unlawfully eliminated.   In fact, Cameron Gamble's shares were "reallocated" to the Renaissance shareholders which amounts to self-dealing among the defendants;

It is laughable that Lusco "vehemently denies" Gamble's assertion that he is a full equity partner/shareholder in the Renaissance entities.   It is disturbing that so many false assertions were submitted to this Court on Lusco's behalf which is directly contrary to the evidence in the case.   Clearly, there was a contractual relationship between Lusco, Gamble and the Renaissance entities.   It is both puzzling and amazing that Lusco denies Gamble's allegations set forth in the Petition for Damages.   It is clear that Lusco and other named defendants unlawfully took Gamble's equity ownership interest and disbursed his ownership percentage amongst themselves through the Renaissance entities.

6

### D.   CAMERON GAMBLE SUFFERED A DIRECT LOSS INDIVIDUALLY AS A SHAREHOLDER IN THE RENAISSANCE ENTITIES

"If the breach of fiduciary duty causes a direct loss to the shareholder or causes damage affecting the shareholder *personally,* a shareholder may have the right to pursue a claim *individually* for breach of fiduciary duty to the corporation under LSA-R.S. 12:91. However, in situations where the alleged loss to the individual shareholder is the same loss that would be suffered by other shareholders, the loss is considered to be indirect.  Where the shareholder, but not the corporation, suffers a loss, that loss is considered a *direct loss* to the shareholder, and the shareholder may have a right to sue individually.  See *Sun Drilling Products Corp. v. Rayborn,* 798 So.2d 1141 (2001)*, citing Lawley Brooke Burns Trust v. RKR, Inc.,* 691 So.2d 1349, 1353*.*

A shareholder has the right to sue officers and directors directly if breach of fiduciary duty causes *direct loss* to the shareholder.  "Corporate cases have held that a shareholder may have the right to sue the officers and directors *directly* if the breach of the fiduciary duty causes direct loss to the shareholder.*"  Scofield v. Daigle,* 999 So.2d 311 (2008).

Louisiana courts have followed the American Law Institute's test for distinguishing direct from derivative claims.  See *Bernard Optical Corp. v. Schoenberger,* 925 So.2d 604, 608 (La. App. 4 Cir. 2006).  "On the other hand, if the shareholder's injury is unique or special to the shareholder, the shareholder may be entitled to bring a direct action against the corporation."  See *Paul Piazza & Son, Inc. v. Piazza,* 83 So.3d 1066, 1070 (La. App. 5th Cir. 2011) and *Scaffidi and Chette Entm't v. Univ. of New Orleans Found.,* 898 So.2d

491, 495 (La. App. 5th Cir. 2005). *8 La. Civ. L. Treatise, Business Organizations § 34.03 (2d ed. 2016).*

A direct action is appropriate where the shareholder seeks to vindicate some right held by the shareholder *individually,* "such as a right to vote or to *protect against dilution of voting or financial rights,* to inspect books or records, to receive an individual dividend (that other shareholders received), or to recover for fraud in connection with the purchase or sale of his stock." *Id.* In *Wilson v. H.J. Wilson Co.,* for example, the plaintiff's claim for breach of fiduciary duty was *direct* where it was based upon a *fraudulent transfer* to the corporation's principal stockholder of shares belonging to the plaintiff. See 430 So.2d 1227 (La. Ct. App. 1st Cir. 1983). In the case of personal loss, the shareholder may sue individually to recover for his loss. *Junker v. Crory,* 650 F.2d 1349 (5th Cir. 1981); *Noe v. Roussel*, 310 So.2d 806 (La. 1975).

Accordingly, Cameron Gamble, in his capacity as either an equity partner or equity shareholder in the Renaissance entities, has a direct action for breach of fiduciary duty against Lusco and other named defendants for wrongfully and unlawfully seizing Gamble's interest and distributing it among themselves.

Louisiana law also recognizes shareholder oppression. "As the favored remedy in the oppression context, Louisiana affords a shareholder seeking to withdraw from a closely-held corporation on grounds of oppression the right to compel the company to purchase his or her ownership interest." See La. R.S. 12:1-1435, et seq. See *Kolwe v. Civil and Structural Engineers, Inc.,* 264 So.3d 1262, 1277 (3rd Cir. 2/21/19). Plaintiff submits that the actions of the defendants against him constitute shareholder oppression.

Plaintiff also seeks the fair value of the Renaissance entities pursuant to the Louisiana Business Corporation Act (LBCA), La. R.S. 12:1-101 – 1-1705.  The LBCA addresses the definition of fair value.  It states that the definition of fair value "is designed to adopt the more modern view that appraisals should generally award a shareholder his or her proportional interest in the corporation *after valuing the corporation as a whole rather than the value of the shareholder's shares when valued alone*."  See *Kolwe* @ 1278, citing *Mod. Bus. Corp. Act § 13.01, Official Comment (2) (Fair Value) (2010) (emphasis added)*.

### E.   CAMERON GAMBLE IS A PARTNER IN THE RENAISSANCE ENTITIES PARTNERSHIP

Cameron Gamble was a full equity partner in the Renaissance entities.  The evidence will show that on or about December 18, 2017, the Renaissance partners unanimously agreed to make Cameron Gamble a full partner.  The evidence will show that there was a conspiracy between Lusco and other named defendants to wrongfully and unlawfully terminate Gamble's ownership interest in the Renaissance entities.

Prior to filing suit, Plaintiff advised Lusco and other named defendants that he would like to exercise his right pursuant to La. Civil Code Art. 2813 to inspect the books and records of the Renaissance partnership.  La. Civil Code Art. 2813 states:

> **"A partner may inform himself of the business activities of the partnership and may consult its books and records, even if he has been excluded from management.  A contrary agreement is null.  He may not exercise his right in a manner that unduly interferes with the operations of the partnership or prevents other partners from exercising their rights in this regard."**

Plaintiff's request to inspect the books and records of the Renaissance entities was denied.  See letter sent to the Renaissance entities partners and email from Colleen Jarrott attached as **"Exhibit 6"**.

Plaintiff further alleged in his Petition for Damages that the Renaissance entities' partners (including Lusco) owed a fiduciary duty to Plaintiff.  La. Civil Code Art. 2809 states:

> **"A partner owes a fiduciary duty to the partnership and to his partners.  He may not conduct any activity, for himself or on behalf of a third person that is contrary to his fiduciary duty and its prejudicial to the partnership.  If he does so, he must account to the partnership and to his partners for the resulting profits."**

Clearly, the actions of Lusco and other named defendants of wrongfully seizing Plaintiff's equity ownership interest is contrary to the law.  A prime example is found in the "new" Articles of Incorporation of Renaissance, Inc. dated **February 11, 2019**.  This "new" Articles of Incorporation shows that Lusco and other named defendants unlawfully redistributed Plaintiff's ownership percentages among themselves.  This amounts to self-dealing between the named defendants.

**F.    DEFENDANT IS LIABLE TO PLAINTIFF PURSUANT TO THE LOUISIANA UNFAIR TRADE PRACTICES ACT**

Lusco and other named defendants acting individually and through the Renaissance entities committed multiple egregious acts that are in direct violation of the Louisiana Unfair Trade Practices Act (LUTPA).  LUTPA defines violations of its provisions as follows:

> **"A. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.  La. R.S. 51:1405 (A)."**

"Acts constituting unfair or deceptive trade practices are not specifically defined but are determined on a case-by-case basis."  See *Volentine v. Raeford Farms of Louisiana, LLC*, 201 So.3d 325 (2016), also citing *Tandhi v. Sonal Furniture and Custom Draperies, LLC,* 192 So.3d 783, writ denied; *Johnson Const. Co. v. Shaffer*, 87 So.3d 203 (La. App. 2nd Cir. 2012); *Tyler v. Rapid Cash, LLC*, 930 So.2d 1135 (La. App. 2nd Cir. 5/17/06).

The actions of Lusco and other named defendants of unlawfully redistributing Cameron Gamble's ownership interest in the Renaissance entities amounts to a bad faith and deceptive termination of Plaintiff's contractual ownership percentages.

The Louisiana Supreme Court addressed a plaintiff's cause of action under LUTPA. The Court stated:

> **"To sustain a cause of action under LUTPA, two things must be proved:  (1) an ascertainable loss was suffered; and (2) the loss must result from another's use of unfair methods of competition and unfair or deceptive acts or practices.  The statute does not provide an alternate remedy for simple breaches of contract.  There is a great deal of daylight between a breach of contract claim and the egregious behavior the statute prescribes."  See *Guillory v. Broussard*, 194 So.3d 764 (2016), also citing, *Hardy v. Easterling*, 113 So.3d 1178, 1187, citing *Turner v. Purina Mills, Inc.*, 989 F.2d 1419 (5th Cir. 1993).**

The evidence will show in this case that Lusco and other named defendants violated LUTPA by committing unfair business practices and deceptive acts causing Plaintiff the damages sued upon herein.

### G.   PLAINTIFF IS NOT REQUIRED TO JOIN AARON GEORGE AS A REQUIRED PARTY PURSUANT TO FRCP 19

Plaintiff submits that under well-established jurisprudence, the additional party, Aaron George, which defendant seeks to join, is not an "indispensable" party under Rule 19. In *Temple v. Synthes Corporation, Ltd.*, 111 S.Ct. 315, 112 L.Ed. 2d 263 (1991), 498 U.S. 5 (1990), the Supreme Court began its discussion by reaffirming the longstanding rule that it is not necessary that all joint tortfeasors be named as defendants in a single lawsuit. Plaintiff, Temple, had surgery to implant a spinal device manufactured by defendant, Synthes Corporation, and sometime after the surgery, the screws broke apart in his back. Temple sued Synthes in District Court in Louisiana and sued the doctor and the hospital in Louisiana State Court. Synthes moved to dismiss pursuant to Rule 19(b) for failure to join the doctor and the hospital associated with the procedure. The District Court ordered Temple to join these parties in the interest of judicial economy, but he refused. The District Court dismissed the action and the Fifth Circuit affirmed. In a brief per curiam opinion, the U. S. Supreme Court reversed.

The Court held that the doctor and hospital, as joint tortfeasors, were therefore not required parties. If a party is not necessary under Rule 19(a), there is no need to continue the joinder inquiry under Rule 19(b). Although the Court did not address the rest of Rule 19, the decision shows that there are some guidelines for determining whether an absentee is a required party. See *Temple* @ 5-8.

12

In *Provident Tradesmen Bank and Trust Company v. Patterson*, 390 U.S. 101, 109, 88 S.Ct. 733, 737 (1968), the Supreme Court interpreted Rule 19(b) and discussed the four factors that must be examined in each case to determine whether in equity and conscious the Court should permit the joinder.

The four factors enumerated in Rule 19(b) are factors, one or more of which, the Court can consider in determining whether a party is "indispensable". More particularly, the factors are: (1) to what extent a judgment rendered in the party's absence might be prejudicial to that party or others in the lawsuit; (2) the extent to which, by protective provisions in a judgment, by the shaping of relief, or other measures, any prejudice resulting from non-joinder can be lessened or avoided; (3) whether a judgment rendered in the non-joined party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the party or parties cannot be joined. As stated by the U.S. Fifth Circuit in *Whalen v. Carter*, 954 F.2d 1087 (5th Cir. 1992), "these factors are *not* rigid tests, but rather a guide to overarching 'equity and good conscious' determination." See *Whalen v. Carter* @ 1096, also citing *Witchita and Affiliated Tribes of Oklahoma v. Hodel*, 788 F.2d 765, 774 (1986) and *Lonestar Industries, Inc. v. Redwine*, 757 F.2d 1544, 1552 (5th Cir. 1985). Looking at the individual factors listed in Rule 19(b) it is clear that when applied to the facts herein, each of the relevant factors support Plaintiff's opposition to joinder of Aaron George because he is not a required party in this action.

In summary, no prejudice will exist to Lusco or the non-joined party, Aaron George. Lusco is not prejudiced by Aaron George's absence because he has the same set of rights against the Renaissance entities and their partners and/or shareholders whether they are

parties to this suit or not.  Lusco is not prejudiced because Plaintiff's claim against him can be fully resolved without joinder of Aaron George.  Finally, Aaron George is not prejudiced by his absence in this matter.

### H.   DISCOVERY PROPOUNDED BY PLAINTIFF ALSO PUTS DEFENDANTS ON SUFFICIENT NOTICE OF PENDING CLAIMS

Defendant, Charlie Lusco, conveniently fails to disclose to the Court that he was served with Interrogatories and Request for Production of Documents filed with plaintiff's Petition for Damages.  In fact, this discovery is in the Court's record attached to defendant's Notice of Removal. [Doc. 3, pgs. 88-105].  The specific discovery requests also provide Lusco with ample information as to the nature of Plaintiff's claims.

### I.   PLAINTIFF'S CLAIMS ARE NOT BARRED BY PRESCRIPTION

Defendant's arguments on prescription incorrectly state Louisiana law and ignore established jurisprudence that runs contrary to their contentions.  Plaintiff's claims have not prescribed under the applicable Louisiana law.  Further, at a minimum, defendant's motion is premature, as prescription in a situation such as that before this Court is a factual determination that mandates a completion of discovery.  The evidence in this case will show that Cameron Gamble was made a full equity partner in the Renaissance entities on or about December 18, 2017.  See email from Richard Hoffman attached as **"Exhibit 7"**.

Additionally, on January 4, 2018, an email was sent from Peter Traigle to Richard Hoffman and Jonas Robertson admitting that Cameron Gamble has become a participating partner in the Renaissance entities.  The email states that Cameron Gamble has become the

14

7th of 7 partners in the Renaissance entities in exchange for setting up, overseeing, managing and running the timber operations in Liberia.  Finally, the email states that Cameron Gamble will share equally in disbursements of profits and will have an equal say in all decisions.  See email from Peter Traigle attached as **"Exhibit 8"**.

Further evidence showing that Cameron Gamble's claims have not prescribed as alleged by the defendants can be found in an email exchange between defendant, Charlie Lusco, and Cameron Gamble.  The email is dated **November 5, 2018** in which Lusco states "I have a document dated January 8, 2018 stating that I was the 6th of 7 partners in Renaissance Group and all of their assets."  Suit was filed in this matter on **April 17, 2019**. By Lusco's own admission in the email, it is clear that Cameron Gamble was still performing his job duties on behalf of the Renaissance entities in November, 2018.  This is well within the range of the one year period of prescription that defendants have falsely asserted are prescribed.  Therefore, the evidence will show that Cameron Gamble's lawsuit was filed well within the one year prescriptive period.

**J.    PLAINTIFF IS ENTITLED TO RECOVER
         UNDER UNJUST ENRICHMENT**

There are 5 elements that must be satisfied for a claim of unjust enrichment to succeed in Louisiana.  Plaintiff must prove that:  (1) the defendants have been enriched; (2) the plaintiff has been impoverished; (3) there is a causal connection between the enrichment and the impoverishment; (4) the enrichment and impoverishment are without lawful cause and (5) there is no other remedy available to Plaintiff.  See *Minyard v. Curtis Products*, 205 So.2d 422, 433 (La. 1967).  In the unlikely event that the jury finds no

shareholder agreement or partnership existed, then Plaintiff would be entitled for damages pursuant to unjust enrichment.  Plaintiff will prove that defendants materially benefitted from the acts that give rise to Plaintiff's cause of action.  In this case, Plaintiff will prove that defendants were enriched when they unlawfully seized and redistributed Plaintiff's equity ownership interest in the Renaissance entities.   The evidence will show that defendants were enriched due to their oppressive actions against Plaintiff.  The evidence will show that Plaintiff will prove the defendants were enriched at the expense of Plaintiff. Defendants' actions of filing "new" Articles of Incorporation for Renaissance, Inc. were done to impoverish the Plaintiff in this matter.  If the jury finds that there was any absence of a contract between Plaintiff and defendants, then Plaintiff is entitled to the remedy of unjust enrichment.  Lusco has denied the existence of any contractual agreements with Plaintiff and the Renaissance entities.  If the jury finds no contractual relationship between Plaintiff and defendants (Plaintiff specifically denies this), then the legal remedy of unjust enrichment is triggered because it moves from being a subsidiary cause of action to a primary cause of action.  Plaintiff has alleged facts sufficient to prove his claim of unjust enrichment at the early stage of this litigation.

### K.   IN THE ALTERNATIVE, PLAINTIFF SHOULD BE ALLOWED LEAVE OF COURT TO AMEND HIS COMPLAINT TO THE EXTENT THE COURT FIND ANY OF HIS ALLEGATIONS INSUFFICIENT

As previously stated, plaintiff's Petition for Damages was timely filed in accordance with the Louisiana Code of Civil Procedure on April 17, 2019.  In the event that the Court finds any of Plaintiff's allegations insufficient or lacking, the Court should grant Plaintiff

leave to amend Plaintiff's Petition for Damages to correct any perceived deficiencies. In the Fifth Circuit, a Court may not deny a Motion for Leave to Amend "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 626 (5th Cir. 2007). Any amendment would not prejudice defendants in any way, given the early stage of the litigation and the fact that discovery has yet to begin and defendants have yet to even file an Answer. Of course, all of the above will be deemed as moot should the Court grant Plaintiff's Motion to Remand in this matter.

### L. CONCLUSION

For reasons discussed, Plaintiff, Cameron Gamble, respectfully requests that Defendant Charlie Lusco's Rule 12(b) Motion to Dismiss and Rule 12(e) Motion for More Definite Statement be denied.

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

  /s/ P. Craig Morrow
P. CRAIG MORROW (#23536)
JAMES P. RYAN (#11560)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com
jamesr@mmrblaw.com

**J. THOMAS ANDERSON** (#2464)
P. O. Box 1701
Hammond, LA  70403
Telephone:  (985) 969-7777
tom@abjustice.com

**EDWARDS & STEVENS**
BRADLEY A. STEVENS (#30076)
Post Office Box 974
Amite, LA  70422
Telephone:  (985) 747-1088
Fax:  (985-747-1086
brad@edwardsandstevens.com

**Attorneys for Cameron Gamble**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ P. Craig Morrow