UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAMERON GAMBLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10661** |
| **RENAISSANCE GROUP, ET AL.** | **SECTION D (5)** |

## ORDER

Before the Court is Plaintiff Cameron Gamble's Motion to Remand.[1] Defendant Charlie Lusco has filed an Opposition,[2] and Gamble has filed a Reply.[3] Because complete diversity does not exist, the Court grants the Motion to Remand and remands this matter to state court.

### I. FACTUAL BACKGROUND

This case arises from a partnership dispute. The state court Petition includes the following factual allegations. Plaintiff Cameron Gamble alleges that in autumn of 2017, he began working with Charlie Lusco, Jonas Robertson, Peter Traigle, Lane Franks, Richard Hoffman, as well as their companies, Renaissance Group, Renaissance Group, Inc., and Renaissance Inc. (collectively, "Defendants") on a security assessment regarding mining concessions in Liberia.[4] Lusco, Robertson, Traigle, Franks, and Hoffman were partners in Renaissance Group, Renaissance

---

[1] R. Doc. 13.
[2] R. Doc. 26.
[3] R. Doc. 48.
[4] R. Doc. 1-1 at 2 ¶ 33.

Group, Inc., and Renaissance Inc.[5] Because Defendants were pleased with Gamble's work, they asked him to find buyers for timber concessions in Liberia.[6] The parties continued to work together, and in December 2017 Gamble suggested that he be made a partner with a full ownership-interest in the Defendant entities in exchange for being Director of Operations in Liberia.[7] According to Gamble, Defendants agreed to make him an equity owner in the Defendant entities, and in exchange he engaged in profitable work in Liberia for the Defendant entities.[8] Gamble alleges that after generating profits for the Defendant entities and their owners, Defendants informed Gamble he was not a partner in the Defendant entities and denied that a partnership ever existed.[9] Plaintiff also alleges that Defendants have refused to provide partnership and corporate records to Plaintiff.[10]

Plaintiff filed suit in the Twenty-First Judicial District Court for the Parish of Tangipahoa.[11] In his state-court petition, Gamble alleges that Defendants have violated Louisiana partnership laws, Louisiana corporations law, the Louisiana Unfair Trade Practices Act, and that they have been unjustly enriched.[12] Plaintiff, a resident of North Carolina[13] served Lusco and Robertson, both Louisiana citizens.[14] Lusco then removed this matter to federal court, alleging that jurisdiction existed

---

[5] *Id.* at 3 ¶ 8.
[6] *Id.* at 2 ¶ 4.
[7] *Id.* at 3 ¶ 7.
[8] *Id.* at 3-4 ¶ 9.
[9] *Id.* at 4 ¶ 10.
[10] *Id.* at 4 ¶ 10.
[11] *See generally* R. Doc. 1-1.
[12] *See id.* at 4-6 ¶¶ 11-19.
[13] *See* R. Doc. 1-1 at 1 ¶ 1(a).
[14] *See* R. Doc. 1 at 2 ¶ 3.

because there was complete diversity between the parties.[15] Gamble moved to remand the matter to state court, arguing that Lusco could not remove this matter to federal court under the forum defendant exception, which states that a defendant may not remove a matter to federal court when the removing defendant is a citizen of the state where the action was brought.[16] Gamble also argues that Defendants have failed to properly consent to removal. Lusco filed an Opposition, arguing that the forum defendant exception does not apply because Lusco is improperly joined.[17] Lusco further aruges that all consents to removal were proper. Gamble filed a Reply, contending that he has stated a valid claim against Lusco and therefore he is properly joined.[18]

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[19] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[20] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[21] The removing party has the burden of proving federal diversity

---

[15] *See generally id.*
[16] R. Doc. 13.
[17] R. Doc. 26.
[18] R. Doc. 48.
[19] 28 U.S.C. § 1441(a).
[20] 28 U.S.C. § 1332(a)-(a)(1). There is no dispute that the amount in controversy requirement is satisfied in this case.
[21] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

jurisdiction.[22] Remand is proper if at any time the court lacks subject matter jurisdiction.[23]

An important exception exists to the general rule of removal on the grounds of diversity: the forum defendant rule. This exception is codified in 28 U.S.C. § 1441(b)(2), which states that: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is being brought."[24] In other words, even if complete diversity exists, an action that is brought in a state where a defendant who is properly joined resides may not be removed to federal court.

Here, a defendant who was a resident of the state of Louisiana argues that he was improperly joined. A defendant can establish improper joinder by demonstrating either "(1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[25] When a defendant alleges improper joinder under the second element, the Court considers "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[26] "In analyzing

---

[22] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[23] *See* 28 U.S.C. § 1447(c).
[24] 28 U.S.C. § 1441(b)(2).
[25] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).
[26] *Id.* at 573.

whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'"[27] When conducting this inquiry, if a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder," the Court may "pierce the pleadings and conduct a summary inquiry."[28] Importantly, the Court should resolve all "contested issues of fact" and all "ambiguities of state law" in favor of the party opposing removal.[29]

## III. ANALYSIS

Defendant Charlie Lusco argues that because he was improperly joined, he is not subject to the forum defendant rule, and therefore may remove this action to federal court.[30] Lusco does not allege actual fraud; instead, he argues that the Plaintiff has not alleged sufficient facts to support any claim against Lusco. Lusco cites two cases, *White v. Slaughter*,[31] and *Smith v Union Carbide*,[32] for the proposition that, where a plaintiff fails to state a claim against a forum defendant, the citizenship

---

[27] *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 69 (5th Cir. 2010) (quoting *Smallwood*, 385 F.3d at 573).
[28] *Smallwood*, 385 F.3d at 573.
[29] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)
[30] The Court notes that it is unsettled whether improper joinder doctrine applies to the forum defendant rule. *See Butler v. ENSCO Intercontinental GmbH*, No. 16-578, 2017 WL 496073, at *6-7 (S.D. Tex. Feb. 7, 2017) (discussing this unsettled area of law and collecting cases taking different positions on this issue). The Court notes that because it must construe all ambiguities of law in favor of the party seeking remand, this is an independent basis for remand. But here, because the parties assume that the improper-joinder rule applies, and because the Court finds Gamble has a proper claim against the in-state Defendants, the Court similarly assumes that improper-joinder analysis is proper and proceeds to analyze whether the in-state Defendants are properly joined.
[31] No. 17-cv-1022, 2017 WL 6507699 (W.D. La. Nov. 15, 2017).
[32] No. 13-cv-6323, 2013 WL 6244199 (E.D. La. Dec. 3, 2013).

of that defendant should be disregarded for purposes of federal court jurisdiction. The Court agrees with that statement. However, a further reading of each of those cases reflects that each judge also noted the prevailing law that the party seeking removal bears a "heavy burden" of proving improper joinder.[33] The court in *White* further noted "the court must determine whether removing defendants have demonstrated that plaintiff has 'no possibility of recovery' against the non-diverse defendants, *i.e.* that there is 'no reasonable basis' for the district court to predict that plaintiff might recover against them."[34] The Court therefore need only resolve a narrow issue in analyzing Plaintiff's Motion to Remand: Does Gamble have any "reasonable possibility of recovery" against Defendants Lusco or Robertson? Here, Gamble does.

Gamble's state-court Petition alleges a violation of Louisiana partnership laws, Louisiana corporations law, LUTPA, and unfair enrichment. Although he pleads four claims, Gamble need only adequately state one cause of action against a properly-joined in-state Defendant to succeed on his Motion to Remand. Gamble's cause of action for violation of Louisiana partnership law is best viewed an action for a violation of fiduciary duty. In a partnership, partners have an "obligation of the utmost good faith and fairness in their dealings with one another with respect to partnership affairs."[35] As Lusco acknowledges, in the partnership context the elements of a breach of fiduciary duty are (1) a breach by a fiduciary of an obligation to another; (2) a knowing collusion or

---

[33] *Smith*, 2013 WL 6244199, at *4.
[34] *White*, 2017 WL 6507699 at *3.
[35] *W.A. McMichael Const. Co. v. D&W Properties, Inc.*, 356 So. 2d 1115, 1122 (La. App. 2 Cir. 1978).

participation in the breach by the fiduciary; and (3) damages suffered by another a result of the breach.[36] The cause of action also requires "proof of fraud, breach of trust or action outside the limits of the fiduciary's authority."[37]

The Court has conducted a Rule 12(b)(6)-type analysis, looking initially at the allegations of the state-court Petition, to determine whether the complaint states a claim under state law against either in-state Defendant. Here, the state-court Petition states:

- Defendants Charlie Lusco, Jonas Robertson, Peter Traigle, Lane Franks and Richard Hoffman, are partners in Renaissance Group and are directors, officers and shareholders in Renaissance group, Inc. and Renaissance, Inc.[38]

- On December 18,2017, Defendants agreed to make plaintiff a full partner and equity owner in the Defendant entities. Defendants filed Articles of Incorporation in Liberia listing Plaintiff as an equity partner.[39]

- Plaintiff undertook efforts to make Defendants' operations in Liberia both profitable and successful.[40]

- Since fulfilling his commitment to become an equity owner in Defendants' entities, Defendants have taken actions to deprive Plaintiff of his rights as a partner and/or shareholder in these entities. Defendants have informed Plaintiff that he is not a partner and/or shareholder in any of the Defendant

---

[36] *Brockman v. Salt Lake Farm Partnership*, 768 So. 3d 836, 844 (La. App. 2 Cir. 2000).
[37] *Id.*
[38] R. Doc. 1-1 at 3 ¶ 8.
[39] *Id.* at 3 ¶ 9.
[40] *Id.*

entities. Defendants have refused to provide partnership records and corporate records to plaintiff. Defendants have denied that a partnership ever existed despite documents exchanged by the parties to the contrary.[41]

- Defendants wrongfully terminated Plaintiff's ownership interest in the partnership and re-allocated Plaintiff's ownership interest to themselves.[42]

- Defendants breached their fiduciary duties by failing to act fairly and in utmost good faith in their dealings with Plaintiff, including attempting to shutout Plaintiff from the Renaissance business operations.

- Defendants wrongfully denied the existence of a partnership and failed to permit Plaintiff to inspect the partnership books and records of the partnership.[43]

- Defendants wrongfully terminated Plaintiff's employment.[44]

- Defendants refused to pay the Plaintiff's proportionate share of corporate profits.[45]

In his Opposition, Lusco contends that Gamble does not include sufficient legal citations or factual matter to support his claims.

The Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief."[46] And although "naked

---

[41] *Id.* at 4 ¶10.
[42] *Id.* at 4 ¶11.
[43] *Id.* at 4 ¶11.
[44] *Id.* at 5 ¶13.
[45] *Id.*
[46] Fed. R. Civ. P. 8(a)(2). *See also Conti 11. Container Schiffahrts-GmbH & Co. KG M.S. MSC Flaminia v. New Orleans Terminal, LLC*, No. 15-3704, 2016 WL 409610, at *6 (E.D. La. Feb. 3, 2016) (finding that "Plaintiffs' failure to provide legal citations is not fatal to their claims").

assertions devoid of further factual enhancement" are not sufficient, Rule 8 does not require "detailed factual allegations."[47] In explaining the "low bar" threshold pleading requirements of the Federal Rules, the Court of Appeals for the Fifth Circuit has held, "The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision."[48] Here, Gamble's allegations, though not extensive, "nudge[ his] claims across the line from conceivable to plausible"[49] and thus it cannot be said that he has "no reasonable possibility of recovery" against in-state Defendant Lusco. Lusco is therefore properly joined.

The Court also notes that Defendant Jonas Robertson is also a properly-joined in-state Defendant whose presence in this suit would prevent removal under the forum defendant rule.[50] Robertson did not join Lusco's Opposition to the Motion to Remand, nor was he a party to the Motion to Dismiss filed by Lusco and referenced by him in the Motion to Remand, though he later joined that Motion after briefing was closed.[51] For the same reasons the Court finds that Lusco is properly joined in this suit, the Court finds that Robertson is also properly joined. His presence in this suit therefore similarly prevents removal and is a basis for granting the Motion to Remand.

---

[47] *Iqbal v. Ashcroft,* 556 U.S. at 678 (2009) (quoting *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544, 555-57 (2007)).
[48] *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 F. App'x 710, 713 (5th Cir. 2008).
[49] *Twombly*, 550 U.S. at 570.
[50] *See* 28 U.S.C. § 1441(b)(2) (stating that an action cannot be removed if "*any of the parties in interest* properly joined and served as defendants is a citizen of the State in which such action is being brought") (emphasis added).
[51] R. Doc. 38.

Having found that remand is appropriate on the basis of the forum defendant rule, the Court does not reach Plaintiff's remaining argument for remand on the ground that not all Defendants properly consented to removal.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. **IT IS FURTHER ORDERED** that the remaining Motions pending before this Court are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[52]

New Orleans, Louisiana, September 24, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[52] R. Doc. 12; R. Doc. 32; R. Doc. 38; R. Doc. 49; R. Doc. 78; R. Doc. 79.